File Date: _Feb 29, 2008_____

Case No: _07cv 6658_____

ATTACHMENT # _2_____

EXHIBIT _G to N_____

TAB (DESCRIPTION) _____

IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS

JERRI ROBBIN LINDSEY,           )
    Petitioner,             )
                     )
                     )
                     )
      vs.                       )      CASE NO.  92-CR-25135
                     )
                     )
PEOPLE OF THE STATE OF ILLINOIS, )
    Respondent.             )

**FILED**
MAR 27 1998
AURELIA PU......
CLERK OF CIRCUIT COURT

## PRO SE PETITION FOR POST-CONVICTION RELIEF

**NOW COMES** Jerri Robbin Lindsey, Petitioner, pro se, and petitions this Honorable Court to grant her relief under the Post-Conviction Hearing Act. [725 ILCS 5/122-1 (1992)]. In support of this petition, Petitioner states:

1.) She was convicted of the offenses of First Degree Murder and Armed Robbery after a bench trial before the Honorable Shelvin Singer and was sentenced to 45 years on March 27, 1995.

2.) She appealed her conviction to the Appellate Court of Illinois and that Court affirmed her conviction on July 25, 1997. (APPELLATE NO. 95-1535).

3.) She did petition the Supreme Court of Illinois to take her case and her petition for Leave to Appeal was denied on December 3, 1997.

4.) This petition was mailed to the clerk of the circuit court within the time framed enumerated under 725 ILCS 5/122-1.

5.) Petitioner's constitutional rights were violated as follows:

EXHIBIT G

**A.   PETITIONER, JERRI ROBBIN LINDSEY, WAS DENIED HER RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, §2 OF THE ILLINOIS CONSTITUTION IN THAT EVIDENCE FAILED TO ESTABLISH BEYOND ALL REASONABLE DOUBT IDENTITY OF PETITIONER AS ALLEGED PERPETRATOR OF THIS CRIME.**

Petitioner Jerri Robbin Lindsey was alleged to have shared a cab with witnesses, John Eiselt and June Hess. This cab was driven by Rudolph Bennett, the victim, on October 9, 1992. Eiselt and Hess claim that when they were picked up by cab, a woman was seated in the back seat, and this woman moved to the front seat to accomdate Eiselt and Hess. Communications between Eiselt, Hess, and this woman were very minimal. Eiselt and Hess claim they heard this woman indicate that she had to get to O' Hare Airport by 4:30 p.m. The cab drove Eiselt and Hess to a nearby hotel, Red Roof Inn and dropped them off. They were picked up from the Empress Casino in Joliet, Illinois and therefore, were dropped off at the Red Roof Inn near to there. Because the three passengers did not actively engage in conversations, the woman, who was sitting in the front seat, would not have had a reason to turn around and face Eiselt and Hess in the backseat, which would have shown her facial features to these two other passengers. According to Eiselt and Hess however, who were inquiring about a train schedule for the Metra train, the woman in the front seat told Eiselt and Hess that she often used the Metra train and handed the elderly couple a schedule. If this woman turned around to hand the elderly couple this schedule, her facial features would have been seen and without a doubt, if the woman was Jerri Robbin Lindsey, the black mole and nose ring would have been features that Eiselt and Hess would surely remember and include in their description of this alleged suspect. Therefore, Eiselt and Hess only truly recall that this other woman, in the front seat, had a ball cap on and that her hair was combed to the left side of her head. So to ascertain that fact concerning the hair, the woman's hair must have been long

enough to actually comb to the left side.

Petitioner states this to indicate that at the time of this alleged crime, her hair was not visible for it was short around all sides and therefore,could not have been visible from under a hat, combed either to the left side of her head or the right side of her head.

Eiselt and Hess also described this other woman in the cab with them as weighing 130 or 140 pounds, with a chunky build, being approximately 5'2" tall, and being black. These two witnesses mention no other distinguishing marks or characteristics about this other woman passenger. In fact, Eiselt and Hess are very vague in their description of the fellow woman passenger, and yet, this vague description was used to convict the Petitioner. The discrepancies in the witnesses' description are more than simply minor, insignificant or trivial variances. Petitioner weighed 210 pounds at the time of this alleged crime, did not have hair long enough to comb to either side of her head and be seen from underneath a ball cap on her head, and Petitioner has a very large, black mole on the tip of her nose. In addition, Petitioner wore a gold nose ring in her nose, had/has very full lips and a big mouth in its physical description not verbal one and with a relatively big gap between her two, top front teeth. These are characteristics not able to be overlooked and a person would most certainly observe these. But, Eiselt and Hess did not.

In addition, when Eiselt and Hess inquired of a Metra train schedule, they say the other woman passenger handed them a schedule with her left hand. If the alleged suspect was Jerri Robbin Lindsey, then the tattoo on Ms. Lindsey's left hand would also be a descriptive feature that Eiselt and Hess would have remembered, for the tattoo was between her thumb and pointer finger and was of the initials J.R.L, Petitioner's name initials. But, instead these witnesses remembered none of the distiguishing characteristics or features herein mentioned. Eiselt and Hess

- 3 -

never included in their description of the alleged suspect, the fact that she
had a mole on the tip of her nose. However, this very same characteristic, a
large, black mole, was very visible in the photo taken of Petitioner which was shown
to Eiselt and Hess. This distinguishing mark cannot be omitted from a witnesses
description of a suspect, for it is so noticeable and obvious. Yet these witnesses
did so, but selected the Petitioner's photo of her face up close as the suspect.
These witnesses only remembered very vague, general characteristics common to
half the population of black females in the region or area. John and June Hess
identified the Petitioner as the other passenger in the cab they rode in. Both
of these witnesses identified the Petitioner from a photo array, and then days later
from a line-up, of course, these witnesses also identified her from the line-up
for they had already identified her from a picture, which they viewed jointly
and selected the same face from the line-up. If Jerri Robbin Lindsey had been
in the cab the day in question, October 9, 1992, she must have been a ghost for
her finerprints were no where within the cab, which was thoroughly tested by
forensic laboratory specialists. In addition, Petitioner's fingerprints were not
on the Metra train schedule allegedly given to Eiselt and Hess by Petitioner.
Once again, giving credence to the fact that Petitioner was not perpetrator of
this crime, raising the question of proof of guilt to sustain a conviction beyond
a reasonable doubt. This gives rise to reasonable doubt as the Petitioner being
the alleged killer of Rudolph Bennett. Petitioner is guaranteed the right to be
convicted beyond a reasonable doubt. The complaining witnesses were elderly, age
in the 60's and 70's, and fragile in memory. From the description they gave of the
other woman passenger, the Petitioner could not be properly identified. The com-
plaining witnesses' description of the alleged suspect or perpetrator substantially
differs from actual physical characteristics of the Petitioner. The absence of
these previously stated outstanding features of Jerri Robbin Lindsey greatly
undercuts the strength of the witnesses' identification of her. Furthermore,

- 4 -

failure to assert a distinctive physical feature which the Petitioner possesses

is prima facie inconsistent conduct which, unexplained, tends to discredit witnesses,

thus violating Petitioners due process rights.

(See Exhibit I)

B. PETITIONER, JERRI ROBBIN LINDSEY, WAS DENIED HER RIGHT TO EFFECTIVE
ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT AND FOURTEENTH OF
THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 8 OF THE ILLINOIS CONSTITUTION
IN THAT TRIAL DEFENSE ATTORNEY FAILED TO INVESTIGATE PETITIONER'S ALIBI AND
THE WITNESSES TO SUCH ALIBI, FAILED TO INTERVIEW AND SECURE WITNESSES TO
PRESENT CHARACTER MITIGATING FACTORS AT SENTENCING HEARING, FAILED TO INVESTIGATE
OR ADEQUATELY PREPARE FOR TRIAL, AND FAILED TO CHALLENGE IDENTIFICATION OF
PETITIONER, AS PERPETRATOR, TO FULLEST EXTENT POSSIBLE.

Petitioner was represented by private counsel throughout these proceedings.
This counsel was Sheldon Sorosky, whose office is located in Chicago, Illinois,
and he was retained, to represent Petitioner, by family and friends of Petitioner.

Petitioner was first arrested on October 16, 1992. Petitioner went to trial
or began trial on January 4, 1995, and was found guilty on Febryary 10, 1995.
Petitioner was subsequently sentenced to 45 years in the Illinois Department of
Corrections on March 27, 1995.

From the onset of all criminal proceedings against Petitioner, Petitioner
forthright gave her attorney a detailed list of names to be called for potential
witnesses, statements made by policing agents that were made in threatening or
intimidating manners, alibis for the day that Petitioner is alleged to have
committed the crime in which she was ultimately convicted of, and other various,
important matters that defense attorney Sorosky needed to adequately defend
Petitioner. Petitioner believed Sorosky was to act and defend her to the best or
fullest ability and she placed all her trust in this attorney.

Petitioner began her trial on January 4, 1995, and was arrested October 16,
1992. There was a two and one-half year interim period between these two dates.
During this time period, Petitioner repeatedly asked and questioned her attorney
as to the list of names and other such things she gave to him as well as the ad-
ditional informational she supplied to him, but the defense attorney would always
try to evade the issues, down-play her concerns and suggestions and treated her as
if she was not a part of her own defense. Attorney Sorosky would simply negate
Petitioner's concerns. This went on from the time that Petitioner first met with

with Sorosky up until her trial.

Some instances of Attorney Sorosky's ineffectiveness are as set forth below:

1). Attorney did not investigate Petitioner's alibi for the day of October 9, 1992, the day the crime took place that Petitioner was convicted of. The defense attorney never interviewed the individuals that Petitioner was with on October 9, 1992. This was imperative to Petitioner's defense for it stated an alibi for the Petitioner.

2). Petitioner stated that on the day she was alleged to have killed the victim, she spent the entire day shopping at various stores and going to a restaurant with friends. Attorney Sorosky only briefly spoke with these individuals two months before trial began and for only a maximum of one hours time. this did not and could not provide Sorosky with enough time to establish a firm solid defense, and correctly establish Petitioner's alibi.

3). Attorney never tried to subpoena video tapes from stores where Petitioner was shopping to establish and prove her alibi for time the alleged crime took place, or when police claim it took place.

4). Attorney Sorosky investigated nothing to ascertain a reasonable defense for the Petitioner. He simply squandered the two and one-half years time period preceeding the trial, as well as the funds submitted or paid to him for Petitioner's defense by Petitioner's family members. Attorney Sorosky requested additional funds for or todefend Petitioner and that he would let the family know how much more money he would require. For eleven months proceeding this, Attorney Sorosky informed Irene Quiroz, Petitioner's friend, in a conversation, that he wanted $10,000 up front, in full before before going further on Petitioner's case. Irene Quiroz inquired about a payment plan to pay these fees and Sorosky stated he didn't want to talk about any payment plan and that he just wanted his money. Petitioner's stepmother, Gloria Henderson, was contacted by Sorosky and Sorosky told Gloria he needed $15,000 to proceed defending Petitioner and when asked

of a payment plan, again he stated he did not want to hear about any payment plan, that he wanted his money. Attorney knew Petitioner was very upset over his lack of concern, in her case and his preparation and investigation of all matters concerning this criminal case and this, he knew would cause her to seek assistance elsewhere.

5). Attorney Sorosky failed to secure witnesses to testify for the Petitioner at trial. These witnesses were Jerry St.Clair and Paul Quiroz. These witnesses would have testified to Petitioner's alibi defense, and was a crucial part thereof. However, after repeated admonishments by Petitioner to Attorney Sorosky to call these individuals as witnesses, he did not do so and refused to do so, but would not explain his reasoning for such to Petitioner, nor could he when asked. Petitioner was adamant in having these individuals testify on her behalf, for she knew their testimony would bare a significant impact in proving her innocence.

6). During Petitioner's trial, Attorney Sorosky asked witnesses questions that Petitioner herself told him to ask the witnesses. Attorney Sorosky would ask Petitioner what questions should he ask the witnesses, and he would ask those questions. Of course, he used proper legal terminology and such, but it still was Petitioner doing the work and not Sorosky.

7). Attorney Sorosky never called any character witnesses during the sentencing hearing of Petitioner to give rise to factors in mitigation. Petitioner wanted witnesses to testify on her behalf to mitigate the state's argument or point but Sorosky failed to do so, and would not, nor could not offer Petitioner an explanation when she asked. This was a grave prejudice to Petitioner and an outright denial of her constitutional rights.

All these means of ineffectiveness, errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. In addition, all this deficient performance prejudiced the Petitioner. Had these serious errors not occurred, this Court would have heard testimony completely exonerating and

proving Petitioner's innocence. Because this court was not privy to hear that
testimony and facts were not set forth or illuminated for this court to take
into consideration. The serious nature of this case warranted serious actions
be carried about or out by Attorney Sorosky. However, Sorosky was too carefree
and lack in his judicial responsibilities. All his nonactions resulted in total
ineffectiveness of counsel violating Petitioners right to effective assistance
of counsel.

(See Exhibit I).

C. PETITIONER, JERRI ROBBIN LINDSEY, WAS DENIED HER RIGHT TO DUE PROCESS, AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 2 OF THE ILLINOIS CONSTITUTION, IN THAT PHOTO ARRAYS SHOULD NOT HAVE BEEN RESORTED TO WHERE PETITIONER WAS IN CUSTODY AND AVAILABLE FOR A FAIR LINE-UP.

On October 14, 1992, Officer Raymond Schalk and other officers, Bogucki and Halvorsen, went to the home of Petitioner, Jerri Robbin Lindsey, and asked her if she would come to the police station to look at photographs. Petitioner believed the photographs to be of possible suspects in the alleged rape of her person, which she reported on October 11, 1992. Petitioner agreed to go with the police officers and did so after being verbally prompted to "hurry up" from the officers. Petitioner was not dressed properly at the time for it was midmorning in the day when these officers came to her home, nor was she feeling well, and several times these officers told her to "hurry up", which Petitioner believed to be improper.

Petitioner and the officers arrived at the police station about noon, and when asked by the officers if Petitioner would agree to be fingerprinted and photographed, she consented. While the officers talked with the defendant, the photograph taken of her was shown in a array to potential State witnesses Eiselt and Hess for identification of the alleged killer of a cab driver. Eiselt and Hess were the last known farers of this cab driver and the alleged killer was, according to police, to have shared the same cab with Eiselt and Hess. When these two potential State witnesses, Eiselt and Hess, were shown the photographs, they identified the Petitioner as the woman who was riding in the cab they took on October 9, 1992, the day of the victim's death.

At the same time that Eiselt and Hess were shown the photograph of the Petitioner in an array of photos, she was sitting in an interview room in the very same building. Petitioner's contention is that there is no need to resort

- 10 -

to the use of photographs when a suspect is available for a fair line-up which

maybe expected to yield a better opportunity for observation and accurate

identification. The photo procedure detracts from the quality of any identification

which may subsequently follow. Petitioner was readily and feasibly available

for a fair line-up as opposed to identification by photo, which can, and did

render in this instance, misidentification of Petitioner which thus, violated

her right to due process.

## CONCLUSION

Petitioner, Jerri Robbin Lindsey, prays this honorable Court grant her Pro Se Petition for Post Conviction Relief based on the reasons set forth herein, and that this Court grant her a new trial, or in the alternative, reduce her sentence, or in the alternative, reduce her charges and re-sentence her accordingly.

Respectfully Submitted,

Jerri Robbin Lindsey, Petitioner
I.D.#B49150
Dwight Correctional Center
P.O. Box 5001
Dwight, IL  60420-5001

Subscribed and sworn to before me this 26th day of March, 1998.

Notary Public

> "OFFICIAL SEAL"
> Beatrice E. Stanley
> Notary Public, State of Illinois
> My Commission Expires 10/04/98

STATE OF ILLINOIS      )
                       )
COUNTY OF LIVINGSTON   )


## AFFIDAVIT


I, Jerri Robbin Lindsey, a prisoner incarcerated at the Dwight Correctional

Center, in Dwight, Illinois, have read and understand the above Petition for Post-

Conviction Relief. All of the facts presented in this Petition are true and

corrected to the best of my recollection.


                                        Jerri Robbin Lindsey, Jeri
                                        ───────────────────────────────
                                        Jerri Robbin Lindsey, Petitioner
                                        I.D. # B49150
                                        P.O. Box 5001
                                        Dwight, IL 60420-5001


Subscribed and sworn to before me this __26th__ day of __March__ , 1998.


        "OFFICIAL SEAL"                  Beatrice E. Stanley
        Beatrice E. Stanley             ───────────────────────
   Notary Public, State of Illinois     Notary Public
   My Commission Expires 10/04/98

IN THE CIRCUIT COURT FOR THE COOK JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS

Jerri Robbin Lindsey,                    )
    Petitioner,                          )
                              )
        vs.                              )   Case No. 92-CR-25135
                              )
People Of The State Of Illinois,         )
    Respondent.                          )

---

### APPLICATION TO SUE OR DEFEND AS A POOR PERSON

---

Applicant, Jerri Robbin Lindsey respectfully requests the Court, pursuant to 725 ILCS 5/122-4 to grant her leave to proceed as a poor person. In support applicant states that the following facts are true in substance and in fact:

1. I am the Petitioner in the above captioned legal proceeding.

2. I am a poor person and unable to pay the costs, fees and expenses of this action.

3. I am not currently employed due to my imprisonment at the Dwight Correctional Center. I receive a State Stipend of $35.00 a month.

4. The amount and source of all other income and support are: NONE

5. The source and amount of income expected by me hereafter are: The same as above.

6. I own no Real Estate or Motor Vehicle.

7. I believe in good faith that I have a meritorious matter to bring before this Honorable Court.

                         *Jerri Robbin Lindsey, Jeri*
                         Jerri Robbin Lindsey, Petitioner
                         I.D.#B49150
                         P.O. Box 5001
                         Dwight, IL 60420-5001

VERIFICATION OF CERTIFICATION

I, Jerri Robbin Lindsey, the undersigned, certify and state that:

1. I am the Petitioner in the above captioned legal matter;

2. I have read the foregoing application and have knowledge of its

contents; and

3. Under penalties as provided by law pursuant to sec. 1-109 of the Code
of Civil Procedure, I certify that the statements set forth in the foregoing
motion and this affidavit are true and correct except as to matters therein
stated to be on information and belief, and as to such matters I certify that
I believe the same to be true.

_____
Jerri Robbin Lindsey, Petitioner
I.D. # B49150
P.O. Box 5001
Dwight, IL 60420-5001

ORDER

The foregoing application is:

_____ Granted

_____ Denied

_____
Judge, Circuit Court

IN THE CIRCUIT COURT FOR THE COOK JUDICIAL CIRCUIT
COOK COUNTY, ILLINOIS

Jerri Robbin Lindsey,               )
    Petitioner,              )
                        )
      vs.                    )  Case No. 92- CR-25135
                        )
People Of The State Of Illinois,   )
    Respondent.             )

---

### MOTION FOR APPOINTMENT OF COUNSEL

---

The undersigned Petitioner, Jerri Robbin Lindsey, respectfully moves the court, pursuant to 725 ILCS 5/122.4 to appoint counsel for her in this cause and further requests that counsel be required to read transcripts, consult with her and amend her petition if that is necessary. In support Petitioner states:

1. I have been incarcerated continuously since October 16, 1998, and am presently held in custody and residing at the Dwight Correctional Center in Dwight, Illinois, County of Livingston.

2. I am without sufficient income with which to pay for the costs of these proceedings or to employ an attorney to represent me in this matter. I have filed an Application To Sue of Defend As A Poor Preson said application is pending at this time before this Honorable Court.

3. I am without the services of counsel to represent me in this matter and would ask the Court to appoint counsel to me at this time.

Wherefore, Petitioner does hereby pray the Court to grant her Motion For Appointment Of Counsel in this matter.

*Jerri Robbin Lindsey, Jeri*

Jerri Robbin Lindsey, Petitioner
I.D. #B49150
P.O. Box 5001
Dwight, IL 60420-5001

VERIFICATION OF CERTIFICATION

I, Jerri Robbin Lindsey, the undersigned, certify and state that:

    1. I am the Petitioner in the above captioned legal matter;

    2. I have read the foregoing application and have knowledge of its

contents; and

    3. Under penalties as provided by law pursuant to sec. 1-109 of the code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

 

 

*Jerri Robbin Lindsey, Jeri*
Jerri Robbin Lindsey, Petitioner
I.D. #B49150
P.O. Box 5001
Dwight, IL 60420-5001

ORDER

The foregoing application is:

_____ Granted

_____ Denied

_____
Judge, Circuit Court

STATE OF ILLINOIS       )
                          )  SS

COUNTY OF LIVINGSTON  )

## AFFIDAVIT

I, Jerri Robbin Lindsey, hereby affirm and declare the following statements to be true and accurate to the best of my knowledge and belief. I further affirm that I am competent to testify to these matters in a court of law under oath, if so required. I also declare that I am supplying and signing this affidavit of my own free will and that no threats, promises or other improper inducements were made to secure this affidavit.

1). I am the Petitioner in the criminal case out of Cook County, case number 92-CR-25135.

2). I have filed a Pro Se Petition for Post Conviction Relief, hitherto attached to this affidavit.

3). I firmly assert that I was wrongly convicted of the alleged offenses of First Degree Murder and Armed Robbery, and subsequently sentenced to 45 years.

4). When I was arrested for this offense, my family and friends retained private counsel, named Sheldon Sorosky, of Chicago, Illinois.

5). The victim in this alleged crime that I was convicted of was Rudoplh Bennett, the owner and operator of the Circle Cab Compnay. Mr. Bennett was shot three times and left in his vehicle at O'Hare Airport. Police arrested me based on the misidentification of my person by two elderly people, John Eiselt and June Hess. These two people were the last known farers of Mr. Bennett. The perpetrator of this alleged crime was also to have ridden in the same cab as Eiselt and Heas and according to these two elderly people, the perpetrator of this crime. Eiselt and Hess picked my photo out an array shown to them. However, the circumstances surrounding their identification of me are very questionable, and it is my adament belief that my identification was obtained under false pretenses, and if given the opportunity to prove such in a new trial or such, I will be able to do so. It is very difficult for me to obtain other supporting affidavits from individuals who could testify to these facts that I am claiming for I am incarcerated and unable to contact these individuals from my place of confinement.

6). Eiselt and Hess, the two people who claim I was in a cab with them, the victim's cab, and that identified me in a phota show-up and subsequent line-up, claim that the woman they saw in the cab on October 9, 1992 (the day in question), was weighing about 130 - 140 pounds, and other very general features or characteristics, such as black female, mid-twenties, wearing a ball/baseball cap. I,however, at the time of this crime, weighed 210 pounds, had a large black mole on the tip of my nose, wore a gold hoop nose ring, had very large, full lips, a wide mouth, a very noticeably large gap between my two front teeth, and a tattoo on my left

EXHIBIT I

hand, between my thumb and fore-finger, and consisted of the initials "JRL",
the initials of my name. Eiselt and Hess claim that, while in the cab, this
other woman passenger handed them a Metra train schedule from the front seat
where this other woman was suppose to be seated. If that is the scenerio,
then this other woman would probably have used her left hand and simply reached
back to hand Eiselt and/or Hess the train schedule. The tattoo on my hand
was so obvious that Eiselt and Hess would surely have remembered that feature
of me if indeed it was me in the cab with these two individuals. However, the
tattoo was never mentioned by either of these two individuals, as well as other
very prominent features of me. They only mentioned very general characteristics
that are privy to at least half of the population in the nearby surrounding area.

7). The attorney that my family had retained for me was Sheldon Sorosky and his of-
fice is in Chicago, Illinois. My family retained him by word of reference from
a cousin to the family, and Sorosky agreed to represent me with little fees up
front. When I first met with Sorosky, I told him everything that he needed to
know, namely that I was **not** involved in the crime I was charged with. I told
him my alibis for the day that the victim was suppose to have been murdered.
I gave him the list of witnesses that he could and should call to testify in my
behalf that I was with them the day in question, October 9, 1992. I was nowhere
near to where the police claim that I was and all this could be verified by the
witness list that I gave him to check into, and through video surveillance tapes
of the stores I was shopping in at the time of the alleged murder. I repeatedly
asked Sorosky throughout all my proceedings if he had called and investigating the
things that I told him would build and establish the foundation to my defense.
Sorosky would always try to evade the issue and he placed little effort into
trying to establish a defense for me, and his careless or carefree attitude to-
ward the things I was trying to convey to him to investigate, was a contributing
factor in the court finding me guilty of the crimes I was charged with. Sorosky's
ineffectiveness was a violation of my constitutional rights as guaranteed by the
Sixth Amendment of the United States Constitution.

8). Sheldon Sorosky's representation of my in the criminal case out of Cook County
was a grave misrepresentation, if that. He never asked me any questions or
tried to ascertain my alibi defense that I was trying to convince or tell him
about. He simply squandered the two and one half year time period of when I
was arrested to the time I went to trial. He only talked to a few family members
and friends, for not even one hour, just two months prior to trial. He never
secured witnesses to testify on my behalf for trial, including Jerry St. Clair,
one of the most crucial witnesses to my defense. In fact, a continuance in my
trial was sought by Sorosky to try and get a hold of Jerry St. Clair. At least,
this is what Sorosky told the Court. However, he did not even attempt to try
and contact St. Clair at all. He never called him, sent him a letter, or any-
thing. Sorosky did not secure this witness and this was detrimental to my de-
fense.

9). Sheldon Sorosky also did not present the character witnesses that I demanded he
present at the sentencing hearing to show factors in mitigation. I had a list
that I had presented to him to call and he simply ignored that request. This
was an act to totally exclude me in the participation of my own defense. Sorosky
was only interested in the money he could obtain from representing me, and when
my family tried to discuss a payment plan with him, he became angry and told my
family that he wanted $10,000 and told another family member $15,000.

Further, Affiant sayeth not.

_Jerri Robbin Lindsey, Jeri_
Affiant, Jerri Robbin Lindsey

Subscribed and sworn to before me this 26th day of March, 1997.

_Beatrice E. Stanley_
Notary Public

"OFFICIAL SEAL"
Beatrice E. Stanley
Notary Public, State of Illinois
My Commission Expires 10/04/98

IB

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,     )
                                     )     NO     92CR25135
           Plaintiff-Respondent,     )     PC      7204
                                     )
     vs.                             )     The Honorable
                                     )     James R. Epstein,
JERRI LINDSEY,                       )     Judge Presiding.
                                     )
           Defendant-Petitioner.     )

**ENTERED**

JUN - 9 2000

JUDGE
JAMES R. EPSTEIN - 1783

## MOTION FOR EXTENSION OF TIME IN WHICH
## TO FILE SUPPLEMENTAL POST-CONVICTION PETITION

Petitioner JERRI LINDSEY, by her attorney, RITA A. FRY, Cook County Public

Defender, through RONALD D. HAZE, Assistant Public Defender, respectfully requests that

this Court allow her a reasonable extension of time of in which to either file a supplemental post-

conviction petition or in which counsel may file a 651(c) certificate. APD Haze states as follows

in support of this motion:

1.     A judgment of conviction was entered in this matter on March 27, 1995. Ms.

Lindsey's conviction was affirmed on direct appeal on July 25, 1997. Ms. Lindsey filed her pro-

se post-conviction petition on March 27, 1998, and the Public Defender was appointed in April

1998.

2.     As of this date, Counsel has completed a review of the transcript; read the trial file,

including the police reports; discussed the case with trial counsel; read the appellate briefs and

the decision of the appellate court; conducted investigation aimed at substantiating the alibi

defense presented at trial; and interviewed several witnesses suggested to counsel by Petitioner.

3.     Since the last court date, counsel has again reviewed the trial transcripts; contacted

**EXHIBIT H**

and attempted to interview two State's witnesses that testified at trial; conducted investigation aimed at substantiating the alibi defense Petitioner presented at trial; discussed the case with trial counsel; and discussed the case with Ms. Lindsey.

4.     It appears that one important potential issue in this case is that trial counsel never called an expert to support Ms. Lindsey's trial testimony that she gave an inculpatory statement to the police after significant psychological pressure had been brought to bear, causing her to give up and to sign any document placed in front of her. Counsel is requesting additional time in which to have Ms. Lindsey evaluated by a psychologist or psychiatrist who could put Ms. Lindsey's so-called confession into context. Evidence of her suggestibility and emotional distress at the time the statement was signed could and should have been placed before the trial court.

5.     Counsel has been unable to complete work on this matter and to comply with the requirements of Supreme Court Rule 651(c).

6.     Counsel began working in the post-conviction unit in December 1998. At this time, counsel is assigned to 34 post-conviction matters.   Approximately half these cases are murder cases or attempted murder cases.  These cases take a significant amount of time to complete, including time for legal research, drafting, forensic investigation, and witness interviews.

7.     Since the last court date in this matter, counsel has filed three supplemental petitions.  Counsel has argued 6 motions to dismiss.

8.     Counsel also currently represents one defendant in a death-penalty federal habeas corpus case (Johnson v. Cowan, No. 99C5031, N.D. Ill), and is co-counsel in a murder prosecution in a case before Judge Lon Schultz, which is in pre-trial proceedings (People v.

Everette Johnson, 98CR17950-02).

FOR THE FOREGOING REASONS, counsel respectfully requests that this Court grant him a reasonable extension of time in which to complete work on this matter and to comply with the requirements of SCR 651(c).

RONALD D. HAZE
Assistant Public Defender

RITA A. FRY
COOK COUNTY PD
Atty. No. 30295
Ronald D. Haze, APD
69 W. Washington, 17th FL
Chicago, IL 60602
312/603-8300

STATE OF ILLINOIS   )
                    )   SS.
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION


THE PEOPLE OF THE        )
STATE OF ILLINOIS        )        NO. 92 CR 25135
                         )
        VS               )        POST CONVICTION
                         )
JERI R. LINDSEY          )



REPORT OF PROCEEDINGS had at the
hearing of the above-entitled cause before the
Honorable JAMES R. EPSTEIN, Judge of said Court,
on Friday, the 9th day of June, 2000, in Courtroom
108, 5600 Old Orchard Road, Skokie, Illinois,
60077.



PRESENT:

        HON. RICHARD A. DEVINE,
            State's Attorney of Cook County, by
        MR. MICHAEL CORKELL,
            Assistant State's Attorney,
            appeared for the People;

        MS. RITA A. FRY,
            Public Defender of Cook County, by
        MR. RONALD HAYES,
            Assistant Public Defenders,
            appeared for the Defendant.


Ms. Marjean Ninemire
Official Court Reporter
License No. 084-000922
Circuit Court of Cook County

EXHIBIT 1

1    THE CLERK:  Jeri Lindsey, Sheet 4.

2    THE COURT:  Hello, Mr. Hayes.

3    MR. HAYES:  For the record, Ronald Hayes,

4    Assistant Public Defender.  I represent Jeri

5    Lindsey in this post conviction matter.

6              Judge, I am tendering to the State

7    and to the Court a motion for an extension of time

8    in which to respond.  I have done further work on

9    this case since the last court date which is set

10   forth in my motion.

11             And I have contacted the trial

12   attorney and have been interviewing witnesses.

13   However, there is still more work to be done.

14   THE COURT:  Let me read it.

15   MR. HAYES:  Pardon?

16   THE COURT:  Let me read it, please.

17   MR. HAYES:  Certainly.

18                        (Brief pause.)

19   THE COURT:  Go ahead.

20   MR. HAYES:  Judge, it appears there may be one

21   issue really that needs to be investigated at this

22   point.  And it involves mental health issues of the

23   petitioner at the time she was questioned by the

24   police in the case.

C-3

R 12

1        What I would propose is to have her

2    examined by a psychologist so that we may be able

3    to get an affidavit from the psychologist regarding

4    her mental state at the time. I am not sure that

5    there would be anything else that we would need to

6    raise at this point. That may be the only issue,

7    Judge.

8        Because of that and because of the

9    fact that Miss Lindsey is sentenced to a

10   significant period of time, we would ask that we be

11   given leave to do that. I suggest she be writted

12   into Cook County Jail. And I have located an

13   expert to talk to her that has worked in the area

14   of confessions and psychological testing and could

15   do a preliminary examination within the next few

16   weeks.

17      THE COURT: There is a motion to dismiss on

18   file on this?

19      MR. CORKELL: I don't believe there is one on

20   file in this as yet, Judge.

21      THE COURT: Well, I am going to deny the

22   continuance. The Public Defender has been

23   appointed on this case for better than two years.

24   And if you can't get the investigation done with 34

R 13

1    cases on your PC call, which is what you allege in

2    your motion, in two years, then we are going to

3    have to -- I mean, I was warning the public

4    defender since I first took over this call that we

5    are going to start moving on these things.  So,

6    it's going to rise or fall on the petitioner's pro

7    se motion.

8                 You can file a motion to dismiss if

9    you think it's appropriate.  If at some point

10   before we have the hearing on the motion you have

11   done your work and you want to ask leave to

12   supplement it, I will consider that at that time.

13       MR. HAYES:  That's fine.

14       THE COURT:  But at this point I am going to

15   deny the continuance.  And we will set it for

16   hearing on the motion to dismiss if you are

17   intending to file one.

18       MR. CORKELL:  Yes, Judge.

19       THE COURT:  Well, then we are going to set it

20   for the 15th of September.

21       MR. HAYES:  That's the 15th of December?

22       THE COURT:  September, September.

23       MR. HAYES:  September.  For --

24       THE COURT:  For motion to dismiss.  Any

R14

1    documents you want me to consider on that motion to

2    dismiss should be in my hands no later than the 1st

3    of the month.

4        MR. HAYES:  Thank you.

5        THE COURT:  And the half sheet should reflect

6    motion for continuance denied.

7                        (WHICH were the proceedings had

8                    at the hearing of the above-entitled

9                    cause on the aforesaid date.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

R15

1    STATE OF ILLINOIS   )
                         )   SS.
2    COUNTY OF C O O K   )

3

4                I, MARJEAN NINEMIRE, Official Court

5    Reporter of the Circuit Court of Cook County,

6    County Department-Criminal Division, do hereby

7    certify that I reported in shorthand the

8    proceedings had at the hearing of the

9    above-entitled cause; that I thereafter transcribed

10   into typewriting the foregoing Report of

11   Proceedings and that said transcript is a true and

12   accurate record of the proceedings had before the

13   Honorable JAMES R. EPSTEIN, Judge of said Court, on

14   the aforesaid date.

15

16

17

18                                    _____
                                      Official Court Reporter
19                                    License No. 084-000922
                                      Circuit Court of Cook County
20                                    10-31-00

21

22

23

24

C-7

R I C

STATE OF ILLINOIS )
)SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT    -    CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                       Respondent )    P.C. NO.  92 CR 25135
            vs.                    )    HONORABLE JAMES EPSTEIN
                                   )      Judge Presiding
JERRI LINDSEY                      )
                       Petitioner  )

## **MOTION TO DISMISS**

Now comes the Respondent, People of the State of Illinois, by Richard A. Devine, State's

Attorney of Cook County, Illinois, and Michael L. Corkell, Assistant State's Attorney, and

respectfully moves this Honorable Court to strike the petition heretofore filed herein and to dismiss

the proceedings for the following reasons:

    **1..** Petitioner's allegations fail to raise any constitutional questions within the purview of

the Post-Conviction Hearing Act.

    **2.** Those of petitioner's allegations which might in their broadest sense be construed as

raising such constitutional questions are merely bare allegations which, on numerous occasions, have

been held by the Supreme Court of Illinois and the Appellate Court of Illinois, First District, to be

not sufficient to require a hearing.

1

EXHIBIT J

**3.** The doctrines of res judicata and waiver apply. (See Respondent's Exhibit One - A copy of the Rule 23 affirming petitioner's conviction.)

Applicable Illinois case law construing to Post-Conviction Hearing Act, ch. 38, §122-1 et seq., Ill. Rev. stat. (1985) holds that the doctrine of res judicata and waiver apply. In People v. Stewart, 123 Ill.2d 368 (1988) the Illinois Supreme Court again held.....

> The scope of post-conviction review is limited by the doctrines of res judicata and waiver. In essence, post-conviction proceedings are limited to issues which have not been, and could not have been preciously adjudicated. Put another way, all issues actually decided on direct appeal are res judicata, and all those which could have been presented but were not are deemed waived. People v. Gaines (1984), 105 Ill.2d 79, 88-89; People v. French (1970) 46 Ill.2d 104, 107) (at p.1)

The Illinois Supreme Court in Stewart, supra, considered the question of these doctrines in a post-conviction case wherein the petitioner was sentenced to death. A similar procedural history was involved. The Illinois Supreme Court affirmed the trial court's denial of post-conviction relief on the doctrines of res judicata and held that the Defendant-Petitioner, Stewart, was not entitled to an evidentiary hearing. Stewart, supra., also held.....

> The Waiver Rule applies to post-conviction proceedings as well as to appeals.

In dismissing the points raised in Stewart's appeal on the post-conviction petition the Illinois Supreme Court reiterated its holding for the third time in this opinion.....

> We have noted above that when a defendant has taken an appeal from a judgment of conviction, the judgment of the Reviewing Court in res judicata as to all issues actually decided by the Court and that all other issues which could have been presented to the Reviewing Court, if not presented are waived. People

2

> v. Jones (1985), 109 Ill.2d 19, 24; People v. Kamsler
> (1968), 39 Ill.2d 73, 74.

In People v. Free, 122 Ill.2d 267 (1988) in a companion post-conviction case in which the defendant was sentenced to death in the original trial. The Illinois Supreme Court in dictum reiterated its earlier holdings on res judicata and waiver. The Court rejected a "plain error" rule.

> That argument misconstrues the nature and purpose of
> a post-conviction remedy, which is collateral to a
> judgment of conviction and is not designed to provide
> a convicted defendant with yet another opportunity for
> direct review of the original trial proceedings. ( at p.7)

Examining the opinion of the Illinois Supreme Court affirming the trial court's dismissal of the post-conviction petition, the court considered and ruled upon all of the point contained in the present post-conviction petition. Therefore the issues contained therein are res judicata.

Further, under the doctrine of waiver, Illinois case law holds that the issue of trial counsel's performance is waived by a post-conviction petitioner where he is represented by a different attorney on appeal and does not raise the issue on direct appeal. People v. Bland (1st Dist. 1978) 67 Ill. App.3d 716. A defendant who neglects to raise a claim of ineffective assistance of counsel on direct appeal, when the attorney on direct appeal is not the same as trial counsel, may not then assert the claim in his petition for post-conviction relief. People v. Killion, (5th Dist. 1979) 76 Ill. App.3d 862, 865.

The respondent will invoke the applicable doctrines of res judicata and waiver in its motion to dismiss.

On direct appeal petitioner raised claims of ineffective assistance of counsel which were rejected by the Appellate Court.

3

## 4. Ineffective Assistance of Counsel.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two requirements of Strickland v. Washington (1984) 466 U.S. 668, as adopted by the Illinois Supreme Court in People v. Albanese (1984) 104 Ill.2d 504. He must demonstrate: (1) That his counsel's performance fell well below the objective standard of reasonable professional competency and (2) that but for his counsel's errors the result of the proceeding would have been different. Strickland v. Washington, supra, at 618, 687, 694. Both tests must be met before a guilty verdict or sentence will be set aside. A court may dispose of a defendant's claim by first determining that he did not suffer sufficient prejudice from the alleged ineffective assistance. (466 U.S. 668, 697) The issue of effectiveness is to be determined from the totality of counsel's conduct, not isolated instances, and a reviewing court will not extend its inquiry into areas involving counsel's judgment, discretion, trial tactics or strategy. People v. McKendrick (1985) 138 Ill. App.3d 1018, 1026.

Petitioner has failed to demonstrate deficient performance and resulting prejudice mandated by Strickland v. Washington, supra.

WHEREFORE, the respondent prays that an order be entered by this Honorable Court, striking the petition of the petitioner Jerri Lindsey, and dismissing the proceedings.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of
Cook County, Illinois

By:

Michael L. Corkell
Assistant State's Attorney

4

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT -- CRIMINAL

PEOPLE OF THE STATE OF ILLINOIS,      )
                                      )
            Plaintiff-Appellee,       )      NO    92CR25135
                                      )      Post-Conviction
                                      )
    vs.                               )      The Honorable
                                      )      James A. Epstein,
JERRI LINDSEY,                        )      Judge Presiding.
                                      )
            Defendant-Appellant.      )

### RULE 651(C) CERTIFICATION

I, Assistant Public Defender Ronald D. Haze, hereby certify that I have been assigned to represent Petitioner Jerri Lindsey in the above-captioned post-conviction proceeding. I further certify that I have consulted with Petitioner either by mail or in person to ascertain her contentions of deprivation of constitutional right; that I have examined the record of the proceedings at the trial; and that I have made any amendments to the petition(s) filed pro-se that are necessary for an adequate presentation of Petitioner's contentions.

_____
RONALD D. HAZE
Asst. Pub. Dfdr.

RITA A. FRY
COOK COUNTY PD
Atty. No. 30295
Ronald D. Haze, APD
69 W. Washington, 17th FL
Chicago, IL 60602
(312) 603-8300

EXHIBIT K

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT -- LAW DIVISION

| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
|---|---|---|
| | ) | NO    92CR25135 |
| Plaintiff-Appellee, | ) | Post-Conviction |
| | ) | |
| vs. | ) | The Honorable |
| | ) | James A. Epstein, |
| JERRI LINDSEY, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellant. | ) | |

### RULE 651(C) CERTIFICATION

I, Assistant Public Defender Ronald D. Haze, hereby certify that I have been assigned to represent Petitioner Jerri Lindsey in the above-captioned post-conviction proceeding. I further certify that I have consulted with Petitioner either by mail or in person to ascertain her contentions of deprivation of constitutional right; that I have examined the record of the proceedings at the trial; and that I have made any amendments to the petition(s) filed pro-se that are necessary for an adequate presentation of Petitioner's contentions.

RONALD D. HAZE
Asst. Pub. Dfdr.

RITA A. FRY
COOK COUNTY PD
Atty. No. 30295
Ronald D. Haze, APD
69 W. Washington, 17th FL
Chicago, IL 60602
(312) 603-8300

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)
)
)
VS. )
Jeri Lindsey )
)

CASE NO.

92CR 25135

CERTIFIED REPORT OF DISPOSITION

The following disposition was rendered before the Honorable Judge  Epstein

On 9/29/00 Hon. Judge Epstein, Post Trial Petition Dismissed. State Appellate Defender Appointed on your Appeal.

I hereby certify that the foregoing has been entered of record on the above captioned case.

Date:  Oct. 2, 00

Aurelia Pucinski   MR

AURELIA PUCINSKI, Clerk of the Circuit Court

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT L

TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | NO    92CR25135 |
| Plaintiff-Appellee, | ) | Post-Conviction |
| | ) | |
| vs. | ) | The Honorable |
| | ) | James A. Epstein, |
| JERRI LINDSEY, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellant. | ) | |

## NOTICE OF APPEAL

Appellant's Name:    Jerri Lindsey
                               Reg. No. B-49150
Appellant's Address:  Logan CC; 1096 1350th St., Box 1000; Lincoln, IL 62656
Appellant's Attorney:  State Appellate Defender; 100 W. Randolph, Suite 5-500; Chicago, IL
                               60606
Offense:                  Murder, armed robbery
Judgmt Appld From:  Dismissal of post-conviction petition, 9/22/00
Sentence:                45 yrs IDOC

_____
Attorney for Appellant

## ORDER OF APPOINTMENT

IT IS HEREBY ORDERED that, because Appellant is indigent, being presently
represented by court-appointed counsel, the State Appellate Defender is appointed as counsel on
appeal.

Date: 9/29/00                         Judge: _____ 1783

RITA FRY
COOK COUNTY PD
Atty. No. 30295
Ronald Haze, APD
69 W. Washington Blvd., 17th FL
Chicago, IL 60602
312/603-8300

TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | NO   92CR25135 |
| Plaintiff-Appellee, | ) | Post-Conviction |
| | ) | |
| vs. | ) | The Honorable |
| | ) | James A. Epstein, |
| JERRI LINDSEY, | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellant. | ) | |

## AMENDED NOTICE OF APPEAL

Appellant's Name:   Jerri Lindsey
                    Reg. No. B-49150
Appellant's Address:   Logan CC; 1096 1350th St., Box 1000; Lincoln, IL 62656
Appellant's Attorney:   State Appellate Defender; 100 W. Randolph, Suite 5-500; Chicago, IL
                        60606
Offense:   Murder, armed robbery
Judgmt Appld From:   Dismissal of post-conviction petition, 9/29/00
Sentence:   45 yrs IDOC

_____
Attorney for Appellant

## ORDER OF APPOINTMENT

IT IS HEREBY ORDERED that, because Appellant is indigent, being presently
represented by court-appointed counsel, the State Appellate Defender is appointed as counsel on
appeal.

Date:   **10-13-00**                Judge:   _____ 1783

RITA FRY
COOK COUNTY PD
Atty. No. 30295
Ronald Haze, APD
69 W. Washington Blvd., 17th FL
Chicago, IL 60602
312/603-8300

## NOTICE OF NOTICE OF APPEAL

TO:

Honorable JAMES RYAN
Attorney General of Illinois
Springfield, Illinois 62706

Honorable RICHARD A. DEVINE
State's Attorney of Cook County
Daley Center - Room 573
Chicago, Illinois 60602

Honorable GILBERT MARCHMAN
Clerk of the Appellate Court
160 N. LaSalle - 14th Floor
Chicago, Illinois 60601

IN RE:

PEOPLE OF THE STATE OF ILLINOIS

vs.

_Lindsey, Jerri_

CASE NO. _92CR25135_

YOU ARE HEREWITH NOTIFIED that pursuant to Rule 606E of the Illinois Supreme
Court, effective January 1, 1967, a Notice of Appeal was filed with the Clerk of the Circuit
Court of Cook County, County Department, Criminal Division on: _9-29-00_
a copy of which is hereto attached.

Submitted by: _Aurelia Pucinski_

Clerk of the Circuit Court of Cook County

STATE OF ILLINOIS      )
                       )      ss
COUNTY OF COOK         )

I, AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, County Department,
Criminal Division, certify that the foregoing Notice and copy of the Notice of Appeal
attached thereto was served on each of the above named persons by personal service and/or
by depositing same in the United States Mail Depository in a sealed envelope, first class
postage prepaid, addressed to the named persons on _10-10-00_

_Aurelia Pucinski_

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS, )
                                  )    NO    92CR23135
        Plaintiff-Appellee,       )    Post-Conviction
                                  )
    vs.                           )    The Honorable
                                  )    James A. Epstein,
JERRI LINDSEY,                    )    Judge Presiding.
                                  )
        Defendant-Appellant.      )

## NOTICE OF APPEAL

Appellant's Name:     Jerri Lindsey
                      Reg. No. B-49150
Appellant's Address:  Logan CC; 1096 1350th St., Box 1000; Lincoln, IL 62656
Appellant's Attorney: State Appellate Defender; 100 W. Randolph, Suite 5-500; Chicago, IL
                      60606
Offense:              Murder, armed robbery
Judgmt Appld From:    Dismissal of post-conviction petition, 9/22/00
Sentence:             45 yrs IDOC

_____
Attorney for Appellant

## ORDER OF APPOINTMENT

IT IS HEREBY ORDERED that, because Appellant is indigent, being presently
represented by court-appointed counsel, the State Appellate Defender is appointed as counsel on
appeal.

Date: 9/29/00         Judge: _____ 1783

RITA FRY
COOK COUNTY PD
Atty. No. 30295
Ronald Haze, APD
69 W. Washington Blvd., 17th FL
Chicago, IL 60602
312/603-8300

(Rev. 2/18/93)  CCCR-56

**STATE OF ILLINOIS**  } ss
**COUNTY OF COOK**

I, AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of A ONE VOLUME RECORD CONSISTING OF THE COMMON LAW RECORD. NO PRAECIPE HAVING BEEN FILED PURSUANT TO THE NOTICE OF APPEAL FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO. 00-3480.

in a certain cause .......... LATELY ................................................ pending in said Court, between The People of the State of Illinois. ........ WERE ..................................................., Plaintiffs and ............................................ JERRI LINDSEY ......... WAS ..................., Defendant. ....

Witness:  AURELIA PUCINSKI,
Clerk of the court, and the Seal thereof, at Chicago
In said County, .......... NOVEMBER 9, 2000

*Aurelia Pucinski*
Clerk

**AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

No. 1-00-3480

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 94 CR 25135. |
| | ) | |
| JERRI LINDSEY, | ) | Honorable James R. Epstein, |
| | ) | Judge Presiding. |
| Petitioner-Appellant. | ) | |

## BRIEF AND ARGUMENT FOR PETITIONER-APPELLANT

MICHAEL J. PELLETIER, Esq.
Deputy Defender
Office of the State Appellate Defender
100 West Randolph Street Suite 5-500
Chicago, Illinois 60601
312-814-5472

PATRICIA A. WRONA, Esq.
188 West Randolph Street Suite 2107
Chicago, IL 60601
312-251-9402

COUNSEL FOR PETITIONER-APPELLANT

## ORAL ARGUMENT REQUESTED

RECEIVED
CRIMINAL APPEALS

MAY 31 2002

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE

EXHIBIT M

No. 1-00-3480

## IN THE

## APPELLATE COURT OF ILLINOIS

## FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 94 CR 25135. |
| | ) | |
| JERRI LINDSEY, | ) | Honorable James R. Epstein, |
| | ) | Judge Presiding. |
| Petitioner-Appellant. | ) | |

## NOTICE OF FILING AND PROOF OF SERVICE

TO:   Richard Devine
      Cook County State's Attorney
      300 Daley Center
      Chicago, IL 60602

Please take notice that on May 31, 2002, we filed the original and the requisite number of copies of the accompanying Brief and Argument of Petitioner-Appellant in the Office of the Clerk of the above Court, three copies of which are hereby served upon you.

                                        Patricia A. Wrona, Esq.
                                        Attorney for Petitioner-Appellant

STATE OF ILLINOIS        )        SS
COUNTY OF COOK           )

The undersigned attorney, Patricia A. Wrona, Esq. deposes and states that she personally delivered the required number of copies of the accompanying Brief and Argument of Petitioner-Appellant with the Clerk of the above Court and to the State's Attorney of Cook County at the address listed above on the 31st day of May, 2002.

                                        Patricia A. Wrona, Esq.
Patricia A. Wrona, Esq.                 Attorney for Petitioner-Appellant
188 West Randolph Street Suite 2107
Chicago, IL 60601
312-251-9402

## POINTS AND AUTHORITIES

Page

**I. STANDARD OF REVIEW.**

People v. Coleman, 183 Ill.2d 366, 388, 701 N.E.2d 1063 (1998) — passim

People v. Wakat, 415 Ill. 610, 114 N.E.2d 706 (1953) — 9

People v. Wilson, 39 Ill. 2d 275, 235 N.E.2d 561 (1968) — 9

People v. Brumas, 142 Ill. App. 3d 178, 180, 491 N.E.2d 773, 775 (3d Dist. 1986) — 10

People v. Piper, 272 Ill.App.3d 843, 845, 651 N.E.2d 739 (1995) — 10

People v. Porter, 122 Ill.2d 64, 74, 521 N.E.2d 1158 (1988) — 10

People v. Gaultney, 174 Ill.2d 410, 418, 675 N.E.2d 102 (1996) — 10, 11

People v. Vunetich, 185 Ill.App.3d 415, 419, 541 N.E.2d 741 (1989) — 11

Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq. (2001) — 9

Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-2 (2001) — 10

**II. LINDSEY WAS DENIED HER RIGHT TO A REASONABLE LEVEL OF ASSISTANCE OF COUNSEL ON HER POST-CONVICTION PETITION.**

People v. Wakat, 415 Ill. 610, 114 N.E.2d 706 (1953) — 12

People v. Slaughter, 39 Ill.2d 278, 235 N.E.2d 566 (1968) — 12

People v. Wright, 149 Ill. 2d 36, 594 N.E.2d 276 (1992), cert. denied, 506 U.S. 1004 (1992) — 12

People v. Guest, 166 Ill. 2d 381, 655 N.E.2d 873 (1995), cert. denied, __U.S.__, 116 S. Ct. 1272 (1996) — 12

People v. Flores, 153 Ill. 2d 264, 606 N.E.2d 1078 (1992),
    cert. denied sub nom., Flores v. Illinois, 510 U.S. 831, 114 S. Ct. 102 (1993)   12

### A.   COUNSEL DID NOT FULFILL HIS RULE 651 OBLIGATIONS.

People v. Davis, 229 Ill. App. 3d 869, 594 N.E.2d 423 (5th Dist. 1992),
    rev'd on other grounds, 156 Ill. 2d 149, 619 N.E.2d 750 (1993)   13

People v. Tyner, 40 Ill. 2d 1, 238 N.E.2d 377 (1968)   13

People v. Spreitzer, 143 Ill. 2d 210, 572 N.E.2d 931 (1991),
    cert. denied, 502 U.S. 985, 112 S. Ct. 594 (1991)   13

People v. Ballinger, 53 Ill. 2d 388, 292 N.E.2d 400 (1973)   14

People v. Jones, 36 Ill. App. 3d 315, 343 N.E.2d 525 (1st Dist. 1976)   15

Illinois Supreme Court Rule 651(c)   13

### B.   SINCE ISSUES LINDSEY HAD RAISED IN HER *PRO SE* PETITION COULD BE RES JUDICATA DUE TO THE APPELLATE COURT'S DECISION, EVEN GREATER REASONS EXISTED FOR COUNSEL TO AMEND THE PETITION.

People v. Stewart, 123 Ill. 2d 368, 528 N.E.2d 631 (1988), cert. denied sub nom.,
    Stewart v. Illinois, 489 U.S. 1072 (1989)   16

People v. Downey, 198 Ill. App. 3d 704, 556 N.E.2d 300 (2d Dist. 1990)   16

People v. Johnson, 232 Ill. App. 3d 672, 597 N.E.2d 1258 (5th Dist. 1992)   16

People v. Mackey, 229 Ill. App. 3d 784, 595 N.E.2d 133 (2d Dist. 1992)   17

### III.   LINDSEY WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO HIS FAILURE TO INVESTIGATE AND PRESENT ALIBI WITNESSES, AND THE ISSUE WAS NOT WAIVED OR RES JUDICATA AFTER THE DIRECT APPEAL.

People v. Piper, 272 Ill. App. 3d 843, 651 N.E.2d 739 (5th Dist. 1995)   18

People v. Nix, 150 Ill. App. 3d 48, 501 N.E.2d 825 (3d Dist. 1986)   19

People v. Assenato, 257 Ill. App. 3d 1026, 629 N.E.2d 166 (2d Dist. 1994)     19

**A.     THE UNITED STATES AND ILLINOIS CONSTITUTIONS
GUARANTEED LINDSEY THE RIGHT TO THE EFFECTIVE
ASSISTANCE OF COUNSEL.**

Lakeside v. Oregon, 435 U.S. 333, 341, 98 S. Ct. 1091,
     55 L.Ed.2d 319 (1978)     20

Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L.Ed.2d 333, 343-44
     (1980)     20

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)     20-21

People v. Knippenberg, 66 Ill. 2d 276, 285, 362 N.E.2d 681, 685 (1977)     20

People v. Albanese, 104 Ill.2d 504, 525, 473 N.E.2d 1246, 1255 (1984)     20

People v. Whittaker, 199 Ill. App. 3d 621, 627, 557 N.E.2d 468, 472
     (1st Dist. 1990)     21

People v. Davidson, 196 Ill. App. 3d 634, 638, 554 N.E.2d 444, 446 (1st Dist 1990)     21

U.S. Const., Am. VI     20

Ill. Const., Art. I, sec. 2, 8     20

**B.     LINDSEY'S TRIAL COUNSEL FAILED TO PROVIDE
EFFECTIVE ASSISTANCE IN THAT HE FAILED TO INVESTIGATE,
OR PRESENT ADEQUATE DEFENSE EVIDENCE, INCLUDING
SECURING TESTIMONY OF ALIBI WITNESSES.**

People v. House, 141 Ill. 2d 323, 386, 566 N.E.2d 259, 287 (1990)     22

People v. Morris, 3 Ill. 2d 437, 452, 121 N.E.2d. 810, 819 (1954)     22

People v. Truly, 230 Ill. App. 3d 948, 954, 595 N.E.2d 1230, 1234 (1st Dist. 1992)     22

People v. Dillard, 204 Ill. App. 3d 7, 10, 561 N.E.2d 1219, 1220 (3d Dist. 1990)     23

People v. Garza, 180 Ill. App. 3d 263, 535 N.E.2d 968 (1st Dist. 1989)          23

Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992)                                  22

**IV.    LINDSEY'S PETITION SHOULD BE REMANDED FOR
FURTHER PROCEEDINGS AND A HEARING ON THE ISSUES RAISED.**

People v. Hartfield, 232 Ill. App. 3d 198, 596 N.E.2d 703 (1st Dist. 1992)       24

People v. Titone, 151 Ill. 2d 19, 24, 600 N.E.2d 1160, 1163 (1992)              24

People v. Del Vecchio, 129 Ill. 2d 265, 279, 544 N.E.2d 312 (1989)             24

People v. Guillen, 261 Ill. App. 3d 1092, 634 N.E.2d 1271 (2d Dist. 1994)       24

People v. Downey, 198 Ill. App. 3d 704, 556 N.E.2d 300 (2d Dist. 1990)         24

People v. Nix, 150 Ill. App. 3d 48, 501 N.E.2d 825 (3d Dist. 1986)             24

People v. Brumas, 142 Ill.App. 3d 178, 180, 491 N.E.2d 773, 775 (3d Dist. 1986)  25

## NATURE OF THE CASE

In the underlying case, the Petitioner-Appellant Jerri Lindsey ("Lindsey"), was charged in the 1992 death of Rudolph Bennett by a four count criminal indictment for first degree murder, in violation of chapter 38, section 9-1 of the Illinois criminal statutes (now 720 ILCS 5/9-1), and armed robbery, in violation of chapter 38, section 18-2-A. (TC. 8-12) Following a bench trial, on February 10, 1995 Lindsey was convicted on indictment Count 2 for first degree murder, and Count 4 for armed robbery. (TRZ-65) On March 27, 1995, Lindsey was sentenced to a term of 45 years to run concurrently on both counts. (TC. 72-73) Lindsey is currently incarcerated.

Lindsey appealed from those judgments in case no. 95-1535, and on July 25, 1997, 1998, the Illinois Appellate Court affirmed the judgment of the circuit court.

Lindsey file a petition for leave to appeal to the Illinois Supreme Court. On December 3, 1997, the petition was denied.

On March 27, 1998, Lindsey filed a *pro se* petition for post-conviction relief alleging various violations of her constitutional rights, including ineffective assistance of trial counsel, and issues concerning the photo identification. (C. 18-28) Lindsey requested the appointment of legal counsel for her petition, and the public defender was appointed to represent her. (C. 38) Counsel moved for leave to file a supplemental petition, which was denied. (C. 38, R. 12) On August 17, 2000, the state filed a motion to dismiss the petition. (C. 41) On September 29, 2000, the circuit court ruled that Lindsey's petition was without merit, and granted the state's motion to dismiss, thereby denying her any post-conviction relief. (C. 48, R. 21) Lindsey filed a timely notice of appeal from this ruling on September 29, 2000 and an amended notice of appeal on October 13, 2000. (C. 49-50)

5

## ISSUES PRESENTED FOR REVIEW

WHETHER LINDSEY WAS DENIED HER RIGHT TO THE REASONABLE ASSISTANCE OF POST-CONVICTION COUNSEL, BASED ON HIS FAILURE TO FILE AN APPROPRIATE SUPPLEMENTAL PETITION.

WHETHER LINDSEY WAS DENIED HER SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, IN THAT COUNSEL FAILED TO INVESTIGATE ALIBI WITNESSES, AND WHETHER SUCH ISSUE WAS IN FACT WAIVED OR RES JUDICATA BASED ON THE DIRECT APPEAL IN THIS CASE, THE THIS COURT'S DECISION THEREIN.

## JURISDICTION

This is an appeal from the denial of post-conviction relief under the Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* (2001) and is made pursuant to 725 ILCS 5/122-7 and Illinois Supreme Court Rule 651. Lindsey's *pro se* petition for post-conviction relief was denied by the trial court on September 29, 2000. (R. 21) Lindsey filed a timely notice of appeal on September 29, 2000, and an amended notice of appeal on October 13, 2000. (C. 49-50) This appeal is now on review before this Court.

## STATEMENT OF FACTS[1]

The underlying charge against Petitioner-Appellant Jerri Lindsey ("Lindsey") was that on October 9, 1992, Lindsey committed the offense of first degree murder in connection with the death of Rudolph Bennett in the commission of an armed robbery. (C. 9) Lindsey maintained her innocence throughout the trial that it was not her who committed this crime.

---

[1] Due to the prior appeal of Lindsey's conviction, there are a number of record volumes. The common law record on the post-conviction proceeding now on appeal is in one volume, and referred to herein as "C.__." The report of proceedings transcript on the petition is in one volume, and referred to as "R.__." The trial court common law record is in one volume ("TC.__"). "TR.__" refers to the trial record of proceedings, the pages of which are numbered with letter prefixes over nine volumes.

The underlying facts are extensive, and as this case has been appealed previously on Lindsey's direct appeal, this brief section will only summarize facts pertinent to the issues of the Lindsey's post-conviction petition and the denial thereof, and further case facts will be recited within the appropriate sections of argument herein.

**Direct Appeal**—On Lindsey's direct appeal, the issues addressed by this Court were whether the trial court erred in denying Lindsey's motiont suppress involuntary statements, erred when it failed to suppress statements and evidence that was the result of her arrest without probable cause, whether she was denied a fair trial based on the prosecutor's misstatement of the facts during closing arguments, whether her trial counsel provided effective assistance of counsel, and whether she was denied her constitutional rigth to choose her own trial counsel. This Court affirmed on these issues on July 25, 1997. *See* People v. Lindsey, no. 1-95-1535 (1st Dist. 1997).

**Post-Conviction Proceedings**—After Lindsey's petition for leave to appeal to the Illinois Supreme Court was denied on December 3, 1997, she filed a *pro se* post-conviction petition on March 27, 1998. (C. 18) Her petition was supported by her own affidavit. (C. 36)

The first issue presented was that Lindsey was denied her due process rights in that the State failed to prove that she was the alleged perpetrator beyond a reasonable doubt. (C.19)

Her second issue was the she was denied the effective assistance of counsel in that her trial counsel failed to investigate her alibi, the witnesses to her alibi, failed to prepare for trial, failed to interview and secure witnesses for character evidence for mitigation for sentencing, and failed to challenge identification evidence against Lindsey as fully as possible. (C.23)

7

Her third issue was that she was denied her constitutional rights as a photo array should not have been resorted to when Lindsey was in custody and was available for a line-up. (C. 27)

Lindsey asked that legal counsel be appointed to her on her petition (C. 33), and that occurred, in that the Public Defender appeared on her behalf in April 1998. (C. 38) Counsel made a written motion for an extension of time to file a supplemental petition. (C. 38) The reason for the request was that there were numerous witnesses that counsel needed to interview for the purposes of securing their affidavits to support the petition. (R. 9) Further, the motion stated that "it appears that one important potential issue in this case is that trial counsel never called an expert to support Ms. Lindsey's trial testimony that she gave an inculpatory statement to the police after significant psychological pressure had been brought to bear, causing her to give up and to sign any document placed in front of her." (C. 39) At the hearing on the motion to extend, counsel indicated that this issue merited investigation, and that he wished to have Lindsey examined by a psychologist and get an affidavit from such an expert. (R. 13) The circuit court denied the request for a continuance to do this, because the petition has been pending for two years. (R. 14) The judge stated the State could file a motion to dismiss if "appropriate." (R. 14)

So the State indeed filed a motion to dismiss Lindsey's *pro se* petition. (C. 41) That motion argued that the petition raised no constitutional issues, that waiver and res judicata applied to bar Lindsey's arguments, as ineffective assistance was an issue on her direct appeal, rejected by the appellate court, and that her ineffective assistance claim did not meet the standards of Strickland v. Washington, 466 U.S. 668 (1984). (C. 42-44)

On the date for hearing on the motion to dismiss, appointed post-conviction counsel noted that he filed a Rule 651(c) compliance certificate. (R. 18) The court then ruled on the

8

petition. The judge, who was different from the trial judge, who heard the trial found that as to Lindsey's lack of reasonable doubt argument, the failure to raise the issue on appeal amounted to waiver, and that in his opinion it was "crystal clear" why no such issue was raised, the implication being that the record indicated Lindsey's guilt was proven to that standard. (R. 19) Further, the court denied Lindsey's claim to ineffective assistance, as to one of the points Lindsey made, that trial counsel failed to challenge the identification of Lindsey, that issue was directly ruled upon by the appellate court in issue no. 4 of its ruling, so that issue was res judicata. (R. 19) The court found that Lindsey's other allegations of failure to investigate witnesses were unsupported due to the failure to name the witnesses, or provide affidavits as to what they would testify to, and failed to allege how their testimony would have affected the outcome of the trial, so therefore the claim failed to make the proper showing. (R. 20)

The circuit court judge made no ruling or comment on Lindsey's third issue concerning the propriety of conducting a photo array identification versus a live line-up. (R. 18-21) With that, the motion to dismiss was granted and the petition was denied. (R. 21)

## ARGUMENT

### I. STANDARD OF REVIEW.

This appeal is based on the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq.* (2001)("the Act"). The purpose of the Act is to provide an original and independent remedy by a proceeding which is civil in nature to investigate the existence of a substantial denial of the constitutional rights of a prisoner in the proceedings in which he was convicted. People v. Wakat, 415 Ill. 610, 114 N.E.2d 706 (1953). A post-conviction proceeding under the Act is to question the legal sufficiency of the pleadings while assuming the truth of the petitioner's factual allegations. People v. Wilson, 39 Ill. 2d 275, 235 N.E.2d 561 (1968);

9

People v. Brumas, 142 Ill. App. 3d 178, 180, 491 N.E.2d 773, 775 (3d Dist. 1986). On appeal from a summary dismissal of a post-conviction petition, the standard of review is plenary. People v. Coleman, 183 Ill.2d 366, 388, 701 N.E.2d 1063 (1998). In Coleman, the Illinois Supreme Court explained the standard:

> "The question raised in an appeal from an order dismissing a post[ ]conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the [Post-Conviction Hearing] Act. Due to the elimination of all factual issues at the dismissal stage of a post[]conviction proceeding, the question is, essentially, a legal one, which requires the reviewing court to make its own independent assessment of the allegations. Thus, a court of review should be free to substitute its own judgment for that of the circuit court in order to formulate the legally correct answer. * * * A court of review has the same capability as does the circuit court in the first instance to look at the allegations and construe them liberally in favor of the petitioner and as set forth in light of the trial record."

Coleman, 183 Ill.2d at 388, 701 N.E.2d 1063.

A post-conviction petition is a collateral attack on the judgment of conviction. People v. Piper, 272 Ill.App.3d 843, 845, 651 N.E.2d 739 (1995). "The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial when those allegations were not, or could not have been, adjudicated previously." Piper, 272 Ill.App.3d at 845, 651 N.E.2d 739. Initially, the defendant files a petition and the circuit court independently determines whether the petition is frivolous or patently without merit, without argument from either side.

To survive dismissal, a petition need only present the gist of a constitutional claim. People v. Porter, 122 Ill.2d 64, 74, 521 N.E.2d 1158 (1988). This is a low threshold; a defendant need only present a small amount of detail, and he need not make legal argument, or cite legal authority. People v. Gaultney, 174 Ill.2d 410, 418, 675 N.E.2d 102 (1996); Porter, 122 Ill.2d at 74, 521 N.E.2d 1158. The petition must be supported by "affidavits, records, or

other evidence supporting its allegations," or the petition "shall state why the same are not attached." 725 ILCS 5/122-2 (2001). If the circuit court does not dismiss the petition pursuant to section 122-2.1, the petition is docketed for further consideration and, if the defendant is indigent, the court is required to appoint counsel. Gaultney, 174 Ill.2d at 418, 675 N.E.2d 102.

Thus, this Court's review must be essentially the same as that required of the circuit court. The Court is to review the allegations of Lindsey's post-conviction petition, construing them liberally, and focus on whether the petition states the gist of a meritorious claim of constitutional deprivation. While a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right, the Illinois Supreme Court has repeatedly stressed that a hearing is required whenever the petitioner makes a substantial showing of a violation of constitutional rights. Coleman, 183 Ill.2d at 381, 701 N.E.2d 1063. "To accomplish this, the allegations in the petition must be supported by the record in the case or by its accompanying affidavits." Coleman, 183 Ill.2d at 381, 701 N.E.2d 1063. When assessing the sufficiency of the allegations, the trial court and the appellate court are to consider the petition in light of the entire record. People v. Vunetich, 185 Ill.App.3d 415, 419, 541 N.E.2d 741 (1989).

Under this legal standard, Lindsey is entitled to a reversal and remand of this matter to the circuit court.

## II.   LINDSEY WAS DENIED HER RIGHT TO A REASONABLE LEVEL OF ASSISTANCE OF COUNSEL ON HER POST-CONVICTION PETITION.

Lindsey's first argument on appeal is that she was denied the reasonable assistance of counsel on her post-conviction petition. Her *pro se* petition attached only her affidavit, referred to alibi witnesses for whom she did not attach affidavits, and as her claim was in part for ineffective assistance of trial counsel, such affidavits were vital, but post-conviction counsel

11

did not secure them or amend her petition to include them, or make any necessary amendment, for that matter.

The purpose of the Act is to provide an original and independent remedy by a proceeding which is civil in nature to investigate the existence of a substantial denial of the constitutional rights of a prisoner in the proceedings in which he was convicted. People v. Wakat, 415 Ill. 610, 114 N.E.2d 706 (1953). The Act provides for appointed counsel, who must consult with the petitioner by mail or in person, ascertain his grievances, examine the trial record, and then amend the petition so it adequately represents petitioner's claims. People v. Slaughter, 39 Ill.2d 278, 235 N.E.2d 566 (1968); Illinois Supreme Court Rule 651.

Because the Act creates the concept that the counsel can be appointed for the petitioner, the post-conviction petitioner cannot claim the *ineffective* assistance of his post-conviction counsel, because the provision of counsel under the Act is a creation of statute, and is not of a constitutional dimension. A petitioner is thus only entitled to a "reasonable level of assistance of counsel" under the Act. People v. Wright, 149 Ill. 2d 36, 594 N.E.2d 276 (1992), cert. denied, 506 U.S. 1004 (1992). He is not entitled to effective assistance, but reasonable assistance, on his post-conviction proceeding. People v. Guest, 166 Ill. 2d 381, 655 N.E.2d 873 (1995), cert. denied, 116 S. Ct. 1272 (1996). Accordingly, a post-conviction petitioner can only raise the issue of whether he was denied a reasonable level of assistance by his counsel, not a Sixth Amendment "effective" assistance violation. People v. Flores, 153 Ill. 2d 264, 606 N.E.2d 1078 (1992), cert. denied sub nom., Flores v. Illinois, 510 U.S. 831, 114 S. Ct. 102 (1993).

Lindsey here contends that she was denied a reasonable level of assistance on her post-conviction petition, based on post-conviction counsel's failure to secure an amendment of her pro se petition, including the submission of affidavits.

12

## A.    COUNSEL DID NOT FULFILL HIS RULE 651 OBLIGATIONS.

Lindsey's post-conviction counsel apparently conferred with her, and looked the records, and even interviewed, or intended to interview witnesses, but then did not amend her petition to submit affidavits, as he repeatedly told the court he was going to do.  Post-conviction counsel did not fulfill his Supreme Court Rule 651(c) obligations to Lindsey by that failure, and therefore she was denied a "reasonable" level of representation on her petition.

Illinois Supreme Court Rule 651(c) provides that where counsel is appointed for a post-conviction petition and an appeal is taken, that "the record filed in that court shall contain a showing, which can be made by the certificate of petitioner's attorney, that the attorney consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of proceedings at the trial, and *had made any amendments to the petitions filed pro se that are necessary to an adequate representation* of petitioner's contentions." Ill. Sup. Ct. Rule 651(c)(emphasis added).  The purpose of the Rule 651(c) certificate is not just a formality, but is to ensure that the petitioner is provided with the proper representation under the Act. People v. Davis, 229 Ill. App. 3d 869, 594 N.E.2d 423 (5th Dist. 1992), rev'd on other grounds, 156 Ill. 2d 149, 619 N.E.2d 750 (1993).

It is clear that post-conviction counsel must consult with the petitioner and must review the record.  Where the record shows that post-conviction counsel did not consult with the petitioner and had not examined the record, the petitioner is denied proper representation. People v. Tyner, 40 Ill. 2d 1, 238 N.E.2d 377 (1968).  If the situation warrants it, counsel must also file an amended petition on the petitioner's behalf.  Post-conviction counsel is not required in every circumstance to file an amended petition for the petitioner. People v. Spreitzer, 143 Ill. 2d 210, 572 N.E.2d 931 (1991), cert. denied, 502 U.S. 985, 112 S. Ct. 594 (1991).  Post-conviction counsel who fails to amend the petition is not considered incompetent

13

*per se*, but that is only if there is no constitutional issue raised.  People v. Ballinger, 53 Ill. 2d 388, 292 N.E.2d 400 (1973).  Here, three consitutional issues were raised by Lindsey.

Reviewing the record as to what post-conviction counsel did, the matter was pending for two and a half years on Lindsey's post-conviction petition (filed March 27, 1998, ruled upon September 29, 2000).  The office of the Public Defender was her counsel for the petition from April 1998 onward.  (C. 38)  After two years had passed, on March 10, 2000, counsel asked for a continuance of the matter in open court because "I have done substantial interviewing of some individuals over the last—since the last court date.  I still need to do more to work it up....I do need to be interviewing before finalizing a supplemental [petition]." (R. 9)  When the court inquired if counsel would be filing a supplemental petition, counsel stated: "It appears so.  There are a number of witnesses that I anticipate will be able to give us affidavits for that reason I would like to have the opportunity to complete the work."  (R. 9)  The court granted the continuance for three months.

The next court date was June 9, 2000, at which time counsel had filed a written motion for extension of time to file a supplemental petition.  (R. 12, C. 38)  In the written motion, counsel stated that he had "conducted investigation aimed at substantiating the alibi defense presented at trial; and interviewed several witnesses suggested to counsel by Petitioner."  (C. 38)  Counsel also referred to an issue of wanting time to have a psychological evaluation of Lindsey performed to determine her mental state at the time she was interviewed by the police, as she contended her inculpatory statement was made to the police under duress and coercion. (C. 39)

In open court on the motion, counsel focused on the psychological test as the basis for the need for an extension.  (R. 12-13)  The court denied the continuance, because "if you can't get the investigation done ...in two years, then we are going to have to—I mean, I was warning

14

the Public Defender since I first took over this call that we are going to start moving on these things. So, it's going to rise or fall on the petitioner's *pro se* motion....If at some point before we have a hearing on the motion you have done your work and you want to ask leave to supplement it, I will consider that at that time." (R. 14) The matter was then set for hearing on a motion to dismiss that the State apparently planned to file. (R. 14)

By the time of that hearing, September 29, 2000, the State had indeed filed a motion to dismiss, and post-conviction counsel had filed his Rule 651 certificate. (R. 18, C. 41, 45) Counsel had not apparently "done [his]... work in the interim, and had not tried to supplement the petition. Instead, in open court counsel stated that he had filed the certificate, "and am unable, at this point in time, to file a supplemental to the post-conviction case as well." (R. 18) No further explanation of the affidavits that had been referred to several times, was made. With that, the court ruled, granting the motion to dismiss, and denying Lindsey's *pro se* petition, which lacked the necessary affidavit support, even though she had had counsel for two years on this very petition.

The petitioner here, Lindsey, contends that the failure to amend the petition resulted in the omission of significant factual support from alibi witnesses, which support her claims of ineffective assistance of trial counsel. Where there was patent merit to the issues that the petitioner claims as error, then post-conviction counsel should amend the *pro se* petition. People v. Jones, 36 Ill. App. 3d 315, 343 N.E.2d 525 (1st Dist. 1976). This very type of failure to amend denied Lindsey reasonable representation on her petition, and therefore it should be remanded for further proceedings with competent counsel.

**B.** **SINCE ISSUES LINDSEY HAD RAISED IN HER *PRO SE* PETITION COULD BE RES JUDICATA DUE TO THE APPELLATE COURT'S DECISION, EVEN GREATER REASON EXISTED FOR COUNSEL TO AMEND THE PETITION.**

15

Further, post-conviction counsel's performance was also less than reasonable in this case because he proceeded on Lindsey's *pro se* petition even though some of it might have been mooted by the Appellate Court's decision on Lindsey's direct appeal.

Any issue or claim of error not properly raised and presented in the trial court is not considered on appeal. Where there has been a direct appeal, all the issues actually adjudicated on appeal are res judicata, and all issues that could have been raised on appeal are considered waived. People v. Stewart, 123 Ill. 2d 368, 528 N.E.2d 631 (1988), cert. denied sub nom., Stewart v. Illinois, 489 U.S. 1072 (1989).

Due to the appellate court ruling in this case, post-conviction counsel should have worked with Lindsey to amend her petition to plead whatever constitutional issues could be properly considered for post-conviction relief. Ineffective assistance of counsel of a constitutional dimension is certainly one such issue that can be raised in a post-conviction petition, even after a direct appeal. People v. Downey, 198 Ill. App. 3d 704, 556 N.E.2d 300 (2d Dist. 1990)(post-conviction petition raised issue of ineffective assistance of trial counsel who did not challenge defendant's arrest and his statements made thereafter; issue was not raised on direct appeal, but was not waived, because it was patently meritorious, warranted a hearing, and if it had been raised on direct appeal, would have been a strong argument).

Post-conviction counsel should have amended Lindsey's petition because as it stood, it was arguably insufficient, based on the issues presented, and the lack of exhibits to support it by way of affidavit, and to proceed on it without amendment wasted the circuit court's time and denied Lindsey her right to air the constitutional issues she could still raise for some post-conviction relief. Accordingly, counsel's assistance fell below that reasonable level that the Act requires. People v. Johnson, 232 Ill. App. 3d 672, 597 N.E.2d 1258 (5th Dist. 1992)(post-conviction counsel's failure to attach affidavits).

As the post-conviction statute contemplates the filing of only one post-conviction petition, People v. Mackey, 229 Ill. App. 3d 784, 595 N.E.2d 133 (2d Dist. 1992), it must be done correctly, and the correct procedure here required the filing of an supplemental petition, which counsel did not do.  As such, the matter should be reversed and remanded on this basis.

### III.   LINDSEY WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO HIS FAILURE TO INVESTIGATE AND PRESENT ALIBI WITNESSES, AND THE ISSUE WAS NOT WAIVED OR RES JUDICATA AFTER THE DIRECT APPEAL.

This case does present issues of waiver and res judicata given that there was a direct appeal of Lindsey's conviction.   Lindsey's *pro se* petition's first argument was lack of proof beyond a reasonable doubt, which if not raised on direct appeal, is considered waived.  Her third argument about the propriety of an photo array identification, versus a live in person line up was also not raised on direct appeal, and could have been, and therefore is considered waived.  Further, it was raised as a basis for the ineffective assistance issue on direct appeal, and was found in that context to be no error.

Lindsey's second argument, however, as to ineffective assistance of counsel, should not be considered waived or res judicata in this case.

Indeed this Court was presented with an ineffective assistance issue on direct appeal, (*see* no. 1-95-1535, Section IV), but it was specifically focused on counsel's failure to impeach witnesses Hess' and Eiselt's eyewitness identification of Lindsey, to argue against the photo array identification of her by them, and failure to argue the involuntary nature of Lindsey's inculpatory statement to the police.  *Id.*   As to each of these three bases for ineffective assistance, this Court held that Lindsey's counsel had provided effective assistance.

On this post-conviction petition, however, Lindsey is raising different bases of ineffective assistance that could not have been brought on direct appeal, because they go to

17

issues that are outside of the four corners of the record, and therefore are only appropriately considered in this collateral proceeding, contrary to how the circuit court saw the matter.

The circuit court judge stated that as to Lindsey's ineffective assistance claim, that the failure to challenge the photo array/line up issue was res judicata, and that "the other allegations of ineffective assistance of counsel seem to be that the trial attorney allegedly failed to investigate her alibi and interview the witnesses who would have attested to her alleged alibi defense. The allegation does not state who these witnesses are or what they would have said, unless the witness is referring to Jerry St. Clair[] and Paul Quiroz." (R. 19)  That is indeed who was being referred to. The court then noted that Lindsey alleged that counsel only talked to these witnesses briefly months before the trial, and spent only a short time with them, so therefore he was not able to develop support for her alibi defense with these witnesses. (R. 20) The court ruled that the petition, without affidavit support of what these witnesses would say and who they were, was deficient. (R. 20)

This issue should be allowed to be developed on remand. The ineffectiveness of counsel's assistance on whether he interviewed St. Clair and Paul Quiroz, when he did it, what information they could provide, why he stated he was getting affidavits from seemingly cooperating witnesses, but then his failure to file those affidavits, can only be established through matters outside the record, and are thus not waived and appropriate for a post-conviction petition.

When an issue is one which could only be proven by facts (if they exist) from outside the record, the issue could not then have been raised on direct review, so if such an issue is raised by means of a post-conviction petition, such issue is not barred by waiver or res judicata. People v. Piper, 272 Ill. App. 3d 843, 651 N.E.2d 739 (5th Dist. 1995)(fact that post-conviction petitioner had not raised issue of whether his attorney deprived him of his

18

constitutional right to testify on his own behalf was not barred by waiver or res judicata in post-conviction petition, and petition required inquiry into matters outside the record); People v. Nix, 150 Ill. App. 3d 48, 501 N.E.2d 825 (3d Dist. 1986)(post-conviction petition alleging ineffective assistance because counsel did not allow defendant to testify in his own defense was not barred by direct appeal, as the issue would not have been revealed by the common law record but only revealed through attorney and client communications that were outside of that record).  The purpose of a post conviction proceeding is to address constitutional issues that could not have been raised in a prior proceeding.  People v. Assenato, 257 Ill. App. 3d 1026, 629 N.E.2d 166 (2d Dist. 1994).

In her pro se petition, Lindsey averred to interactions between her and trial counsel, and between potential key witnesses and trial counsel (and the lack thereof).  (C. 36)  She avers to counsel's inaction in contacting her witnesses, which she apparently had knowledge of such inaction.  Lindsey's theory of defense was that the she was not the perpetrator of this crime, and that she had an alibi.  There was evidence to suggest that the eyewitnesses could have misidentified her, given that she has some unusual physical features (heavy weight while short of stature, tatoos, hairstyle).  That being the case, alibi witnesses could have been of great assistance to support that defense, such that it could have made a difference in the outcome of the case.  As the issue should not have been waived or res judicata, review of the applicable law shows that Lindsey was denied effective assistance of counsel at both the trial and appellate levels.

## A.  THE UNITED STATES AND ILLINOIS CONSTITUTIONS GUARANTEED LINDSEY THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

The Sixth Amendment of the United States Constitution guarantees the right to counsel for criminal defendants.  U.S. Const., Am. VI.  "In an adversary system of criminal justice,

19

there is no right more essential than the right to the assistance of counsel." Lakeside v. Oregon, 435 U.S. 333, 341, 98 S. Ct. 1091, 1096, 55 L.Ed.2d 319, 326 (1978). Under the Sixth Amendment, the accused has the right to *effective* assistance of counsel, which is applicable to state criminal proceedings through the due process clause of the Fourteenth Amendment. Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S. Ct. 1708, 1716, 64 L.Ed.2d 333, 343-44 (1980); People v. Knippenberg, 66 Ill. 2d 276, 285, 362 N.E.2d 681, 685 (1977). The Illinois Constitution provides the same guaranties. Ill. Const., Art. I, sec. 2, 8.

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the test to determine whether a defendant has received his Sixth Amendment right to effective assistance of counsel at all critical stages of the criminal process. Under Strickland, for the defendant to obtain a reversal of his conviction, both components of the following two-prong test must be shown:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L.Ed.2d at 693. See also People v. Albanese, 104 Ill.2d 504, 525, 473 N.E.2d 1246, 1255 (1984).

Concerning the first prong of the Strickland test, as the defendant must show that his counsel's performance was deficient, he must first identify the acts or omissions of his counsel and the court must then determine whether such acts or omissions, in light of all the circumstances, were outside "the wide range of reasonable professional assistance."

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.E.2d at 698.  Accordingly, the defendant

must prove that his "counsel's representation fell below an objective standard of

reasonableness." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.E.2d at 693; Albanese,

104 Ill.2d at 525, 473 N.E.2d at 1255.  Under the second Strickland prong, the defendant must

also show that the deficient performance of his counsel prejudiced his defense.  "The defendant

must show that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.

Ct. at 2068, 80 L.Ed.2d at 698.

There is generally a strong presumption that trial counsel's performance fell within the

"wide range of reasonable professional assistance" and that it was sound trial strategy to do

whatever he did.  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694-95;

People v. Whittaker, 199 Ill. App. 3d 621, 627, 557 N.E.2d 468, 472 (1st Dist. 1990).

Further, a trial counsel's actions are evaluated without hindsight and in light of the totality of

the circumstances.  Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065, 80 L.Ed.2d at 694;

People v. Davidson, 196 Ill. App. 3d 634, 638, 554 N.E.2d 444, 446 (1st Dist 1990).  Based

on this standard, Lindsey was denied the effective assistance of trial counsel in this case.

**B.     LINDSEY'S TRIAL COUNSEL FAILED TO PROVIDE
        EFFECTIVE ASSISTANCE IN THAT HE FAILED TO INVESTIGATE,
        OR PRESENT ADEQUATE DEFENSE EVIDENCE, INCLUDING
        SECURING TESTIMONY OF ALIBI WITNESSES.**

In this case, there was no physical evidence linking Lindsey to the victim, and for

which the only evidence linking her to the victim was her own supposed inculpatory statement

to the police.  If the evidence had been fully investigated, and presented, in particular the

presentation of alibi witnesses with Lindsey has indicated existed, the outcome of the trial

would have likely been different.

A defense counsel's representation falls below the objective standards of reasonableness when he fails to investigate evidence which would have established a foundation for certain testimony. People v. House, 141 Ill. 2d 323, 386, 566 N.E.2d 259, 287 (1990)(counsel failed to investigate evidence which would have established foundation for certain testimony that victim described someone other than defendant at scene, and due to closeness of the evidence, counsel's failure likely affected the outcome of the case). A trial attorney has a duty to conduct both factual and legal investigations on behalf of his client and the failure to conduct such an investigation and present the evidence that would have been disclosed amounts to ineffective assistance of counsel. People v. Morris, 3 Ill. 2d 437, 452, 121 N.E.2d 810, 819 (1954).

Trial counsel did not do this investigation or call the appropriate witnesses. It cannot therefore be speculated that he just did not think this kind of testimony was helpful or might be objected to on some evidentiary basis. An attorney who fails to make a full investigation is in no position to make strategic decisions about calling witnesses or presenting testimony. People v. Truly, 230 Ill. App. 3d 948, 954, 595 N.E.2d 1230, 1234 (1st Dist. 1992). In Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992), a federal appeals court held that trial counsel's assistance was ineffective when he failed to contact two witnesses who were with the defendant during the events which led to his arrest. The decision not to contact the witnesses could not considered strategic, where counsel had neglected to make any investigation and there was no reason to believe that the investigation would prove futile. 975 F.2d at 1345. The defendant was found to have been prejudiced because the witnesses would have directly contradicted the complainant and would have provided an innocent explanation for the incident. 975 F.2d at 1345.

In the case at bar, there could be no sound strategic reason for counsel's failure to secure critical witnesses, such as alibi witnesses is a first degree murder case where the defendant faced the death penalty. Given all the circumstances and facts of this case, the failure of defense counsel to explore, investigate and present evidence was not strategic or tactical, but an unreasonable lapse in representing Lindsey's interests at trial.

Whether defense counsel's failure to investigate is ineffective assistance depends on the value of the evidence which was not presented at trial and the closeness of the evidence that was presented. People v. Dillard, 204 Ill. App. 3d 7, 10, 561 N.E.2d 1219, 1220 (3d Dist. 1990). Here, other than the inculpatory statement made by Lindsey under duress, there was no other evidence that credibly linked Lindsey to the victim, and since she maintained her had an alibi, the missing evidence was therefore valuable. As such, Lindsey was pejudiced by her counsel's failure to investigate it. Where the evidence is closely balanced and the defense fails to present additional evidence, the defendant is entitled to a new trial because the state's evidence was not subjected to meaningful testing. People v. Garza, 180 Ill. App. 3d 263, 535 N.E.2d 968 (1st Dist. 1989)(new trial was granted for ineffective assistance when defense counsel failed to call alibi witnesses or to elicit inconsistencies from state's only eyewitness who linked defendant with the crime).

Due to the nature of the evidence against Lindsey, the prejudice of this lack of an alibi defense can be seen. Counsel's failure to investigate and call such witnesses amounted to ineffective assistance because the evidence in this case called for a stronger defense that what counsel put on.

As set forth above, Lindsey has been prejudiced by her counsel's lapses at trial. Based on these points, there is at least a "reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct.

23

at 2068, 80 L.Ed.2d at 698. As the Supreme Court has stated, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L.Ed.2d at 698. That standard is met in the situation here, and this Court should find that Lindsey was denied the effective assistance of counsel.

## IV.    LINDSEY'S PETITION SHOULD BE REMANDED FOR FURTHER PROCEEDINGS AND A HEARING ON THE ISSUES RAISED.

The decision to dismiss a petition for post-conviction relief without an evidentiary hearing is within the court's discretion and it will be reversed only for an abuse of that discretion. People v. Hartfield, 232 Ill. App. 3d 198, 203, 596 N.E.2d 703, 707 (1st Dist. 1992). A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right, People v. Titone, 151 Ill. 2d 19, 24, 600 N.E.2d 1160, 1163 (1992), but a hearing is required when the allegations of the petition, supported by the record or the affidavits, makes a showing of a violation of a constitutional right. People v. Del Vecchio, 129 Ill. 2d 265, 279, 544 N.E.2d 312 (1989); People v. Guillen, 261 Ill. App. 3d 1092, 1097, 634 N.E.2d 1271, 1273 (2d Dist. 1994).

What is clear here is that the circuit court did not have before it all the pertinent facts concerning Lindsey' post-conviction constitutional allegations, as it did not conduct any hearing on the petition. This is a circumstance where a hearing should be held. People v. Downey, 198 Ill. App. 3d 704, 556 N.E.2d 300 (2d Dist. 1990)(post-conviction petition raised issue of ineffective assistance of trial counsel who did not challenge defendant's arrest and his statements made thereafter; issue was not raised on direct appeal, but was not waived, because it was patently meritorious, warranted a hearing, and if it had been raised on direct appeal, would have been a strong argument); People v. Nix, 150 Ill. App. 3d 48, 501 N.E.2d 825 (3d Dist. 1986)(post-conviction petition alleging ineffective assistance because counsel did not allow defendant to testify in his own defense was not barred by direct appeal, as the issue

would not have been revealed by the common law record but only revealed through attorney and client communications that were outside of that record).

Lindsey's *pro se* petition raised adequately doubt as to whether she was denied basic fundamental constitutional rights, such as effective assistance of counsel. As is often the case on ineffective assistance claims, there are factual issues in dispute. Generally, a factual conflict requires an evidentiary hearing. <u>Brumas</u>, 142 Ill. App. 3d at 180, 491 N.E.2d at 775. Lindsey's petition sufficient legal merit to warrant a remand to the circuit court for competent post-conviction counsel to be appointed to conduct an evidentiary hearing on the constitutional issues raised.

## **CONCLUSION**

For the foregoing reasons, Petitioner-Appellant Jerry Lindsey prays that this Court reverse the circuit court's ruling on her post-conviction petition and order that legal counsel be appointed for her and that an evidentiary hearing be held on the issues presented.

Respectfully submitted,

PATRICIA A. WRONA, Esq.
188 West Randolph Street Suite 2107
Chicago, Illinois 60601
312-251-9402
and

MICHAEL J. PELLETIER, Esq.
Deputy Defender
Office of the State Appellate Defender
100 West Randolph Street Suite 5-500
Chicago, Illinois 60601
312-874-5472

COUNSEL FOR PETITIONER-APPELLANT

25

## APPENDIX TO THE BRIEF

INDEX TO THE RECORD — i

ORDER OF THE CIRCUIT COURT — xii

NOTICE OF APPEAL — xiii

## INDEX TO THE RECORD

|  | **Page** |
|---|---|
| **Common Law Record--Volume I (C1 to C53)** | |
| Cover Sheet | C1 |
| Docket Sheet | C2 |
| 3/27/98 Pro Se Petition for Post-Conviction Relief | C17 |
| Application to Sue or Defend as a Poor Person | C31 |
| Motion for Appointment of Counsel | C33 |
| 6/9/00 Motion for Extension to File Supplemental Post-Conviction Petition | C38 |
| 8/17/00 Motion to Dismiss | C41 |
| 9/15/00 Rule 651 Certification | C45 |
| 10/5/00 Rule 651 Notice | C47 |
| 10/2/00 Certified Report of Disposition | C48 |
| 9/29/00 Notice of Appeal | C49 |
| 10/13/00 Amended Notice of Appeal | C50 |
| 10/10/00 Notice of Notice of Appeal | C51 |
| Certification of Record by Circuit Court Clerk | C53 |
| **Report of Proceedings--(R1 to R24)** | |
| **December 17, 1999** | |
| Continuance | R6 |
| Certificate by Court Reporter | R7 |
| **March 10, 2000** | |

Continuance        R9

Certificate by Court Reporter      R10

**June 9, 2000**

Motion for Extension of Time Denied     R12

Certificate by Court Reporter      R16

**September 29, 2000**

Hearing on Motion to Dismiss Post Conviction Petition    R18
       Granted      R21

Certificate of  Court Reporter      R22

Report of Compliance      R23

Court Clerk's Certificate      R24

**Trial Common Law Record (TC1-C102)**

Docket Sheet      TC1

11/16/92 Indictment      TC8

10/15/92 Arrest Report      TC13

10/16/92 Complaint for Preliminary Examination      TC14

11/5/92 Defense Attorney Appearance      TC17

12/2/92 Discovery Rules Order      TC19

12/2/92 Defense Motion for Discovery      TC20

9/21/93 Motion to Withdraw as Defense Counsel      TC25

11/23/93 Defense Motion to Suppress Statements and Identification      TC26

1/19/94 State's Answer to Discovery      TC30

ii

2/14/94 Defendant's Letter seeking appointment of Counsel     TC35

4/13/94 Defense Motion to Suppress Statements     TC36

5/25/94 State's Motion for Continuance     TC44

6/23/94 Defense Motion for Continuance     TC46

6/28/94 Defense Motion for Lie Detector Test     TC48

6/28/94 Defense Motion to Withdraw as Counsel     TC52

11/14/94 Defendant's Answer to Discovery     TC57

11/14/94 Waiver of Jury Trial     TC60

12/15/94 State's Motion for Continuance     TC61

2/10/95 No Bail Guilty Order     TC63

Employment Verification Form     TC64

2/14/95 Guilty Finding     TC65

2/23/95 Impounding Order     TC66

2/23/95 Impounded Evidence Intake Report     TC68

Trial Exhibits     TC69

2/10/95 Notice of Investigation Order     TC71

3/27/95 Order of Sentence     TC72

3/27/95 P.S.I. Verification Material Request     TC74

3/27/95 Investigative Report     TC75

3/27/95 Motion in Arrest of Judgment and for a New Trial     TC85

4/5/95 Notice of Appeal     TC87

4/5/95 Notice of Notice of Appeal     TC88

4/25/95 Pro Se Notice of Appeal                                TC90

6/20/95 Motion for Extension of Time to File Record            TC98

Court Clerk's Certificate                                      TC102

### Trial Report of Proceedings Vol. I (TRA-1 to F-101)

**December 2, 1992**

Arraignment                                                    TRA-2
    Not Guilty Plea Entered                 TRA-3

Court Reporter's Certificate                                   TRA-4

**March 2, 1993**

Continuance                                                    TRB-2

Court Reporter's Certificate                                   TRB-4

**September 21, 1993**

Motion to Withdraw                                             TRC-2
    Denied                                  TRC-4

Court Reporter's Certificate                                   TRC-8

**February 15, 1994**

Pro Se motion for appointment of counsel                      TRD-1
    Denied                                  TRD-8

Defense Motion to Quash Arrest                                 TRD-12
Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Raymond Schalk | TRD13 | | | |

Continuance                                                    TRD-48

**February 16, 1994**

Continuance                                                    TRE-3

Court Reporter's Certificate                                              TRE-5

**February 17, 1994**

Defense Motion to Quash Arrest (continued)                                TRF-2
Witnesses:

|                  | Direct | Cross | Redirect | Recross |
|------------------|--------|-------|----------|---------|
| Raymond Schalk   | --     | F-4   | F-32     |         |
| Irene Quiroz     | F-53   | F-58  | F-63     |         |
| Jerry Lindsey    | F-62   | F-74  | F-85     |         |
| Jack Hines       | F-89   | F-94  |          |         |

Court Reporter's Certificate                                              TRF-101

Circuit Court Clerk's Certificate                                         --

**Trial Report of Proceedings Vol. II (TRG-1 to L-15)**

**February 18, 1994**

Motion to Suppress Arrest Argument                                       TRG-2
    By the Defense                                                        TRG-2
    Denial by the Court                                                   TRG-48

Court Reporter's Certificate                                              TRG-51

**April 14, 1994**

Continuance                                                              TRH-2

Court Reporter's Certificate                                             TRH-4

**May 25, 1994**

Continuance                                                              TRI-2

Court Reporter's Certificate                                             TRI-14

**June 22, 1994**

Continuance                                                              TRJ-2

Court Reporter's Certificate                                             TRJ-4

v

**June 28, 1994**

| | |
|---|---|
| Defense Motions to Withdraw and for Court Appointed Lie Detector Test | TRL-2 |
|     Denied | TRL-12 |
| | |
| Court Reporter's Certificate | TRL-15 |
| | |
| Circuit Court Clerk's Certificate | -- |

## Trial Report of Proceedings Vol. III (TRM-1 to M-165)

**September 12, 1994**

| | |
|---|---|
| Motion to Suppress Statements | TRM-3 |
|     Opening By the State | TRM-6 |
|     Opening by the Defense | TRM-8 |

Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Raymond Schalk | M-11 | M-25 | | |
| Jerome Bogucki | M-42 | M-60 | | |
| Robert Tovar | M-67 | M-79 | | |
| Julie Nelson | M-85 | M-96 | | |
| Jerri Lindsey | M-103 | M-122 | | |

| | |
|---|---|
| Court Reporter's Certificate | TRM-165 |
| | |
| Circuit Court Clerk's Certificate | -- |

## Trial Report of Proceedings Vol. IV (TRN-1 to P-89)

**September 13, 1994**

| | |
|---|---|
| Motion to Suppress Statements (continued) | TRN-1 |
|     Argument by the Defense | TRN-1 |
|     Argument by the State | TRN-20 |
|     Denial by the Court | TRN-24 |
| | |
| Court Reporter's Certificate | TRN-32 |

**November 14, 1994**

Defense Motion for a Continuance Granted                    TRO-3

Waiver of Jury Trial                                        TRO-14

Court Reporter's Certificate                                TRO-18

**January 4, 1995**

**Trial**

Motion to Exclude Witnesses Granted                         TRP-3

Opening Statements
    By the State                                      TRP-4
    By the Defense                                    TRP-9

State Witnesses:

|              | Direct | Cross | Redirect | Recross |
|--------------|--------|-------|----------|---------|
| June Hess    | P-13   | P-32  | P-50     |         |
| John Eiselt  | P-52   | P-66  | P-86     |         |

Court Reporter's Certificate                                TRP-89

Circuit Court Clerk's Certificate                           --

**Trial Report of Proceedings Vol. V (TRQ-1 to S-120)**

**January 6, 1995**

**Trial (Continued)**

Continuance                                                 TRQ-2

Court Reporter's Certificate                                TRQ-4

**January 9, 1995**

**Trial (Continued)**                                       TRR-2

State Witnesses:

|              | Direct | Cross | Redirect | Recross |
|--------------|--------|-------|----------|---------|
| Jack Hines   | R-4    | R-23  |          |         |

Court Reporter's Certificate                                    TRR-34

**January 10, 1995**

**Trial (Continued)**

State Witnesses:                                                TRS-3

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Julie Nelson | S-3 | S-24 | | |
| Michael Gallagher | S-45 | | | |
| Jerome Bogucki | S-57 | | | |

Court Reporter's Certificate                                    TRS-120

Circuit Court Clerk's Certificate                              --

**Trial Report of Proceedings Vol. VI (TRT-1 to T-173)**

**January 11, 1995**

**Trial (Continued)**

State Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Jack St. Clair | T-4 | T-14 | T-21 | T-23 |
| Jerome Bogucki | -- | T-25 | T-67 | |
| Rita Bennett | T-71 | | | |

State Rests                                                    TRT-84

Defense Motion for a Directed Finding--denied                  TRT-84

Defense Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Irene Quiroz | T-86 | T-119 | T-149 | |

Court Reporter's Certificate                                   TRT-173

Circuit Court Clerk's Certificate                              --

**Trial Report of Proceedings Vol. VII (TRV-1 to V-159)**

**January 30, 1995**

**Trial (Continued)**

Defense Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Robert Quiroz | V-3 | V-13 | V-18 | |
| Amelia Quiroz | V-19 | V-28 | V-38 | |
| Olga Martinez | V-39 | V-44 | V-51 | |
| Dorothy Ramirez | V-53 | V-60 | V-71 | V-75 |
| | V-78 | V-79 | | |
| Jerome Bogucki | V-89 | | | |
| Jeri Lindsey | V-93 | V-116 | V-154 | |

Court Reporter's Certificate                    TRV-159

Circuit Court Clerk's Certificate                    --

## Trial Report of Proceedings Vol. VIII (TRW-1 to Y-16)

**January 31, 1995**

**Trial (Continued)**

Defense Rests                    TRW-6

State Rebuttal Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Les Balaszek | W-7 | W-11 | W-22 | W-25 |
| Ernest Halvorsen | W-30 | W-34 | | |
| Julie Nelson | W-40 | W-40 | | |
| Jerome Bogucki | W-50 | W-62 | W-65 | |
| Robert Tovar | W-69 | W-72 | | |

State Rests in rebuttal                    TRW-73

Court Reporter's Certificate                    TRW-79

**February 7, 1995**

**Trial (Continued)**                    TRY-1

Defense Sure Rebuttal Witnesses:

| | Direct | Cross | Redirect | Recross |
|---|---|---|---|---|
| Irene Quiroz | Y-3 | Y-6 | Y-9/13 | Y-12 |
| Jerry Lindsey | Y-14 | | | |

Court Reporter's Certificate                                        TRY-16

Circuit Court Clerk's Certificate                                    --

## Trial Report of Proceedings Vol. IX (TRZ-1 to AA-33)

### February 10, 1995

### Trial (Continued)

Closing Arguments
    By the State                                         TRZ-3
    By the Defense                                       TRZ-17
    By the State                                         TRZ-39

Findings by the Court                                              TRZ-59

Guilty Finding by the Court                                        TRZ-65

Motion for revocation of bond granted                              TRZ-67

Court Reporter's Certificate                                       TRZ-68

### March 27, 1995

Defense Motion for a New Trial                                     TRAA-2
    By the Defense                                       TRAA-2
    By the State                                         TRAA-12
    By the Defense                                       TRAA-12
    Denial by the court                                  TRAA-17

Sentencing                                                        TRAA-17

Finding of Eligibility for Death Penalty                          TRAA-18

Aggravation by the State                                          TRAA-19

Mitigation by the Defense                                         TRAA-22

Statement by the Defendant                              TRAA-25

Sentencing by the Court                                 TRAA-27

Court Reporter's Certificate                            TRAA-33

Circuit Court Clerk's Certificate                       --

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                 )
                                 )      CASE NO.
                                 )
               VS.               )      92CR 25135
                                 )
   Jeri Lindsey                  )
                                 )

CERTIFIED REPORT OF DISPOSITION

The following disposition was rendered before the Honorable Judge   Epstein

On 9/29/00 Hon. Judge Epstein, Post
Trial Petition Dismissed.
State Appellate Defender Appointed
on your Appeal.

I hereby certify that the foregoing has been entered of record
on the above captioned case.

Date:    Oct. 2, 00

   Aurelia Pucinski      MR
AURELIA PUCINSKI, Clerk of the Circuit Court

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

XII

TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT
FROM THE CIRCUIT COURT OF COOK COUNTY

PEOPLE OF THE STATE OF ILLINOIS,      )
                                       )
               Plaintiff-Appellee,     )      NO      92CR25135
                                       )      Post-Conviction
                                       )
        vs.                            )      The Honorable
                                       )      James A. Epstein,
JERRI LINDSEY,                         )      Judge Presiding.
                                       )
               Defendant-Appellant.    )

F I L E D

OCT 1 3 2000

AURELIA PUCINSKI

### AMENDED NOTICE OF APPEAL

| | |
|---|---|
| Appellant's Name: | Jerri Lindsey |
| | Reg. No. B-49150 |
| Appellant's Address: | Logan CC; 1096 1350th St., Box 1000; Lincoln, IL 62656 |
| Appellant's Attorney: | State Appellate Defender; 100 W. Randolph, Suite 5-500; Chicago, IL 60606 |
| Offense: | Murder, armed robbery |
| Judgmt Appld From: | Dismissal of post-conviction petition, 9/29/00 |
| Sentence: | 45 yrs IDOC |

_____
Attorney for Appellant

### ORDER OF APPOINTMENT

IT IS HEREBY ORDERED that, because Appellant is indigent, being presently represented by court-appointed counsel, the State Appellate Defender is appointed as counsel on appeal.

Date: __10-13-00__          Judge: __James R Epstein 1783__

RITA FRY
COOK COUNTY PD
Atty. No. 30295
Ronald Haze, APD
69 W. Washington Blvd., 17th FL
Chicago, IL 60602
312/603-8300

NO. 00-3480

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

PEOPLE OF THE STATE OF ILLINOIS,

                         Respondent-Appellee,

                vs.

JERRI LINDSEY,

                        Petitioner-Appellant.

Appeal from the Circuit Court of Cook County, Criminal Division.
Honorable **JAMES R. EPSTEIN**, Judge Presiding.

BRIEF AND ARGUMENT FOR
RESPONDENT-APPELLEE

RICHARD A. DEVINE,
  State's Attorney,
  County of Cook,
  Room 309 - Richard J. Daley Center,
  Chicago, Illinois 60602

Attorney for Respondent-Appellee

RENEE GOLDFARB,
MARY L. BOLAND,
LINDA HALPERIN ,
Assistant State's Attorneys,
    Of Counsel.

EXHIBIT N

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF ILLINOIS,

Respondent-Appellee,

vs.

JERRI LINDSEY,

Petitioner-Appellant.

---

## POINTS AND AUTHORITIES

### I.

**DEFENDANT HAS FAILED TO FULFILL THE
POST-CONVICTION ACT'S REQUIREMENTS TO
BE GRANTED AN EVIDENTIARY HEARING** ........... **10**
(Response to Defendant's Issues I & IV)

People v. Hickey, 2001 Ill.LEXIS 1080 (2001) ................................................. 10

People v. Owens, 129 Ill.2d 303,
        544 N.E.2d 276 (1989) ........................................................................ 10

People v. Flores, 153 Ill.2d 264,
        606 N.E.2d 1078 (1992) ...................................................................... 10

People v. Coleman 183 Ill.2d 366,
        701 N.E.2d 1063 (1998) ...................................................................... 10

People v. Todd, 178 Ill.2d 297,
        687 N.E.2d 998 (1997) ........................................................................ 10

People v. Enoch, 146 Ill.2d 44,
    585 N.E.2d 115 (1991) .......................................................................... 10

People v. Gaultney, 174 Ill.2d 410,
    675 N.E.2d 102 (1996) ......................................................................... 11

. People v. Moore, 189 Ill.2d 521,
    727 N.E.2d 348 (2000) ......................................................................... 11

People v. Simpson, ____ Ill.2d __ ,
    2001 Ill.LEXIS 1081 (2001)............................................................... 11

People v. Frieberg, 305 Ill.App.3d 840,
    713 N.E.2d 210 (4th Dist. 1999) ......................................................... 11

People v. Collins, No. 90679, slip op. at 5,
    ____ Ill.2d ___, 2002 Ill.LEXIS 292 (March 15, 2002) ....................... 11

People v. Downey, 198 Ill.App.3d 704,
    556 N.E.2d 300 (2d Dist. 1990) .......................................................... 12

People v. Nix, 150 Ill.App.3d 48,
    501 N.E.2d 825 (3rd Dist. 1986).......................................................... 12,13

People v.Brumas, 142 Ill.App.3d 178,
    491 N.E.2d 773 (3rd Dist. 1986) .......................................................... 13

725 ILCS 5/122-1 et seq. (West, 1999) ........................................................ 10

725 ILCS 5/122-2(b)...................................................................................... 11

## II.

### DEFENDANT RECEIVED A REASONABLE LEVEL OF POST-CONVICTION ASSISTANCE OF COUNSEL........................................................................................... 14

People v. Flores, 153 Ill.2d 264,
    606 N.E.2d 1078 (1992) ....................................................................... 14,16

Pennsylvania v. Finley, 481 U.S. 551,
    107 S.Ct. 1990 (1987) ......................................................................... 14

People v. Porter, 122 Ill.2d 64,
    521 N.E.2d 1158 (1988) ........................................................................ 14

People v. Owens, 139 Ill.2d 351,
    564 N.E.2d 1184 (1990) ........................................................................ 15

People v. Davis, 156 Ill.2d 149,
    619 N.E.2d 750 (1993) .......................................................................... 15

People v. White, 198 Ill.App.3d 781,
    556 N.E.2d 535 (1st Dist. 1989)............................................................ 15

725 ILCS 5/122-4 (West 1997) ...................................................................... 14,15

## III.

### THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TO OVERCOME RES JUDICATA CANNOT BE SUPPORTED.............     19

Strickland v. Washington, 466 U.S. 668,
    104 S.Ct. 1952 (1984) ........................................................................... 19

People v. Albanese, 104 Ill.2d 504,
    473 N.E.2d 1246 (1984)......................................................................... 19

People v. Bien, 277 Ill.App.3d 744,
    661 N.E.2d 511 (4th Dist. 1996)............................................................ 20

People v. Franklin, 167 Ill.2d 1,
    656 N.E.2d 750 (1995) .......................................................................... 20

People v. Smith, 2001 Ill.App.LEXIS 904 (*13)............................................. 20

People v. Palmer, 162 Ill.2d 465,
    643 N.E.2d 797 (1994)........................................................................... 20

People v. Dean, 226 Ill. App. 3d 465,
    589 N.E.2d 888 (1st Dist. 1992) ............................................................ 20

People v. Guest, 166 Ill.2d 381,
    655 N.E.2d 873 (1995).......................................................................... 20

3

People v. Odle, 151 Ill. 2d 168,
    601 N.E.2d 732 (1992) ............................................................... 20

People v. Dilliard, 204 Ill.App.3d 7,
    561 N.E.2d 1219 (3rd Dist. 1990) ........................................... 21

## ISSUES PRESENTED FOR REVIEW

Whether defendant has failed to fulfill the Post-Conviction Act's Requirements to be granted an evidentiary hearing.

Whether defendant received a reasonable level of post-conviction assistance of counsel.

Whether the claim of ineffective assistance of counsel to overcome res judicata cannot be supported.

## STATEMENT OF FACTS

Following a bench trial, defendant was found guilty of first degree murder and armed robbery, and was sentenced to 45 years' imprisonment. People v. Lindsey, 95-1535, Slip op. July 25, 1997.

On October 9, 1992, at about 2:30 p.m., June Hess and John Eiselt called Circle Cab Company to request a pick-up from the Empress Casino in Joliet Illinois. Lindsey, at 3. While they were waiting, they saw their cab stop and pick up defendant near the road and then proceed to pick them up. Id. Hess and Eiselt were taken to a nearby hotel at about 3:15 p.m., while defendant sat in the front seat. Id. Defendant had told them that she had to get to O'Hare Airport by 4:30 p.m. Id. According to an airport parking garage ticket stub, the cab driver entered the garage at 5:00 p.m. on October 9, 1992. Id.

On October 11, 1992, defendant reported to the police that she had been sexually assaulted by a cab driver who had taken her to a wooded area. Id. She claimed the driver pulled out a gun and forced her to have intercourse with him. Id.. at 9. She stated that she escaped by

5

stabbing him in the chest. Id. The reports from the hospital where defendant was treated indicated that she had not suffered any vaginal trauma. Id. at 4.

On October 12, 1992, the taxi driver, Rudolph Bennett, was found shot to death in a cab located in a parking lot at O'Hare Airport. Id. at 1. On October 13, 1992, a detective and other officers went to defendant's home and asked her to come to the police station to discuss the sexual assault and a homicide. Id. at 4. She agreed and further allowed the officers to fingerprint and photograph her. Id. While defendant was seated in an interview room, the police showed defendant's photograph to Eiselt and Hess, both of whom identified defendant as the woman who was riding in the victim's cab they took on October 9, 1992. Id. The police read defendant her Miranda rights as she had been identified as the last person seen with the victim. Id, at 4. Defendant then confessed to police that her sexual assault report was fabricated, but she claimed she was not involved in the murder. Id. at 6. Defendant agreed to take a polygraph examination in which she stated that she was present for the murder, but did not participate. Id.

On October 16, 1992, the assistant state's attorney advised defendant of her Miranda rights and then interviewed her. Id. at 6. In her written statement, defendant recounted stopping the cab and picking up an older couple. (C.L.69). After stopping to buy some liquor and dropping off the older couple, the cab driver took defendant to O'Hare and went into the parking garage. (C.L.69) Defendant decided that she was not going to pay the driver and as she attempted to exit the cab, he grabbed her arm. (C.L.69) The cab driver let go of her arm and put his hand on her throat. (C.L.69) Defendant noticed a gun in between the seats, grabbed it and it "went off more than once." (C.L.69) After she fired the gun, defendant took the driver's wallet and the gun and ran from the cab. (C.L.69) A lady stopped to pick her up and gave her a ride to an elevated train

6

stop. (C.L.69) She stopped to eat and get some liquor and then began "to worry about what she had done." (C.L.69 ) She went to South Chicago Hospital and reported a rape to avoid trouble for shooting the cab driver. (C.L.69) She admitted that the cab driver never used a weapon to threaten her and no sexual acts occurred. (C.L.69)

Defendant filed a motion to quash arrest and suppress evidence. Lindsey, at 2. The trial judge fund that the officers had probable cause to place defendant under arrest following her identification by Hess and Eiselt. Id. The trial court also denied the motion to suppress statements, stating that defendant had voluntarily accompanied police to the station and submitted to fingerprinting, photographs and a polygraph examination. Id. at 8.

At trial, defendant testified, stating that she did not rob or shoot the victim. Id. at 10. Defendant admitted that she told varying accounts of her alleged rape and her involvement with the victim's murder. Id. At the close of evidence, the trial court heard arguments and found defendant guilty of first degree murder and robbery. Id. Defendant was sentenced to 45 years in prison. Id.

Defendant appealed her conviction alleging that the trial court erred in denying her motion to suppress involuntary statements; the trial court erred when it failed to suppress statements and evidence which resulted from her arrest without probable cause; she was denied a fair trial when the prosecutor misstated the facts in closing argument; trial counsel provided ineffective assistance; and she was denied her constitutional right to chose trial counsel. Id. at 1. Defendant's conviction and sentence were affirmed. Id.

On March 27, 1998, defendant filed her pro se petition for post-conviction relief. (C.L.18) She claimed that the People did not establish her identity as that of the murderer beyond

7

reasonable doubt; that she received ineffective assistance of trial counsel in that her attorney failed

to investigate, prepare, or challenge identification; that the identification process was not fairly

conducted; and that character witnesses were not called for the sentencing hearing. (C.L.19-28)

On August 17, 2000, the People filed a Motion to dismiss the post-conviction petition.

(C.L. 41) The People stated that the issues raised were barred by waiver and res judicata, and

further defendant failed to raise any constitutional questions.(C.L.41-42)

On September 29, 2000, the trial court ruled on defendant's petition. The judge stated:

> In looking at the Appellate decision in this case, it's
> clear that, and among the five issues that were raised by
> the petitioner in the court of appeals, no allegation of lack
> of or no allegation was made the defendant was not
> proved guilty beyond a reasonable doubt and frankly from
> a perusal of the record, it's quite crystal clear why no such
> allegation was made. In any case, that issue was waived
> for the failure to raise it on appeal.
>
> Another claim in the pro se petition was ineffective
> assistance of counsel which was raised on appeal, at least
> insofar as one of the three main areas that the petitioner
> raises in her pro se petition. There was a claim that the
> lawyer rendered ineffective assistance of counsel by
> failing to challenge the identification of petitioner . . .
> that very claim is raised and rejected by the Court of
> Appeals. So that is certainly res judicata. The other
> allegations of ineffective assistance of counsel seem to be
> that the trial attorney allegedly failed to investigate her
> alibi and interview the witnesses who would have attested
> to her alleged alibi defense. . .So while arguing in the
> petition that he failed to investigate the alibi defense and
> talk to the witnesses, elsewhere in her petition she alleges
> apparently that he did interview the witnesses.
>
> In any event, failing to list what those witnesses
> would have said, failing to provide affidavits from those
> witnesses and failing to ledge [allege] [sic] how it would
> have effected [sic] the outcome of the trial, I find that that
> is a claim that falls short of the necessary showing. . .
>
> A third area of ineffective assistance of counsel

being alleged, the petitioner says that the trial attorney failed to interview character witnesses regarding her sentencing hearing.    Again there's no identification of who those character witnesses are, what they would have said, nor is there any affidavit from these witnesses, nor is there any allegation or showing as to how that might have changed the outcome of the case.

For those reasons, the motion to dismiss is sustained and this petition is dismissed. (One vol.R18-21)

Defendant now appeals.

## ARGUMENT

### I.

### DEFENDANT HAS FAILED TO FULFILL THE POST-CONVICTION ACT'S REQUIREMENTS TO BE GRANTED AN EVIDENTIARY HEARING.
(Response to Defendant's Issues I & IV)

The Post-Conviction Hearing Act provides a remedy for criminal defendants who claim that substantial violations of constitutional rights occurred during their trial proceedings. 725 ILCS 5/122-1 et seq. (West, 1999); People v.Hickey, 2001 Ill.LEXIS 1080, (2001). People v. Owens, 129 Ill.2d 303, 307, 544 N.E.2d 276 (1989). Post-conviction proceedings are limited to allegations of constitutional proportions. This Court must recognize that a petitioner may attempt to overcome the constitutional requirement of post-conviction claims by couching the claim in the context of ineffective assistance of counsel. People v. Flores, 153 Ill.2d 264, 606 N.E.2d 1078 (1992). The plenary review of this Court must be applied in the second stage dismissal of this claim. People v. Coleman 183 Ill.2d 366, 389,701 N.E.2d 1063 (1998).

An action for post-conviction relief is not an appeal; rather, it is a collateral proceeding in which a defendant may attack her conviction and sentence based on violations of her constitutional rights. People v. Todd, 178 Ill.2d 297, 309, 687 N.E.2d 998 (1997). In order to prevail under the Post-Conviction Hearing Act, the defendant bears the burden of establishing a substantial deprivation of her rights under the United States Constitution or the Illinois Constitution. People v. Enoch, 146 Ill.2d 44, 50, 585 N.E.2d 115 (1991). Here, defendant has failed to establish a substantial deprivation of her rights.

10

Defendant's post-conviction petition was subject to the State's Motion to Dismiss. People v. Gaultney, 174 Ill.2d 410, 418, 675 N.E.2d 102 (1996). The Post-Conviction Hearing Act authorizes the trial judge to make an initial independent evaluation of the petition, as it is presumed that the trial judge knows and follows the law unless the record indicates otherwise. Gaultney, 174 Ill.2d at 420.  Motions to dismiss are generally limited to consideration of the petitioner's allegations and the original trial record. People v. Moore, 189 Ill.2d 521 , 533, 727 N.E.2d 348 (2000).  A defendant is not entitled to an evidentiary hearing on her post-conviction petition as a matter of right. People v. Simpson, ___Ill.2d __ , 2001 Ill.LEXIS 1081,*9 (2001). An evidentiary hearing is warranted only where there is a substantial showing that defendant's constitutional rights have been violated. Id.

The Post-Conviction Hearing Act clearly states the requirement to support a claim.

> The petition shall identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of and clearly set forth the respects in which petitioner's constitutional rights were violated.  The petition shall have attached thereto affidavit, records, or other evidence supporting its allegations or shall state why the same are not attached. . .725 ILCS 5/122-2(b).

Further, the affidavits accompanying a post-conviction petition must show that a substantial constitutional violation occurred. People v. Frieberg, 305 Ill.App.3d 840, 847, 713 N.E.2d 210 (4th Dist. 1999).  The failure to either attach the necessary supporting materials or explain their absence is fatal to a post-conviction petition and by itself justifies a summary dismissal. People v. Collins, No. 90679, slip op. at 5,____ Ill.2d ___, 2002 Ill.LEXIS 292 (March 15, 2002).  Defendant has failed to offer any affidavits, other than her own affidavit, or supporting

11

material. Defendant offers only her unsupported conclusions and allegations in her affidavit. (C.L.35-37)

Defendant states that "a hearing is required when the allegations of the petition, supported by the record or the affidavits, makes a showing of a violation of a constitutional right." (Deft. Br.24) In the attempt to bolster her position, she further states, "What is clear is that the circuit court did not have before it all the pertinent facts concerning [defendant's] post-conviction allegations, as it did not conduct any hearing on the petition." (Deft. Br.24) Although defendant has obviously recognized that the record or affidavits showing a constitutional violation is required, she has failed to include any supporting documentation.

Defendant inappropriately relies upon People v. Downey, 198 Ill.App.3d 704, 556 N.E.2d 300 (2d Dist. 1990), in which the cause was reversed and remanded. (Deft. Br.24) The instant defendant fails to acknowledge that in Downey, the defendant supported his allegations with a letter to his appellate counsel of issues he wished to present on appeal, including ineffective assistance of trial counsel for the failure to file a motion to quash arrest based upon the illegal entry into defendant's house and the lack of probable cause to arrest the defendant. Downey, 198 Ill.App.3d at 711. Defendant also attached the affidavit of his appellate counsel which stated that he thought defendant was arrested without probable cause. Id. The Second District held that there were sufficient well-pleaded facts to overcome waiver and conclude that appellate counsel was ineffective. Id. at 713.

Defendant's reliance on People v. Nix, 150 Ill.App.3d 48, 501 N.E.2d 825 (3rd Dist. 1986) is also misplaced. (Deft. Br.24)  In Nix, defense counsel "refused to allow petitioner to testify" and "did not inform him that he had the right to testify and the right to decide whether to

testify." <u>Nix</u>, 150 Ill.App.3d at 49.  The Third  District reversed and remanded the cause based

upon the fact that the right to testify is ultimately a decision for the defendant. <u>Id</u>. at 51.

The instant defendant does not present any claims or facts to align her case with the

above discussed cases.  There is no allegation of the failure to present a motion in which she is

likely to prevail and there is no allegation of the failure to exercise her right to testify. The cases

have no relevance to the instant claims.

Finally, defendant relies on <u>People v.Brumas</u>, 142 Ill.App.3d 178, 491 N.E.2d 773 (3rd

Dist. 1986) in the futile attempt to qualify ineffective assistance of counsel as a factual dispute.

(Deft. Br. 25)

In <u>Brumas</u>, there were conflicting affidavits from the defendant and the State regarding

the voluntariness of  defendant's  guilty plea which the Third District held required an evidentiary

hearing.  <u>Brumas</u>, 142 Il.App.3d at 180.  The instant case did not involve a guilty plea nor

conflicting affidavits. As a result, <u>Brumas</u> has no relevance to the instant claims.

In the instant case, contrary to defendant's claim, with the absence of any supporting

material, and since defendant received a reasonable level of post-conviction assistance of counsel

as the People argue in Issue II and III of this brief, defendant is not entitled to a reversal and

remand of this matter to the circuit court. (Deft. Br. 11)  The trial court properly dismissed

defendant's petition.

13

## II.

## DEFENDANT RECEIVED A REASONABLE LEVEL OF POST-CONVICTION ASSISTANCE OF COUNSEL.

Defendant claims she was denied reasonable assistance of counsel in her post-conviction proceeding. (Deft. Br. 11)   The People maintain defendant received reasonable assistance of post-conviction counsel which is the level of representation to which she is entitled.

The Sixth Amendment right to counsel has not been found to apply to post-conviction proceedings. It is well settled that a defendant has no constitutional right to the assistance of counsel in post-conviction proceedings. People v. Flores, 153 Ill.2d 264, 606 N.E.2d 1078 (1992). In Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990 (1987), the United States Supreme Court stated:

> We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . we have rejected suggestions that we establish a right to counsel to discretionary appeals. 481 U.S. at 555.

In Illinois, the right to counsel at post-conviction proceedings is statutory. People v. Porter, 122 Ill.2d 64, 521 N.E.2d 1158 (1988). With the right to post-conviction counsel derived from statute rather than the Federal or State Constitution, post-conviction petitioners are guaranteed only the level of assistance provided by the Post-Conviction Act. Flores, 153 Ill.2d at 276. This statutory right to counsel is an matter of "legislative grace" and is set forth in 725 ILCS 5/122-4:

> . . . If the petitioner is without counsel and alleges that he is  without means to procure counsel he shall state whether or not he wishes counsel to be appointed to

> represent him. If appointment of counsel is so requested
> and the petition is not dismissed pursuant to Section 122-
> 2.1, the court shall appoint counsel if satisfied that
> petitioner has not means to procure counsel. . . Flores,
> 153 Ill.2d at 276, 725 ILCS 5/122-4 (West 1997).

Supreme Court Rule 651(c), which governs appeals from post-conviction proceedings,

requires that appointed counsel at the trial level in a post-conviction proceeding consult with the

petitioner to ascertain her contention or deprivations of constitutional rights; to examine the record

of the proceeding at trial; and to make any amendments to a pro se petition necessary for adequate

presentation of the petitioner's claims. 107 Ill.2d R. 651(c). People v. Owens, 139 Ill.2d 351 564

N.E.2d 1184 (1990). Consequently, the petitioner in a post-conviction proceeding is entitled to

a "reasonable level of assistance." Owens, 139 Ill.2d at 358. A petitioner is not entitled to the

advocacy of counsel for purposes of exploration, investigation, and formulation of potential

claims. People v. Davis, 156 Ill.2d 149, 163, 619 N.E.2d 750 (1993). Further, counsel is not

considered incompetent for choosing not to amend a pro se petition with allegations that are

without substance. People v. White, 198 Ill.App.3d 781, 556 N.E.2d 535 (1st Dist. 1989).

In the instant case, the assistant public defender filed the two 651(c) certificates, on

September 15, 2000 and September 29, 2000, indicating that he consulted with petitioner by

mail or in person to "ascertain her contentions of deprivation of constitutional right," and that

he "examined the record of the proceedings at the trial" and "made any amendments to the

petition(s) filed pro-se that are necessary for an adequate presentation of Petitioner's

contentions." (C.L.46, 45)

Defendant bases her claim of unreasonable assistance of counsel "on post-conviction

counsel's failure to secure an amendment of pro se petition, including the submission of

15

affidavits." (Deft. Br. 12)  Further, defendant points out  that after two years, counsel asked for

an extension to do interviewing and possibly file a supplemental petition. (Deft. Br.14) On June

9, 2000, after being given a continuance of three months, counsel requested more time to

"investigate mental health issues of the petitioner at the time she was questioned by the police."

(R.12)  The judge told  counsel, "If at some point before we have the hearing on the motion you

have done your work and you want to ask leave to supplement it, I will consider that at that

time." (R.14) Counsel responded, "That's fine." (R.14)  With that, the judge set the next date

for September 15, 2000. (R.14) Although the case was set for September 15, 2000, the next

date in the record is September 29, 2000, with no explanation or notation for the previously set

date. (R.17)

Defendant is attempting to raise the issue of the denial of the motions to suppress,

and have further review based upon the alleged unreasonable assistance of post-conviction

counsel. Clearly, this issue is barred by operation of res judicata, as it was decided in

defendant's direct appeal. Lindsey, at 2-9. As stated above, this court must recognize that a

defendant may attempt to evade the operation of res judicata simply by couching claims in the

context below-standard assistance of counsel. People v. Flores, 153 Ill.2d 264, 606 N.E.2d

1078 (1992).  In the Order in defendant's direct appeal, this court stated the following in

affirming the trial court's denial of defendant's motion,

> At the conclusion of the defendant's testimony,
> the trial court denied her motion to suppress her
> statements. In so ruling, the trial judge stated that
> defendant voluntarily accompanied police to the station
> and submitted to fingerprinting, photographs and a
> polygraph examination. The trial judge also stated that
> he did not believe that the medication the defendant

claimed to have taken prior to her time at the police station would have required he to go to the washroom every five minutes for three days. Accordingly, the trial judge found that the police had not coerced the defendant into making her statement.

Defendant then indicated that she did not desire to proceed with her motion to suppress based upon the claim that she had not been informed of her Miranda rights. Lindsey, at 8-9.

If this court should consider the issue, despite the operation of res judicata, there is no merit to the claim. Defendant assumes that counsel's failure to amend the petition and supplement with affidavits from alibi witnesses was the result of unreasonable assistance of counsel. Based upon the fact that defendant offers absolutely no indication as to the purpose of the aforementioned "psychological examination," no information as to the content of the affidavits of the alleged alibi witnesses, and no summary of the anticipated supplementary petition, the conclusion must be that the failure to amend was due to the lack of any basis for the claims.

Defendant claims that the eyewitness "could have misindentified her, given that she had some unusual physical features (heavy weight while short of stature, tattoos, hairstyle)." (Deft. Br. 19) Defendant ignores the fact that these witnesses testified, were subject to cross examination and found to be credible by the trial court. (R.Z60) Defendant also ignored that she gave five versions of her story and had alibi witnesses testify on her behalf at trial, which the trial court found to be incredible. (R.Z63) As such, defendant's speculation that her further "alibi witnesses" "could have made a difference" (Deft. Br. 19) does not rise to a substantial claim of constitutional proportion.

17

Defendant's further claim that "[s]ince issues [defendant] had raised in her pro se petition could be res judicata due to the appellate court's decision, even greater reason existed for counsel to amend the petition," defies legal analysis and logic. (Deft. Br. 15)  If those issues are res judicata, which they obviously are, that is not a greater reason to amend the petition; that is the basis to abandon the petition and to dismiss the claims. Quite simply, res judicata means that the issue has already been decided. Defendant is admitting that ineffective assistance of counsel is being used as the cover in the attempt to receive reconsideration on issues that have already been decided.  This court must reject this logic and deny these claims.

## III.

## THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL TO OVERCOME RES JUDICATA CANNOT BE SUPPORTED.

Defendant admits that "this case does present issues of waiver and res judicata given that there was a direct appeal of [defendant's] conviction." (Deft. Br. 17)   Defendant also admits that ineffective assistance of counsel was raised in the direct appeal, "but should not be considered waived or res judicata." (Deft. Br.17)   Defendant claims to present "different bases" that "could not have been brought on direct appeal." (Deft. Br. 17)   Those bases are that the trial attorney allegedly failed to investigate her alibi and interview the witnesses who would have attested to her alleged alibi defense. (Deft. Br. 18) Defendant then states the names of the two witnesses and that "counsel only talked to these witnesses briefly months before the trial, and spent only a short time with them, so therefore he was not able to develop support for her alibi defense with these witnesses. (R.20)" (Deft. Br.18) The People maintain that the trial court properly ruled that the petition, without an affidavit or an explanation of the absence of an affidavit or some indication as to what these witnesses would say and who they were, was deficient.

When assessing an ineffective assistance of counsel claim, the court utilizes the two prong test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 1952 (1984). To prevail on an ineffectiveness claim, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) that the substandard representation prejudiced the defendant. People v. Albanese, 104 Ill.2d 504, 525-6, 473 N.E.2d 1246 (1984) Prejudice is defined as a reasonable probability that, absent the errors, the outcome would have

19

been different. People v. Bien, 277 Ill.App.3d 744, 750, 661 N.E.2d 511 (4th Dist. 1996).   The

Strickland test also requires "a reasonable probability of a different result, not merely a possibility"

of a different result. People v. Franklin, 167 Ill.2d 1, 20, 656 N.E.2d 750 (1995). Further, if the

ineffectiveness claim can be disposed of on the basis that the defendant did not suffer sufficient

prejudice, a court need not consider whether counsel's performance was deficient. People v.

Smith, 2001 Ill.App.LEXIS 904 (*13).   A defendant's failure to make the requisite showing of

either deficient performance or sufficient prejudice defeats an ineffectiveness claim. People v.

Palmer, 162 Ill.2d 465, 475-6, 643 N.E.2d 797 (1994).

Here, defendant has failed to establish a substantial deprivation of her rights.

Defendant's petition is devoid of any facts supporting defendant's contentions.   In addition, mere

conclusions are insufficient to entitle defendant to an evidentiary hearing. People v. Dean, 226 Ill.

App. 3d 465, 469, 589 N.E.2d 888 (1st Dist. 1992). People v. Guest, 166 Ill.2d 381, 402 655

N.E.2d 873 (1995). Significantly, effective assistance of counsel in a constitutional sense means

competent, not perfect, representation. People v. Odle, 151 Ill. 2d 168, 173, 601 N.E.2d 732, 735

(1992). Notably, courts indulge in the strong presumption that counsel's performance fell within a

wide range of reasonable professional assistance. Strickland, 466 U.S. at 690. Moreover, the fact

that another attorney may have pursued a different strategy is not a factor in the competency

determination. Palmer, 162 Ill. 2d at 476.

Defendant has focused the claim of ineffective assistance of counsel on the claim that

trial counsel failed to interview alleged alibi witnesses Jerry St. Clair and Paul Quiroz. (Deft. Br.

18) Defendant claimed that her trial attorney never interviewed the individuals she was allegedly

with on October 9. (C.L.24) She also listed two other alibi witness, St. Clair and Quiroz. (C.L.25)

Defendant presented several alibi witnesses at trial, including Quiroz family members, who claimed she was shopping with them on October 9, 1992 (R.V3-19, V24-28) and Jack St. Clair, who claimed she was with his brother later on October 9, 1992. (R.T24) The trial court found these alibis to be "inconsistent." (R.Z63) The trial court further found that even without defendant's statement, "you would have evidence which there would be sufficient, in my opinion to conclude beyond a reasonable doubt that the defendant did the killing and the robbery." (R.Z62)

It is clear that defense counsel did present the testimony of these witnesses to the trial court, which disregarded their testimony based upon inconsistencies with reliable evidence. Defendant's claim that her attorney did not investigate or call alibi witnesses is clearly contradicted by the record and the witnesses. Further, as stated above, defendant offers absolutely no indication as to the alibi the two above named individuals would offer. Finally, considering the defendant's five versions of events (R.Z9), the inconsistent statements from the other "alibi" witnesses and the court's finding of overwhelming evidence of defendant's guilt, there is no reason to speculate as to the statements of the alleged additional alibi witnesses.

Defendant states that "[w]hether defense counsel's failure to investigate is ineffective assistance of counsel depends on the value of the evidence which was not present at trial and the closeness of the evidence that was presented." (Deft. Br. 23) People v. Dilliard, 204 Ill.App.3d 7, 561 N.E.2d 1219 (3rd Dist. 1990). However, defendant fails to state any value or closeness of the alleged evidence. Further, any additional alibi evidence would only highlight the inconsistencies of the alibis already presented to the court.

Defendant misstates the evidence and the court's ruling when she claims, "Other than the inculpatory statement made by [defendant] under duress, there was no other evidence that

21

credibly linked Lindsey to the victim, and since she maintained her [sic] had an alibi, the missing evidence was therefore valuable." (Deft. Br. 23)  First, defendant ignores the fact that the trial court denied  defendant's motion to suppress statement which negates the claim that the statement was made under "duress." (R. N29) Then following closing arguments, in ruling, the judge stated:

> [A]nd I must disagree with defense counsel telling him that even without those parts of defendant's statement wherein she says she killed and robbed the decedent, to take those out, exorcise those out, and you would have evidence .   . in which there would be sufficient, in my opinion, to conclude beyond a reasonable doubt that the defendant indeed did the killing and the robbery. (R.Z62)

Defendant's statement concerning "other evidence" also ignores the overwhelming evidence of the two impartial citizens describing and identifying defendant as having been in the decedent's cab with them from the casino to a gas station for a six-pack and then to the Red Roof Inn. Contrary to defendant's claim, the evidence was not closely balanced as the proof of defendant's guilt was overwhelming and the testimony of the several alibi witnesses was discounted for inconsistencies and lack of credibility.

Finally defendant claims "prejudice by her counsel's lapses at trial," but fails to identify those claimed lapses. (Deft. Br. 23)  She claims these unidentified lapses create "at least" a reasonable possibility the results would have been different. (Deft. Br. 23) There were no defense counsel lapses at trial.  As a result there is no reasonable possibility of different results.

Defendant has failed to support the claim of ineffective assistance of counsel. As a result, the trail court's denial of the post-conviction petition must be affirmed.

22

## CONCLUSION

The People of the State of Illinois respectfully request that this Honorable Court affirm the circuit court's denial of the petition for post-conviction relief.

Pursuant to People v. Nicholls, 71 Ill. 2d 166, 374 N.E.2d 194 (1978) and relevant statutory provisions 725 ILCS 5/110-7(h)(1992); 725 ILCS 130/13 (1992); 55 ILCS 5/4-2002.1 (1992), the People of the State of Illinois respectfully request that this Court grant the People costs and incorporate as part of its judgment and mandate a fee of $100.00 for defending this appeal. In addition, pursuant to People v. Agnew, 105 Ill. 2d 275, 473 N.E.2d 1319 (1985) and 55 ILCS 5/4-2002.1 (1992), the People respectfully request that this Court also grant the People an additional fee of $50.00 in the event oral argument is held in this case.

Respectfully Submitted,

RICHARD A. DEVINE,
State's Attorney,
County of Cook,
Room 309 - Richard J. Daley Center,
Chicago, Illinois 60602

Attorney for Respondent-Appellee

RENEE GOLDFARB,
MARY L. BOLAND,
LINDA HALPERIN ,
Assistant State's Attorneys.
   Of Counsel.

**FILED**
CRIMINAL APPEALS

OCT 0 2 2002

309 RICHARD J. DALEY CENTER
RICHARD A. DEVINE
STATE'S ATTORNEY'S OFFICE