File Date: feb 29, 2008

Case No: O7cv 6658

ATTACHMENT # 5

EXHIBIT AA

TAB (DESCRIPTION) _____



**Circuit Court No.** ___92 CR 25135___

**Trial Judge** ___SHELVIN SINGER___

**Reviewing Court No.** ___95 1535___

THE PEOPLE OF THE STATE OF ILLINOIS

## vs.

JERI LINDSEY

**FILED**

APPELLATE COURT 1st DIST.

NOV 07 2002

STEVEN M. RAVID
CLERK

## from
# CIRCUIT COURT
## of
# COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CRIMINAL DIVISION

VOLUME

COMMON LAW RECORD

**AURELIA PUCINSKI**

**Clerk of Court**

Per ___AP/SIR___

**Deputy**

EXHIBIT AA

THE PEOPLE OF THE STATE OF ILLINOIS VS.

CASE NO.    92 CR 25135

_Umi Lindsay_

| DATE | | PAPERS FILED |
|------|---|---|
| | | |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 11/23/92 | JUDGE T. R. FITZGERALD | ARRAIGNMENT JUDGE _Singer_ |
| 11/23/92 | Singer | PPC M/O 12/2/92 for arraign & app of atty |
| 12-2-92 | Singer | PPC L Arry PNG-WPR B/A 1-19-93 |
| 1-19-93 | Singer | PPC B/A 2-9-93 |
| 2-9-93 | Singer | PPC B/A 3-2-93 |
| 3-2-93 | Singer | PPC B/A 3-25-93 status |
| 3-25-93 | Singer | PPC B/A 4-30-93 status |
| 4-30-93 | Singer | PNPC M/D 6-4-93 status |
| 6-4-93 | Singer | PPC M/D 6-11-93 |
| 6-11-93 | Singer | PPC M/D 6-22-93 status |
| 6-22-93 | Singer | PPC M/D 6-25-93 |

(OVER)

C/

| DATE | JUDGE | ORDERS ENTERED |
|---|---|---|
| 6 14 93 | Singer PPC | B/A 7-19-93 |
| 7-19-93 | Singer PP(C) | M/D 7-28-93 |
| 7-28-93 | Singer PPC | B/A 8-13-93 status |
| 8-13-93 | Singer PPC | B/A 9-21-93 |
| 9-21-93 | Singer PPC | M/D Atty to W/Draw / B/A 10-15-93 |
| 10-15-93 | Singer | PP Custody B/A 11-23-93 |
| 1-23-93 | Singer | PP(C) B/A 12-21-93 W F.H. |
| 12-21-93 | Singer PPC | B/A 1-19-94 Fe Hrg on motion to suppress |
| 1-19-94 | Singer | PP C State filed Answer To _____ B/A 2-15-94 |
| 2-15-94 | Singer PPC | H.O.C 2-16-94 |
| 2-16-94 | Singer PP C | B/A H.O.C 2-17-94 |
| 2/17/94 | Singer | PP C B/A HOC 2/18/94 |
| 2/18/94 | Singer | PP C Motion to Suppress Statements Denied B/A 3/7/94 status |
| 3-7-94 | Singer PPC | M/D 3-21-94 |
| 3-21-94 | Singer PPC | B/A 4-13-94 |
| 4-13-94 | Singer PPC | M/D 4-14-94 |

C2

THE PEOPLE OF THE STATE OF ILLINOIS VS.

CASE NO. 92cr25135

| DATE | Lindsey, Teri | PAPERS FILED |
|------|---------------|--------------|
|      |               |              |
|      |               |              |
|      |               |              |
|      |               |              |
|      |               |              |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 4-14-94 | Singer | P/C) B/A 5-25-94 (w) for Hrg on m/D Supp statmets |
| 5-25-94 | Singer | P/C) B/A 6-28-94 (w) Hrg. |
| 6-28-94 | Singer | P/C) Hoc 6-28-94 |
| 6-28-94 | Singer | P/C) A filed motion for Lie Detector test & investigator motion fld _____ P/D 8-3-94 (w) |
| 8-3-94 | Singer | P/C) B/A 8-10-94 (w) for Hrg |
| 8-10-94 | Singer | P/C) B/A 9-12-94 (w) for Hrg. |
| 9-12-94 | Singer | P/C) M/D Supp 5th Amend clmns _____ arrested cnfsn & test _____ arrested cnfsn & test B/A Hoc 9-13-94 |
| 9-13-94 | Singer | P/C) cont 12 on motion by _____ P/C - Args made w/S/F _____ |

(OVER)

C.3

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 1-14-94 | Singer | PPC M/D 12-15-94 w/S/T 9:30 am 4 files A→S Disc. Jury Waived! |
| 12-15-94 | Singer | PPC M/S 12-28-94 (4 files) motion for continuance |
| 12-28-94 | Singer | PPC STA 1-4-95 |
| 1-6-95 | Singer | PP(C) M/H 1-9-95 |
| 1-10-95 | Singer | PP(C) H/OC 1-11-95 |
| 1-11-95 | Singer | PP(C) BA 1-30-95 State Presented Further Evid. MD For Directe Finding Motion Denied |
| 1-30-95 | Singer | PP(C) Evidence Heard Trial C&C 1-31/95 |
| 1-31-95 | Singer | PP (C) continued Beckett Trial – A rest – A Presents Rebuttal + Res. MD 2-7-95   2:30 PM |
| 2-7-95 | Singer | PP(C) cont. Trial – A presented Ev. in Rebuttal – Both sides rest  O/c 2-10-95 for Arguments |
| 2-10-95 | Singer | PP(C) Arguments – finding + entry of guilty of (1st Degree) Murder C.T. (2) (Armed) Robbery – O/c Bond Revoked PSI  O/c 3-31-95 |

C4

THE PEOPLE OF THE STATE OF ILLINOIS VS.

CASE NO. _Lindsey Jose_

| DATE | _Lindsey Jose_ | PAPERS FILED |
|------|------|------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| 3/7/95 | Singer | PPO (Sent At29) |
|  |  | M/D NOW Trial no Haust D" |
|  |  | Asset- C/6-125 IDOC |
|  |  | CTS 2+4 concurrent |
|  |  | Time served 895 Days |
|  |  | SAD ward of Appeal RTS |
|  |  | notice to ESS |
|  |  |  |

(OVER)

CCG-6V (3 811)

C5

THE PEOPLE OF THE STATE OF ILLINOIS VS.        CASE
NO. 92a 25135

_Ori Lindsey_        _01_

| DATE | | PAPERS FILED |
|------|--|-------------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| DATE | JUDGE | ORDERS ENTERED |
|------|-------|----------------|
| | CLERKS OFFICE | NOTICE OF APPEAL FILED   4-5-95 |
| | | NOTICE OF APPEAL MAILED   5-2-95 |
| | | APPELLATE HEARING DATE ASSIGNED BEFORE |
| | | PRESIDING JUDGE ON   MAY 0 5 1995 |
| | T.R. FITZGERALD | O/C ☒ STATE APPELLATE DEFENDER |
| | | ☐ PUBLIC DEFENDER |
| | | ☐ PRIVATE ATTORNEY |
| | | ☐ OTHER |
| | | APPOINTED TO REPRESENT THE DEFENDANT ON THE APPEAL |
| | | ☒ FREE REPORT OF PROCEEDINGS, ALLOWED |
| | | ☐ FREE REPORT OF PROCEEDINGS, DENIED |

CCG-69 (3-81)                                                        (OVER)

C6

THE PEOPLE OF THE STATE OF ILLINOIS VS.

CASE NO. 92 a 25135

_Jeri Lindsey_

| DATE | | PAPERS FILED |
|------|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| DATE | JUDGE | ORDERS ENTERED W/FR |
|------|-------|---------------------|
| 12/2/92 | Ginger | PTO - Tyje order - 30 days each - sfa 1/19/93 status |
| 1/19/93 | Ginger (He) | B/A 7-9-93 stats A files Motion/Disc |

(OVER)

C7

G.J. No. 791
GENERAL NO. 92 CR- 2513

-------------------------------
CIRCUIT COURT OF COOK COUNTY
        COUNTY DEPARTMENT
        CRIMINAL DIVISION
             October, 1992
-------------------------------

The People of the State of
           Illinois
              v.
        Jeri R Lindsey

        *****************
        * INDICTMENT FOR *
        *****************

FIRST DEGREE MURDER, ETC
                    et. al.
-------------------------------

        A TRUE BILL
        -----------

     Foreman of the Grand Jury

==============================
           WITNESSES
DET. RAYMOND SCHALK

_____
_____
_____
_____
_____
_____
_____
_____
==============================
Filed _____ /15-16 , 19 92
_____ , Clerk
Bail $_____
==============================

08

```
STATE OF ILLINOIS )
                 ) SS.
COUNTY OF COOK   )
```

The October, 1992 Grand Jury of the

Circuit Court of Cook County.

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about OCTOBER 9, 1992 at and within the County of Cook

JERI R LINDSEY

committed the offense of    FIRST DEGREE MURDER

in that    SHE, WITHOUT LAWFUL JUSTIFICATION INTENTIONALLY AND

KNOWINGLY SHOT AND KILLED RUDOLPH BENNETT

WITH A HANDGUN, IN VIOLATION OF CHAPTER 38,

SECTION 9-1-A(1) OF THE ILLINOIS REVISED

STATUTES 1989, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1606

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths aforesaid present that on or about OCTOBER 9, 1992 at and within the County of Cook

JERI R LINDSEY

committed the offense of      FIRST DEGREE MURDER

in that      SHE, WITHOUT LAWFUL JUSTIFICATION SHOT

AND KILLED RUDOLPH BENNETT WITH A HANDGUN

KNOWING THAT SUCH SHOOTING WITH A HANDGUN

CREATED A STRONG PROBABILITY OF DEATH OR GREAT BODILY

HARM TO RUDOLPH BENNETT, IN VIOLATION

OF CHAPTER 38, SECTION 9-1-A(2) OF THE ILLINOIS

REVISED STATUTES 1989, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1607

C10

The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths aforesaid present that on or about OCTOBER 9, 1992 at and within the County of Cook

JERI R LINDSEY

committed the offense of     FIRST DEGREE MURDER

in that     SHE, WITHOUT LAWFUL JUSTIFICATION WHILE COMMITTING A

FORCIBLE FELONY, TO WIT: ARMED ROBBERY,

SHOT AND KILLED RUDOLPH BENNETT WITH A GUN,

IN VIOLATION OF CHAPTER 38, SECTION 9-1-A(3) OF THE

ILLINOIS REVISED STATUTES 1989, AS AMENDED, AND

contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois.

Charge ID Code: 1608

*******************************************************************

   The Grand Jurors chosen, selected, and sworn, in and for the County
of Cook, in the State of Illinois, in the name and by the authority of
the People of the State of Illinois, upon their oaths aforesaid present
that on or about OCTOBER 9, 1992 at and within the County of Cook

                         JERI R LINDSEY

committed the offense of     ARMED ROBBERY


in that    SHE, BY USE OF FORCE AND THREATENING THE

           IMMINENT USE OF FORCE WHILE ARMED WITH A

           DANGEROUS WEAPON

           TOOK UNITED STATES CURRENCY, A WALLET, AND

           MISCELLANEOUS PAPERS,

           FROM THE PERSON OR PRESENCE OF RUDOLPH BENNETT,

           IN VIOLATION OF CHAPTER 38, SECTION   18-2-A

           OF THE ILLINOIS REVISED STATUTES 1989 AS

           AMENDED, AND


contrary to the Statute, and against the peace and dignity of the same
People of the State of Illinois.

                              Charge ID Code 2150

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHICAGO POLICE
**ARREST REPORT**
CPD-11.420 (REV. 6/92)

| 1. NAME (LAST - FIRST - MIDDLE) | 2. SEX | 3. RACE | 4. AGE | 5. DATE OF BIRTH MONTH YEAR |
|---|---|---|---|---|
| LINDSEY Jerri Robin | F | 1 | 30 | 21 JAN 62 |

| 6. C.B. NO. | 7. ALIAS OR NICKNAME | 8. DIST./RES. | 9. HEIGHT | 10. WEIGHT | 11. HAIR | 12. HAIR STYLE | 13. EYES | 14. COMPLEXION |
|---|---|---|---|---|---|---|---|---|
| 9 2 4 0 3 0 8 | | 004 | 5-5 | 150 | Blk | straight | Brn | Med |

19. I/D NO. 102315 4

| 16. RESIDENCE ADDRESS | APT. NO./FLOOR | 17. DISTING. MARKS, SCARS, DISABILITIES, ETC | 18. SOCIAL SECURITY NO. |
|---|---|---|---|
| 8931 S. Houston | 1st | N/V | 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 |

| 16A. CITY - STATE | ZIP CODE | HOME TELEPHONE | 20. STATE/PLACE OF BIRTH | 21. DRIVERS LICENSE NO. | STATE |
|---|---|---|---|---|---|
| Chicago, Ill | 7 | 312 721-6269 | Ill | | |

| 22. RD NO. | 23. OCCUPATION | 24. BUSINESS NAME - ADDRESS | CITY - STATE ZIP CODE | BUSINESS TELEPHONE |
|---|---|---|---|---|
| T-485-112 | unemployed | DNA | | ( ) |

| 25. ADDRESS OF ARREST | 26. NO. ARRESTED | 27. LOCATION CODE FOR NATURE OF PREMISES | 28. BEAT OF ARREST | 29. DATE OF ARREST DAY MONTH YEAR | TIME | 30. ARRESTEE TRANSPORTED TO UNIT BY BEAT | TIME |
|---|---|---|---|---|---|---|---|
| 1121 S. State St. | 1 | 292 | 128 | 14 OCT 92 | 2300 | Area 5 5532 | 2330 |

| 31. RESISTED ARREST YES NO | 32. WEAPON PISTOL REVOLVER RIFLE SHOT GUN DNA KNIFE OTHER (SPECIFY) | 33. PROPERTY INVENTORY NO(S) DNA | 34. FOR NARCOTIC ARREST SUSPECT CANNABIS SUSPECT CONTROLLED SUBSTANCE | APPRX. WT: NO. PILLS | EST. STREET VALUE - CALL ORG. CRIME. PAX 0-662 $ |
|---|---|---|---|---|---|

| 35. VEHICLE OR ARREST/CE | YEAR | MAKE DNA | MODEL | BODY STYLE | COLOR | STATE LICENSE NO. OR V.I.N. | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|---|---|

| 36. PERSON IN INVESTIGATIVE UNIT NOTIFIED DNA | UNIT NOTIFIED | TIME | 37. DOES ARRESTEE HAVE DEPENDENT CHILDREN AT HOME YES NO | IF YES - NAME OF Y.D MEMBER NOTIFIED - TIME | 38. NAME OF A.S./AFEL. REV. NELSON | CHARGES APPROVED YES NO | TIME |
|---|---|---|---|---|---|---|---|

| 39. VICTIM-COMPLAIN-ANT | NAME BENNETT, Rudolph (deceased) | SEX | RACE | AGE |
|---|---|---|---|---|

VICTIM INJURED  YES  NO    IF YES - DESCRIBE INJURIES

VICTIM HOSPITALIZED  YES  NO   TREATED & RELEASED

| 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS | 40. REFERENCES (CH. - PAR.) | 41. OFFENSES | 42. DISPOSITIONS |
|---|---|---|---|---|---|
| 1 38-9-1 | 1st Degree Murder | | 5 | | |
| 2 38-18-2 | ARMED ROBBERY | | 6 | | |
| 3 | | | 7 | | |
| 4 | | | 8 | | |

43. NARRATIVE   (The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following:)

The above subject was arrested after she admitted to shooting the cab driver at the O'Hare
rport Garage on 9OCT92. AFTER SHOOTING THE VICTIM, SHE THEN TOOK HIS
WALLET FROM HIS PERSON.

IDENT 0730 NOT COMP.

I do solemnly, sincerely, and truly declare and affirm that the facts stated herein are accurate to the best of my knowledge

| FIRST ARRESTING/APPEARING OFFICER'S SIGNATURE - | STAR NO. 7078 | UNIT 652 | DEPUTY CLERK'S SIGNATURE | STAR/EMP'L NO. 1065 |
|---|---|---|---|---|

| 44. FIRST ARRESTING/APPEARING OFFICER - PRINT NAME Det. J. Soguck #20665 | BEAT NO. 5532 | FURLO. | D.O. GRP. 5 | MISD./ORD. CRT. KEY | 45. SECOND ARRESTING OFFICER - PRINT NAME - STAR NO. E. Halvorsen #20692 | UNIT 652 | 46. VEHICLE ASSIGNED ONE TWO THREE PD OP.O. OTHER |
|---|---|---|---|---|---|---|---|

47. INITIAL APPROVAL OF PROBABLE CAUSE - SIG. - STAR

48. RESULTS OF FINGERPR. CHECK WAIVED BY - SIG. - STAR   DATE   TIME

49. APPROVAL OF CHARGES - SIG. STAR DATE   TIME
LO Poll 419 Dec. 21 200

WATCH COMMANDER'S NOTATIONS

| 50. ARRESTEE SEARCHED BY | STAR/EMPL. NO. 50377 | UNIT | 51. DATE RECEIVED - LOCKUP 15 UCT 72 | TIME 0515 | 52. PERS' PROPERTY RECEIPT NO PC | 53. TELEPHONE NO. PLACED TIME 7216 |
|---|---|---|---|---|---|---|

| 54. BOOKING OFFICER | STAR/EMPL. NO. 8313 | UNIT | 55. TIME FINGERPRINTED 0520 | 56. TIME PHOTOGRAPHED UPHO | 57. TIME FED | 58. PLACED IN CELL NO. 4 - 3 |
|---|---|---|---|---|---|---|

**COURT INFORMATION**

| 59. A. DEF. DESIRED COURT DATE 16 OCT 52 | BRANCH-CALL 66 | 60. COURT SGT. TO HANDLE YES NO | 61. INITIAL COURT DATE | BRANCH-CALL | 62. FINAL CRT. DATE | BRANCH-CALL |
|---|---|---|---|---|---|---|
| 63. BONDED - DATE | TIME | 64. BOND RECLIPT NO | 65. COURT DOCKET NO 92138807 | | 66. FINAL JUDGE'S NAME | |

C/3

COURT COPY

66
(Court Branch)          (Court Date)

FELONY                                                CCMC1-216-100M-9-19-91(10797)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois                **COMPLAINT FOR PRELIMINARY EXAMINATION**
          Plaintiff

          v.                                NO ........... **92138807 ~ 01**

Jerri Lindsey
..................................
          Defendant

          Rudolph Bennett(deceased)
................................................................. complainant, now appears before
          (Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that
          Jerri Lindsey .......................................................... has, on or about
          (defendant)

          90OCT92 ..................at........ Cook County, Illinois
          (date)                          (place of offense)

committed the offense of ..... 1st Degree Murder ..............................................in that he

killed Rudolph Bennett without lawful justification by shooting him with

a gun, intending to kill said Rudeplh Bennett.

......................................................................

......................................................................

......................................................................

in violation of Chapter....38.....                          Section....9-1(a(1)....

ILLINOIS REVISED STATUTES

**FILED**

OCT 16 1992

AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

          Det. R[...] Sch[...]
          (Complainant's Signature)

STATE OF ILLINOIS  }
                   } ss.
COUNTY OF COOK     }

          (Complainant's Address)          (Telephone No.)
          Detective Raymond Schalk for
          ...... Rudolph Bennett ..........
          (Complainant's Name Printed or Typed)

                              His
being first duly sworn, on .............................oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

          Det. R[...] Sch[...]
          (Complainant's Signature)

Subscribed and sworn to before me......................................16 Oct..........., 19 92

          A. Pucinski [...] 1212
          (Judge or Clerk)

I have examined the above complaint and the person presenting the same  and have heard evidence thereon, and am satisfied
that there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,     Judge .................................................................
       or
Warrant Issued,     Bail set at..............................................................
       or
Bail set at............................................... Judge ..[...].....          272
                                                              Judge's No.

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

COURT FILE COPY

66
(Court Branch)

16OCT9
(Court Date)

**FELONY**

CCMC1-216-100M-9-19-91(10797)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
Plaintiff

**COMPLAINT FOR PRELIMINARY EXAMINATION**
**92138807 – 0L**

v.

NO ......................................................

..... Jerri Lindsey ..........
Defendant

...... Rudolph Bennett (deceased) .............................................. complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

.................... Jerri Lindsey ........................................................... has, on or about
(defendant)

..... 9OCT92 ...................at........ Cook County, Illinois ...............
(date)                              (place of offense)

committed the offense of..... Armed Robbery ..................................................in that he

..... by the use of force and while armed with a dangerous weapon, a handgun, took a .....

..... wallet and money from the person of Rudolph Bennett with the intent to deprive .....

..... said Rudolph Bennett permanently of the use of said property. .....

.............................................................................................................

.............................................................................................................

in violation of Chapter............. 38 ...........................................Section... 18-2 .........

**ILLINOIS REVISED STATUTES**

*Det. Rzl Shalk*
(Complainant's Signature)

STATE OF ILLINOIS
COUNTY OF COOK

} ss.

**FILED**

OCT 16 1992

AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

(Complainant's Address)                              (Telephone No.)
Detective Raymond Schalk for
..... Rudolph Bennett ...............
(Complainant's Name Printed or Typed)

being first duly sworn, on ..................................................oath, deposes and says that he has read the foregoing
complaint by him subscribed and that the same is true.

*Det. Rzl Shalk*
(Complainant's Signature)

Subscribed and sworn to before me...................................................
*16 Oct* ..................., 19 *92*

*C Pucinski* *#10/12/651*
(Judge or Clerk)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons issued,
or
Warrant Issued,
or
Bail set at.......................................

Judge ....................................................................................

Bail set at............................................................. Judge .Ø?.................................. *27¢*

Judge's No.

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**
*C15*

COURT FILE COPY

(Rev. 4/8 /92) CCCR 0053 D

# UNITED STATES OF AMERICA

State of Illinois  )
Cook County    )  ss.


Pleas, before a branch of the Circuit Court of Cook County, in said County and

State, begun and held at the Circuit Court, in said County,    COOK.

one thousand nine hundred and    NINETY TWO AND OF THE INDEPENDENCE OF THE UNITED STATED OF AMERICA THE TWO HUNDRED AND SIXTEENTH YEAR

### PRESENT:

THOMAS R. FITZGERALD
**Judge of the Circuit Court of Cook County**

JACK M. O' MALLEY
**State's Attorney**

MICHAEL F. SHEAHAN
**Sheriff of Cook County**

AURELIA PUCINSKI
**Clerk**

**Attest:**

And afterwards, to-wit, on _____ OCTOBER _____ 5 _____ , 19 __92 , in the year last aforesaid, the Sheriff of Cook County returned into Court the Venire Facias heretofore issued for the Grand Jury and returnable to-day, by which it appears that they were duly summoned to appear this day and serve as Grand Jurors of this Court.

The panel of Grand Jurors being now filled, the Court having now here appointed a foreman of said Grand Jury, they were duly sworn and charged by the Court, and thereupon retired to consider their presentments.

C16

APPEARANCE                                                    (6-91) CCCR 0114

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois,

                           plaintiffs

v.

*JERRI LINDSEY*

                            Defendant

Gen. No. *92-1-138807*

Charge

*MURDER*

*ARMED ROBBERY*

The undersigned, as attorney, enters the appearance of *JERRI LINDSEY*

Defendant . . . . . . . . . . . in the above entitled cause.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                Attorney

Name *SHELDON SOROSKY*
Attorney for *Defendant*
Address *415 N. LaSalle*
City *Chicago*
Telephone *(312) 222-1776*
Atty No. *26489*



AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY , ILLINOIS

*C17*

2152
**PLACITA - APPEALS**

CCG-76A-5M-10-2-90 (01218)

## UNITED STATES OF AMERICA

STATE OF ILLINOIS, ⎫
COUNTY OF COOK ⎭ ss.

PLEAS, before the Honorable . .SHELVIN .SINGER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . one of the Judges of the Circuit Court of Cook County, in the State of Illinois, holding a branch Court of said

Court, at the Court House in said County, and State, on .NOVEMBER . .23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,

in the year of our Lord, one thousand nine hundred and .NINETY .TWO . . . . . . . . . . . . . . and of the Independence

of the United States of America, the two hundredth and .SIXTEENTH .YEAR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

PRESENT: · The Honorable . . THOMAS .R. . FITZGERALD . . . . .
Judge of the Circuit Court of Cook County.

JACK M. O'MALLEY　　**State's Attorney**

MICHAEL F. SHEAHAN　　**Sheriff**

Attest:　AURELIA PUCINSKI　　Clerk.

*C18*

STATE OF ILLINOIS      )

COUNTY OF C O O K      )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT - CRIMINAL DIVISION

DISCOVERY RULES FOR          )
COURTROOM 205                )        NO. 9 2 - 25/35

*Jeri Lindsey*

 O R D E R

1. Supreme Court rules 411-415 place the continuing duty to ensure fulfillment of Discovery obligations on counsel for the respective parties.

2. It is the desire of this Court that as little court time as possible be devoted to the fulfillment of Discovery obligations; however, the Court will at all times be ready to enforce the discovery rules.

3. The State has ＿days to serve its answer to discovery on the defense; the Defense has ＿days thereafter to serve its answer to discovery on the State. If one side has not served discovery on time, or there are other problems and the opposing lawyers cannot resolve those problems themselves, it will be the side which is not satisfied who will have the duty to advance the case to assure timely receipt of answers.

4. The attorneys should exchange their respective discovery documents outside the court except when a record is absolutely necessary. Only in the most extraordinary situation is discovery to be documented in open court and on the record.

5. When exchanging discovery, obtain the initials of opposing counsel on a photocopy of each item tendered, or a signed detailed receipt, thereby maintaining a permanent record that the item has been tendered and receipted.

6. If a dispute arises at trial as to whether an item was tendered, it will be assumed by the Court that it was <u>not</u> tendered unless the attorney obligated to tender has an initialed photocopy or receipt.

7. The next court date is ＿for status. On that date we shall set the matter for trial or hearing on Pre-trial motions, whichever is indicated.

FILED

DEC - 2 1992

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION
DATED: ＿12/2/52＿

ENTERED: ＿＿＿＿＿＿
JUDGE

C19

STATE OF ILLINOIS )
                  ) SS
COUNTY OF C O O K )

DEC - 2 1992

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT,
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS,    )
                                    )
            Plaintiff,              )
                                    )
    vs.                             )      NO.    92-77966
JERRI  LINDSEY                      )             25135
                                    )
            Defendant.              )

## MOTION FOR DISCOVERY

Now comes the Defendant, JERRI LINDSEY, by and
through (his) (her) attorney, SHELDON SOROSKY, and moves this
Honorable Court for an Order to be entered upon the State's
Attorney to disclose and produce certain evidence which is
essential and material to the preparation of the defense.

The Defendant requests that such disclosures and production
include, but not be limited to, the following:

1.    A Bill of Particulars containing:

(a)    The exact time and date of occurrence;
(b)    The exact street address and any physical descriptoin
       of the location of the occurrence.

2.    A List of Witnesses of persons whom the prosecution may
or may not call as witnesses and their addresses, including pro-
duction of the following:

(a)    Any written or recorded statements by these witnesses,
       including those written or recorded statements of
       police officers;
(b)    Any memoranda reporting or summarizing oral statements
       by such witnesses.

3.    A List of Witnesses that the State may or may not call
who were occurrence witnesses at the scene of the alleged offense

C20

or who were present at the time of the arrest of the Defendant,
together with their last known addresses and telephone numbers.

4.    Any written or recorded statement or statements and
the substance of any oral statements made by the accused or co-
indictee, and include:

   (a)   A list of witnesses to the making and acknowledgement
        of such statements;
   (b)   The time, place and date of the making of such state-
        ments;
   (c)   Any written or recorded memoranda containing the
        substance of oral statements.

5.    Any transcript of the Grand Jury Minutes containing
testimony of the accused and testimony before the Grand Jury of
those witnesses who may be called to testify at trial.  This is
to include any transcription made of witnesses' testimony that
may be favorable to the defense.

6.    A list of all physical property that the State intends
to use at the time of trial, including:

   (a)   A list of all physical property in the possession of
        law enforcement officials;
   (b)   Date and time the property was acquired;
   (c)   Location from which property was acquired;
   (d)   What person or persons first took the property into
        their possession;
   (e)   Reports made by law enforcement authorities pertaining
        to this property, including scientific reports, etc.;
   (f)   That such property be made available to the defense
        for inspection before trial.

7.    Any reports or statement of experts made in connection
with the particular case, including the results of physical or
mental examinations and/or scientific tests, experiments and
comparisons.

8.    Any books, papers, documents, photographs and tangible
objects which the prosecution intends to use in the hearing or

trial and/or which were obtained from or belong to the accused or co-defendants.

9.   Prior criminal records of State's witnesses to be used for impeachment.

10.   It is further requested that the prosecution disclose wehther there is pending against any witness listed in Paragraph (2) supra, any criminal or civil action involving the People of the State of Illinois or any such action pending during the pendancy of the prosecution of the accused, and if so, full disclosure as to the nature and outcome of such legal action or actions.

11.   Whether the prosecution intends to use any prior convictions of the accused for purposes of impeachment during trial and the time and jurisdiction of such convictions.

12.   That the prosecution disclose whether it will rely on prior acts or convictions of a similar nature for proof of knowledge, intent or motive.

13.   That the State provide defense counsel with the name and addresses of the witnesses they intend to call at the time of trial for identification of the defendant as the perpetrator of the crime:

    (a)   Time, date and place of identification;
    (b)   If photographic identification was used, production of any photo used, whether of defendant or of other persons;
    (c)   All persons present at such viewing;
    (d)   Any pictures taken of line-up, etc.;
    (e)   Names and addresses of any individuals who confronted accused and made no identification or identified him of other crimes.

14. That the prosecution inform counsel for the accused as to whether any person has identified anyone other than the accused as the perpetrator or participant in the offense charged.

15. That the prosecution inform counsel for the accused as to whether any person has identified the photograph of anyone other than the accused as the perpetrator or participant in the offense charged.

16. To supply any report and results of any and all scientific tests, experiments and examinations made by experts or others and the name of such persons who conducted the tests, (including such tests as ballistics, fingerprints, blood semen and other stains) pertinent to this case.

17. That the prosecution shall inform defense counsel of any electronic surveillance (including wire-tapping) or conversations to which the accused was a party, of his premises or that the prosecution intends to use for prosecution of a conspiracy.

18. That the prosecution inform defense counsel whether any evidence was acquired as a result of the execution of any legal process. If so, a copy of the process to be supplied to the defense for purposes of inspection.

19. Any and all material or information within its possession or control which tends to negate the guilt of the accused as to the offense charged or would tend to reduce his punishment therefor.

20. That the prosecution disclose to the defense the names and addersses of any witnesses who may be or would be favorable to the defense. These witnesses to be clearly and separately

4



identified on the List of Witnesses. The same disclosure is requested of any physical evidence or scientific evidence that might be or would be favorable to the defense.

21. In the event an anonymous informant is utilized in any fashion, that the Court compel production of the informant in camera for purposes of determining compliance with fundamental and procedural due process of any prior determination of probable cause by examination of said informant.

22. To provide to defendant not less than seven (7) days before the date set for the hearing or trial, or at such other time as the Court may direct, the names and addresses of witnesses the State intends to call in rebuttal, together with the information required to be disclosed in connection with other witnesses, and a specific statement as to the substance of the testimony such witnesses will give at the trial of the cause.

23. That pursuant to Supreme Court Rule 415(b), an order be entered upon the People to, from time to time, make such amendments to their answer as may be required by new or modified information in their possession, knowledge or control.

ACCORDINGLY, Defendant requests this Honorable Court to enter an Order requiring the prosecution to fulfill the aforesaid requests, in accordance with the Supreme Court Rules, at the earliest time possible.

Respectfully submitted,

SHELDON SOROSKY

By: _____
.Attorney for Defendant

SHELDON SOROSKY #26489
Attorney for Defendant
415 North LaSalle Street
Suite 300
Chicago, IL 60610
222-1776

STATE OF ILLINOIS)
                 )ss
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

**PEOPLE OF THE STATE**                 )
**OF ILLINOIS,**                        )
                                        )
            Plaintiff,                  )
                                        )No. 92-22766
vs.                                     )
                                        )
**JERRI LINDSEY,**                      )
                                        )
            Defendant.                  )

### MOTION TO WITHDRAW AS COUNSEL

Now comes attorney, SHELDON SOROSKY, and moves to withdraw
as counsel in the instant case because he cannot provide the
Defendant with an adequate defense.

Respectfully submitted,

_____
SHELDON SOROSKY

KAPLAN, SOROSKY
& ANDERSON, LTD.
2 S N LA SALLE STREET
THIRD FLOOR
CHICAGO ILLINOIS 60610
312! 222-7776



STATE OF ILLINOIS )
                 )
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT   CRIMINAL DIVISION

PEOPLE OF THE STATE OF )
ILLINOIS,              )
                       )
        vs.            )      No. 92-22766
                       )
JERRI LINDSEY.         )
                       )

### Motion To Suppress Defendants Statements and Out of Court And In Court Identifications of The Defendant

Now comes the Defendant, Jerri Lindsey, by and through her attorney, Sheldon Sorosky, and moves that this Honorable Court enter an Order suppressing any and all statements made by the Defendant. The Defendant further moves to suppress the out of court "show-up" and "line-up" identifications of the Defendant. The Defendant also moves to suppress the in court identification of the Defendant. In support thereof, the Defendant states as follows:

1. On October 14, 1992, around 11:00 A.M. the Defendant was arrested, in her home, by certain Chicago Police officers. At this time the Defendant was not violating any laws.

2. There was no arrest warrant ordering the Defendant's arrest; furthermore, there was not any reasonable belief, by the police, that an arrest warrant had been issued for the Defendant.



3.   There was no search warrant issued, for the
     Defendant's person or home; in addition, upon
     entering the Defendant's home the police did not
     find any evidence or contraband in "open view" to
     justify arresting the Defendant or searching the
     premises.

4.   On October 14, 1992, around 11:00 A.M. the Police
     did not have reasonable grounds to believe the
     Defendant had committed or was committing a crime.
     Also, there was no basis to justify a "stop and
     frisk" custodial detention of the Defendant.

5.   The Defendant did not consent or agree to being
     arrested; the Defendant was ordered by the Police
     to go to the Police Station.

6.   On October 14, 1992, around 11:00 A.M., (after the
     Police entered the Defendant's home), the Police,
     removed the Defendant from her home and physically
     took the Defendant to a Police Station.  On October
     14, 1992, shortly after 11:00 A.M., upon arrival at
     the Police Station, the Police photographed and
     fingerprinted the Defendant.  Thereafter, the Police
     showed the Defendant's photograph (along with
     pictures of other people) to two citizens.  These
     two citizens were circumstantial eye witnesses; one
     of the purposes of this photo "show-up" was to
     enable the police (to gather some evidence) to

justify the aforementioned prior arrest of the Defendant.

7.   The aforementioned two citizens did identify the Defendant (from the photo "show-up") as the person who was in a cab with them and the deceased.

8.   Thereafter, the Police advised the Defendant of her "Miranda Rights", and then began to interrogate the Defendant.

9.   At the time the Police began to question this Defendant, the Police still did not have probable cause to arrest the Defendant.   Nevertheless, the Defendant was under arrest and in Police custody.

10.   Subsequently, in response to Police interrogation, the Defendant made various statements to the Police.

11.   Still later the Defendant participated in a "line-up"; the Defendant was identified by the same two citizens in a "line-up" as a person who was in a taxi cab with them and the deceased.

12.   As a result of and subsequent to the aforementioned illegal arrest the Police obtained,

   (1)   Certain statements from the Defendant and,

   (2)   The aforementioned eye witness identifications of the Defendant.   The State intends to use these eye witness identifications of the Defendant against the Defendant at trial.

13.   Under the Fourth and Fourteenth Amendments of the

-3-

United States Constitution and under Article One, Section Six of the Constitution of the State of Illinois, (1970), (1) the Defendant has a right to be free of any unlawful arrest, and (2) all evidence that is the product of an unlawful arrest must be suppressed.

14. Any statements the Defendant made and any out of court identifications of the Defendant, whether in a photo "show-up" or "line-up", were obtained by the Police, only by, and as a result of, the Police violating the Defendant's aforementioned constitutional rights. Therefore, these statements and out of court identifications must be suppressed.

15. Any in court identification of the Defendant is not admissible into evidence because any in court identification has been irreparably tainted by the aforementioned unconstitutional out of court identifications.

Respectfully submitted,

_____
Sheldon Sorosky
Attorney for Defendant
Jerri Lindsey

Sheldon Sorosky
Kaplan, Sorosky & Anderson, Ltd.
415 N. LaSalle Street, Suite 300
Chicago, IL 60610
(312) 222-1776
Attorney No. 26489

-4-



STATE OF ILLINOIS)
               ) SS.
COUNTY OF COOK    )

JAN 19

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS  )
                                )
            vs.             ) 92-25135
                                )
JERI LINDSEY                 )

## ANSWER TO DISCOVERY

TO:  Attorney of Record

      Now come the PEOPLE OF THE STATE OF ILLINOIS, by their
Attorney, JACK O'MALLEY, State's Attorney of Cook County, Illinois,
through his Assistant, Lynda Peters, and answer the defendant's
motion for pre-trial discovery as follows:

1.    (a)   Bill of Particulars:

           Date:  On or about  October 9, 1992 after 4:59 pm

           Location:  At or near O'Hare Airport 10,000 W. O'Hare,
           4th Floor Main Garage, Chgo., Ill

    (b)   The physical description of the location of the
           occurrence is contained in the police reports tendered to
           the defense in open court.

2.    (a)   The people may or may not call the following persons as
           witnesses to the trial of this cause:

           Family of Rudolph Bennett
           Larry Green
           Personnel at Andy Frain Security
           Inv. Rios, Medical Examiner's Office
           Willie Roseman
           Reba Bennett
           Leroy Head
           Dr. Alan Horvath, Joliet Police Dept.
           Dr. Kirschner
           Irene Quiroz
           Personnel at South Chicago Community Hospital
           June Hess
           John Eiselt
           Tovar- Polygraph Unit
           Carolyn Brown
           ASA S. Rosenbloom



ASA J. Nelson
CPD Crime Lab- Fingerprint Unit Personnel
CHICAGO POLICE DEPARTMENT
Off. Michael Gallagher #13949
C. Zoch #13496
A. Elliott #12312
Det. R. Schalk #20718
Det. J. Bogucki #20668
Det. E. Halvorsen #20692
Sgt. P. Mc Enroe #1773
Sgt. C. Lewis #1813
M. Gallagher #13949
R. Anderson #9709
Sgt. L. Augustine #9171
Det. J. Hines #20353
Det. R. Guevara #20861
Sgt. S. Kuhn #1013
Tech. J. Stella #14488
Tech. J. Carey #13537
Det. T. Lazar #20851, A5VC Detailed to Medical Examiner's
Office
H. Ridley #16376
T. Coleman #10860


Personnel from Crime Lab, any person named in police
reports, arrest reports, inventory sheets, medical
reports, laboratory reports, Preliminary Hearing or Grand
Jury transcripts, evidence reports, or any other document
tendered to or available to the defense.

Any witness needed to establish the chain of custody for
physical evidence sought to be introduced at trial.

(b)   The following witnesses made written statements:


Written statements of witnesses, if any, have been
tendered to the defense in open court.

(c)   All memoranda reporting or summarizing oral statements
made by witnesses are contained in the police reports
tendered to the defense in open court.

3.   The People may or may not call any or all persons listed in 2
(a) as occurrence witnesses at the scene of the offense or at
the time of arrest.

4.   (a)   Written or recorded statements of the defendant or co-
defendant(s), if any, have been tendered to the defense
in open court.   The date, time, and place of such
statement(s), the circumstances under which it was made

and the witnesses to the making or acknowledgment of the statement(s), are contained in the police reports tendered to the defense in open court.

(b)   Summaries of oral statement(s) of the defendant or co-defendant(s), if any, the date, time, and place of such statement(s), the circumstances under which the statement(s) were made, and the witnesses present are contained in the police reports tendered to the defense in open court.

5.   The transcript of the Grand Jury minutes and/or Preliminary Hearing, if any, will be made available to the defense for inspection and copying upon being received by the People.

6.   (a)   The following articles, if any, may or may not be offered into evidence by the People at the time of the trial of this cause:

(7) photos made from video cassette, (2) rings, (1) bracelet, (1) chain, (1) watch, miscellaneous clothing of victim, (2) fired bullets, (3) .380 cartridge cases, (1) red business card, (1) beer can, (1) plastic pouch containing misc. papers, fingerprint lift, (1) M E recovered bullet, (6) polaroid photos, (1) video cassette

Photographs, plats, charts, diagrams, illustrations, maps, any property inventoried by the Chicago Police Department and reflected in inventory receipts, copies of which are contained in the court file and also available for inspection and copying, certified copies of convictions and certified copies of auto records.

Any and all other property mentioned in the police reports, arrest reports, medical reports, laboratory reports, Preliminary Hearing or Grand Jury transcripts or any other document tendered to or available to the defense in open court.

(b)   The date, time and place of acquisition, the persons involved in the acquisition and the circumstances of the acquisition of the articles are contained in the police reports tendered to the defense in open court.

(c)   The people will comply with all reasonable requests for inspection by the defense.

7.   Reports of experts, if any, made in connection with this particular case, including the results of physical or mental examinations, scientific tests, examinations, and comparisons, will be tendered to the defense upon being received by the People.



8. Please see 6 (a) for any books, documents, photographs, and tangible objects obtained from or which belonged to the defendant which the People may or may not use at the trial of this cause.

9. The People have no knowledge at this time that any of its potential witnesses have any criminal convictions.

10. The People intend to use certified copies of all convictions of the defendant, if any exist, for purposes of impeachment during the trial of this cause. The record of these convictions is available for inspection.

11. The People may or may not rely on the following prior acts or convictions of the defendant of a similar nature for proof of knowledge, intent, motive, scheme, or design:

    See defendant's B of I & See discovery tendered

12. The dates, times, places, circumstances, results, and persons present at any identification confrontations involved in this cause are contained in the police reports tendered to the defense in open court.

    Any photographs available to the People which were used in connection with any photographic identification will be made available for inspection.

    Any lineup photographs available to the People will be made available for inspection.

13. No electronic surveillance was employed in connection with this cause.

14. Any evidence which was acquired by the execution of any legal process, whether a search warrant, arrest warrant or other process or court order, is listed in 6 (a) and in the police reports and other documents tendered to the defense in open court, if such process was used.

    A copy of any legal process executed in connection with this cause will be available for inspection and copy if a copy is not in the court file.

15. No informant that the People intend to call as a witness in the trial of this cause exists.

16. The People are unaware of any evidence or witnesses which may be favorable to the defense in this cause.

17. The People will comply with lawful orders of Court in this cause.



JACK O'MALLEY , 10295
State's Attorney of Cook County

By:

Lynda Peters
Assistant State's Attorney

**FILED**

STATE OF ILLINOIS)
                 )ss
COUNTY OF COOK    )

APR 13 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE**<br>**OF ILLINOIS,**<br><br>vs.<br><br>**JERRI LINDSEY.** | )<br>)<br>)No. 9~~2~~<br>)  92cc25135<br>)<br>) |

### MOTION TO SUPPRESS DEFENDANT'S STATEMENTS

Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and moves that this Honorable Court enter an Order suppressing any and all statements made by the Defendant, and in support thereof states as follows:

1. On October 14, 1992, around 11:00 A.M. certain Chicago Police Officers entered the Defendant's home. At this time the Defendant was asleep; she was not violating any laws. The police ordered the Defendant's roommate to awaken the Defendant. Thereafter the police transported the Defendant (in a police car) to a police station.

2. On October 11, 1992, shortly after 11:00 A.M., upon arrival at the Police Station, the Police photographed and fingerprinted the Defendant. The Defendant's photograph became part of a photo show-up. Two citizens viewed the show-up.

KAPLAN, SOROSKY
& ANDERSON, LTD.
615 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(12) 222-1776

C36

3.    The aforementioned two citizens did identify the Defendant (from the photo "show-up") as the person who was in a cab with them and the deceased.

4.   Thereafter the Police began to interrogate and converse with this Defendant.

5.   Subsequently, in response to Police interrogation and conversation the Defendant made various statements to the Police.

6.   The police told the Defendant, "tell us the truth and you can go home."  The Defendant made a statement to the police. The Defendant stated she "made up" the rape allegation and that she was never in a cab with the deceased.

7.   The police asked the Defendant to take a polygraph test; she took the test.

8.   Subsequent to the polygraph test the police told the Defendant that the polygraph test indicated that:

(1) "your fingerprints are in the cab,"

(2)  "you had a gun"

(3)  "you were there, you know who did it," and

(4)  "you're going to get the death penalty."

9.   Subsequent to the polygraph test the police told the Defendant that video cameras have shown us that you were in Joliet and at O'Hare.

10.  After the polygraph test the police told the Defendant that the deceased had raped a woman a few years ago and it is good that he is dead.  The police also said if you tell us what we want to hear you can go home.  The police further said,

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

2

037

"you're up hear now, you can be down there."  The police further said let us know if this man raped you.  The Defendant believed the police were telling her change her statement (that she wasn't raped).

11.    The Defendant believed the police were urging her to say that the deceased raped her.  Thereafter the Defendant gave various stories to the police stating she was raped by the deceased.    The Defendant made these stories up because the Defendant believed the police were "signalling" her to say (1) she was raped, and (2) if you say the deceased raped you and you shot him because of this rape we will let you go.

12.    The Defendant asked for an attorney; the police told the Defendant "we won't give you a lawyer" and "I (police) decide if you get a lawyer."

13.    The Police refused to allow the Defendant to make any telephone calls to her family and friends.

14.   On October 14, 1992, when the Defendant was originally brought to the police station, she was under the influence of medication and drugs.   This drug consumption, coupled with the aforementioned police suggestions to the Defendant, resulted in the Defendant making involuntary statements to the police.

15.    As a result of and subsequent to the aforementioned police interrogation and conversation, the Police obtained certain statements from the Defendant; the State intends to use these statements of the Defendant against the Defendant at trial.

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
312) 222-1776

3

C38

16.  Under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and under Article One, Sections Eight and Ten of the Constitution of the State of Illinois, (1970), the Defendant has a right to have any and all statements the police obtained from her excluded from evidence.

Respectfully submitted,

_____
SHELDON SOROSKY
Attorney for Defendant,
**JERRI LINDSEY.**

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
312) 222-1776

4

C 39

STATE OF ILLINOIS)
                  )ss
COUNTY OF COOK    )

FILED

APR 13 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) |
| | ) |
| | )No. 92-22766 |
| vs. | ) |
| | ) |
| **JERRI LINDSEY.** | ) |

## MOTION TO SUPPRESS DEFENDANT'S STATEMENTS

Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and moves that this Honorable Court enter an Order suppressing any and all statements made by the Defendant, and in support thereof states as follows:

1. On October 14, 1992, around 11:00 A.M. certain Chicago Police Officers entered the Defendant's home. At this time the Defendant was asleep; she was not violating any laws. The police ordered the Defendant's roommate to awaken the Defendant. Thereafter the police transported the Defendant (in a police car) to a police station.

2. On October 11, 1992, shortly after 11:00 A.M., upon arrival at the Police Station, the Police photographed and fingerprinted the Defendant. The Defendant's photograph became part of a photo show-up. Two citizens viewed the show-up.

KAPLAN, SOROSKY
& ANDERSON, LTD.
115 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

C40

3.    The aforementioned two citizens did identify the Defendant (from the photo "show-up") as the person who was in a cab with them and the deceased.

4.    Thereafter the Police began to interrogate and converse with this Defendant.

5.    Subsequently, in response to Police interrogation and conversation the Defendant made various statements to the Police.

6.    The police told the Defendant, "tell us the truth and you can go home." The Defendant made a statement to the police. The Defendant stated she "made up" the rape allegation and that she was never in a cab with the deceased.

7.    The police asked the Defendant to take a polygraph test; she took the test.

8.    Subsequent to the polygraph test the police told the Defendant that the polygraph test indicated that:

(1)  "your fingerprints are in the cab,"

(2)   "you had a gun"

(3)   "you were there, you know who did it," and

(4)   "you're going to get the death penalty."

9.    Subsequent to the polygraph test the police told the Defendant that video cameras have shown us that you were in Joliet and at O'Hare.

10.    After the polygraph test the police told the Defendant that the deceased had raped a woman a few years ago and it is good that he is dead. The police also said if you tell us what we want to hear you can go home. The police further said,

KAPLAN, SOROSKY
& ANDERSON. LTD
115 N. LA SALLE STREET
THIRD FLOOR
CHICAGO. ILLINOIS 60610
(21 222-1776

2

*C41*

"you're up hear now, you can be down there."  The police further said let us know if this man raped you.  The Defendant believed the police were telling her change her statement (that she wasn't raped).

11.  The Defendant believed the police were urging her to say that the deceased raped her.  Thereafter the Defendant gave various stories to the police stating she was raped by the deceased.  The Defendant made these stories up because the Defendant believed the police were "signalling" her to say (1) she was raped, and (2) if you say the deceased raped you and you shot him because of this rape we will let you go.

12.  The Defendant asked for an attorney; the police told the Defendant "we won't give you a lawyer" and "I (police) decide if you get a lawyer."

13.  The Police refused to allow the Defendant to make any telephone calls to her family and friends.

14.  On October 14, 1992, when the Defendant was originally brought to the police station, she was under the influence of medication and drugs.  This drug consumption, coupled with the aforementioned police suggestions to the Defendant, resulted in the Defendant making involuntary statements to the police.

15.  As a result of and subsequent to the aforementioned police interrogation and conversation, the Police obtained certain statements from the Defendant; the State intends to use these statements of the Defendant against the Defendant at trial.

KAPLAN, SOROSKY
& ANDERSON, LTD.
115 N. LA SALLE STREET
THIRD FLOOR
          ILLINOIS 60610
TEL. (312) 222 1776

3

042

16.   Under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and under Article One, Sections Eight and Ten of the Constitution of the State of Illinois, (1970), the Defendant has a right to have any and all statements the police obtained from her excluded from evidence.

Respectfully submitted,

_____
SHELDON SOROSKY
Attorney for Defendant,
**JERRI LINDSEY.**

KAPLAN, SOROSKY
& ANDERSON, LTD.
⌐15 N. LA SALLE STREET
THIRD FLOOR
⌐Hl⌐   ILLINOIS 60610
··   2) 222·1776

4



FILED

MAY 25 1994

~~~INSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS. |
| COUNTY OF COOK | ) |

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                 )
              VS                 )        NO. 92-25135
*Geri Lindsey*                   )
                                 )
                                 )

MOTION FOR CONTINUANCE AND SUPPORTING AFFIDAVIT

Now come THE PEOPLE OF THE STATE OF ILLINOIS, by their attorney, Jack O'Malley, State's Attorney of Cook County, through his Assistant, pursuant to 725 ILCS 5/114-4(c), as amended, and Rule 15.1(h) of the Rules of the Circuit Court of Cook County, and move this Honorable Court to continue the above-captioned cause to a date determined to be appropriate by the Court.

IN SUPPORT THEREOF the People State the following:

That the People of the State of Illinois are unable to proceed to trial on this date due to:

*the unavailability of necessary witnesses Dets. Boguchi*
*and Shalli*

WHEREFORE, the People of the State of Illinois respectfully request that this Honorable Court grant this continuance.

_Lynda Peters_
Assistant State's Attorney

C44

I, _Lynda Peters_ , Assistant State's Attorney, being first duly sworn on oath, state that the above mentioned facts are true and accurate to the best of my knowledge.

_Lynda Peters_
Assistant State's Attorney
2650 South California
Chicago, Illinois 60608
(312) 890-

SUBSCRIBED AND SWORN to
before me this          day
of          MAY 25 1994

~~-CINSKI~~
~~CLER.... THE CIRCUIT COURT~~
~~CRIMINAL DIVISION~~

NOTARY PUBLIC

C45

Lindsey.mot

STATE OF ILLINOIS)
　　　　　　　　　)ss
COUNTY OF COOK　)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) 92CR22766　92-1138807 )No. 92-22766 |
| VS. | ) 92CR 25135 **FILED** ) |
| **JERRI LINDSEY.** | ) (01)　JUN 2 3 1994 ) |

AURELIA PUCINSKI
**MOTION FOR A CONTINUANCE** CLERK OF THE CIRCUIT COURT

　　　Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and moves that this Honorable Court enter an order granting her a continuance on the Motion to Suppress Defendant's Statements, and in support thereof states as follows:

　　　1.　There are two prior pending motions the court has to rule upon before Defendant can proceed on the Motion to Suppress Statements.

　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　_____
　　　　　　　　　　　SHELDON SOROSKY,
　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　**JERRI LINDSEY.**

KAPLAN SOROSKY
& ANDERSON, LTD.
115 N. LA SALLE STREET
...

C46

Lindsey.mot

STATE OF ILLINOIS)
                 )ss
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

**PEOPLE OF THE STATE**                )   92CR22766    92-1138807
**OF ILLINOIS,**                        )
                                        )No. 92-22766
VS.                                     )                 FILED
                                        )   92 CR 25135 (01)
**JERRI LINDSEY.**                      )                 JUN 23 1994

**MOTION FOR A CONTINUANCE**    AURELIA PUCINSKI
                                CLERK OF THE CIRCUIT COURT

Now comes the Defendant, **JERRI LINDSEY,** by and through her
attorney, SHELDON SOROSKY, and moves that this Honorable Court
enter an order granting her a continuance on the Motion to
Suppress Defendant's Statements, and in support thereof states as
follows:

1.    There are two prior pending motions the court has to
rule upon before Defendant can proceed on the Motion to Suppress
Statements.

                              Respectfully submitted,

                              _____
                              SHELDON SOROSKY,
                              Attorney for Defendant,
                              **JERRI LINDSEY.**

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

C47

STATE OF ILLINOIS)
               )ss
COUNTY OF COOK   )

**FILED**

JUN 28 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

**ENTERED**

PEOPLE OF THE STATE OF     )
ILLINOIS,              )
                   )No. 92-22766   JUN 28 1994
    vs.         )
                   )   CLERK OF CIRCUIT COURT
JERRI LINDSEY.        )    CRIMINAL DIVISION
                   )   JUDGE_____

### MOTION OF THE DEFENDANT, JERRI LINDSEY, TO HAVE THE COURT PROVIDE THE DEFENDANT WITH A LIE DETECTOR TEST AND AN INVESTIGATOR

Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and moves that this Honorable Court enter an order providing for the payment for (1) a lie detector examination of the Defendant by an independent operator (other than the police department), and (2) an investigator to assist the Defendant in the preparation of an adequate defense, and in support thereof states as follows:

1.  Subsequent to the Defendant being taken into custody she made her "first" statement to the police.

2.  Thereafter the police performed a lie detector test upon the Defendant.  The police told the Defendant she "flunked" the lie detector test and her ("first") statement was a lie.  The police told the Defendant she better tell the truth.

3.  The Defendant thereafter made numerous other statements to the police.  These subsequent statements were substantively

KAPLAN, SOROSKY
& ANDERSON, LTD.
615 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

1

*C148*

different than the Defendant's "first" statement.

4. It would aid the Defendant's defense preparation to know the results of a lie detector, performed upon the Defendant, by an independent (non-police) operator. At this lie detector test the Defendant would repeat her "first" statement; thereafter, the Defendant would have the benefit of knowing if an independent lie detector operator said her "first" statement was untruthful.

5. The Defendant intends to assert the defense of alibi; she has personally presented counsel with the names of many alibi witnesses. The witnesses are very difficult to locate and interview. An investigator would be needed to perform those tasks.

6. The Defendant lacks any funds and cannot pay for a lie detector test, or an investigator.

7. To deny this motion would deny the Defendant an opportunity to prepare an adequate defense.

Respectfully submitted,

SHELDON SOROSKY
Attorney for Defendant,
**JERRI LINDSEY.**

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
312) 222-1776

2

C49

Affid.ss2

STATE OF ILLINOIS)
                  )ss
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE** | ) |
| **OF ILLINOIS,** | ) |
| | )No. 92-22766 |
| | ) |
| VS. | ) |
| | ) |
| **JERRI LINDSEY.** | ) |

## AFFIDAVIT

JERRI LINDSEY, upon oath duly sworn, deposes and states as follows:

1.   I am the Defendant in this case;

2.   I do not have any money to either: (1) pay for a lie detector test, or (2) hire an investigator;

3.   I want to take a lie detector test and hire an investigator;

4.   I believe my taking of a lie detector test and the services of an investigator are essential to my preparation of an adequate defense.

**Further affiant sayeth not.**

_____
JERRI LINDSEY

STATE OF ILLINOIS)
                  )ss
COUNTY OF COOK    )

I, JERRI LINDSEY, upon oath duly sworn, depose and state that I have read the above and foregoing Affidavit by me subscribed; that the contents therein contained is true to the best of my knowledge and belief.

_____
JERRI LINDSEY

SUBSCRIBED AND SWORN to
before me this _____day
of _____, 1994.
_____(Notary Public)

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
312) 222-1776

050

Affid.ss

STATE OF ILLINOIS)
                  )ss
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE** | ) |
| **OF ILLINOIS,** | ) |
| | ) |
| | )No. 92-22766 |
| VS. | ) |
| | ) |
| **JERRI LINDSEY.** | ) |

**AFFIDAVIT**

SHELDON SOROSKY, upon oath duly sworn, deposes and states as follows:

1.   I am the attorney for Jerri Lindsey.

2.   I do not have a private investigator as an employee of my law firm;

3.   I have no ability to provide Jerri Lindsey with a free lie detector test;

4.   The retention of a private investiator and Jerri Lindsey submitting to a lie detector test are essential to the Defendant preparing an adequate defense.

**Further Affiant Sayeth Not.**

_____
SHELDON SOROSKY

STATE OF ILLINOIS)
                  )ss
COUNTY OF COOK    )

I, SHELDON SOROSKY, upon oath duly sworn, depose and state that I have read the above and foregoing Affidavit by me subscribed; that the contents therein contained is true and correct to the best of my knowledge and belief.

_____
SHELDON SOROSKY

KAPLAN, SOROSKY
& ANDERSON, LTD.
215 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

SUBSCRIBED AND SWORN TO
before me this ___ day
of _____, 1994.

_____
Notary Public

"OFFICIAL SEAL"
Pam Robinson
Notary Public, State of Illinois
My Commission Expires 7/22/97

FILED

STATE OF ILLINOIS)
                 )ss
COUNTY OF COOK   )

JUN 28 1994

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF       )
ILLINOIS,                    )
                             )
                             )No. 92-22766
vs.                          )
                             )
JERRI LINDSEY.               )

**ENTERED**

JUN 28 1994

CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

JUDGE _____

### MOTION OF SHELDON SOROSKY
### TO WITHDRAW AS COUNSEL

Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and moves that this Honorable Court allow present counsel to withdraw as attorney for **JERRI LINDSEY**, and in support thereof states as follows:

1.    Subsequent to the Defendant's arrest (on the instant case) her family retained present counsel to represent the Defendant.

2.    Some months thereafter the Defendant's family read and reviewed the police reports on this case; i.e. the Defendant's family "discovered" the facts of this case.

3.    Thereafter, the Defendant's family told counsel that they (Defendant's family) no longer wanted present counsel to represent the Defendant.  When present counsel inquired of the

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

1

C52

family as to why the family wanted counsel "off the case", counsel was told by the family (in summary) that the Defendant was guilty, the Defendant's case couldn't be won, and counsel should cease representing the Defendant.   The family also told counsel that they would not pay further attorney's fees.

4.   Thereafter the Defendant (herself) personally requested that this Honorable Court appoint other counsel (the public defender) to represent her.   In addition, present counsel asked to withdraw as counsel.   Counsel made this request by stating private investigation and other requirements (such as the present request for a lie detector test) demanded funds which the Defendant lacked.   Counsel also stated that he would not be opposed to do the "pure lawyering" for little fee, but the aforementioned "other essentials" (for investigation and tests) required funds.   Counsel further stated that absent such funds the Defendant could be denied an adequate defense.   It was for this reason (after discussion between the Defendant and present counsel) that both Defendant and present counsel requested that other counsel (the public defender) be appointed to represent the Defendant.

5.   To be clear the people who hired present counsel, told present counsel that they did not want him to represent the Defendant.   The Defendant also stated she did not want present counsel to represent her.

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
312) 222 1776

2

C53

6.   The Defendant lacks any funds to pay for a lie detector test, an investigator, or any other reasonable tool that could assist in her defense.

7.   Absent funds (unless funds are provided by court order), present counsel will not be able to provide the Defendant with an adequate defense.

8.   In addition, present counsel has recently been informed that the State is seeking the "death penalty" in this case.

9.    Present counsel has no interest to delay these proceedings; counsel only wants to do the best for **JERRI LINDSEY** and provide her with an adequate defense.

Respectfully submitted,

SHELDON SOROSKY

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 722-1776

3

C54

Affid.ss1
STATE OF ILLINOIS)
                    )ss
COUNTY OF COOK    )
        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
            COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| **PEOPLE OF THE STATE** | ) |
| **OF ILLINOIS,** | ) |
| | ) |
| | )No. 92-22766 |
| **vs.** | ) |
| | ) |
| **JERRI LINDSEY.** | ) |

## AFFIDAVIT

JERRI LINDSEY, upon oath duly sworn, deposes and states as follows:

1.  I am the Defendant in this case;

2.  I do not want Attorney Sheldon Sorosky to represent me;

3.  I have no specific complaint against Mr. Sorosky; however, I know I need the services of an investigator, and I want to take a lie detector test;

4.  I do not have any funds to retain an attonrey, hire an investigator, or pay for a lie detector test;

5.  I believe that the services of an investigator and my taking of a lie detector test are essential to me preparing an adequate defense to this charge.

**Further Affiant Sayeth Not.**

_Jerri Lindsey_
JERRI LINDSEY

STATE OF ILLINOIS)
                    )ss
COUNTY OF COOK    )

I, JERRI LINDSEY, upon oath duly sworn, depose and state that I have the read the above and foregoing Affidavit, by me subscribed, that the contents therein contained is true and correct to the best of my knowledge and belief.

_Jerri Lindsey_
JERRI LINDSEY

SUBSCRIBED and SWORN to
before me this _____day
of_____, 1994.
_____(Notary Public)

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

C'55

Affid.ss

STATE OF ILLINOIS)
                              )ss
COUNTY OF COOK    )
            IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                  COUNTY DEPARTMENT CRIMINAL DIVISION

**PEOPLE OF THE STATE**          )
**OF ILLINOIS,**                 )
                                 )
                                 )No. 92-22766
VS.                              )
                                 )
**JERRI LINDSEY.**               )
                           **AFFIDAVIT**

SHELDON SOROSKY, upon oath duly sworn, deposes and states as follows:

1.  I am the attorney for Jerri Lindsey.

2.  I do not have a private investigator as an employee of my law firm;

3.  I have no ability to provide Jerri Lindsey with a free lie detector test;

4.  The retention of a private investiator and Jerri Lindsey submitting to a lie detector test are essential to the Defendant preparing an adequate defense.

**Further Affiant Sayeth Not.**

_____
SHELDON SOROSKY

STATE OF ILLINOIS)
                              )ss
COUNTY OF COOK    )

I, SHELDON SOROSKY, upon oath duly sworn, depose and state that I have read the above and foregoing Affidavit by me subscribed; that the contents therein contained is true and correct to the best of my knowledge and belief.

_____
SHELDON SOROSKY

SUBSCRIBED AND SWORN TO
before me this 20 day
of _____, 1994.

_____
Notary Public

"OFFICIAL SEAL"
Pam Robinson
Notary Public, State of Illinois
My Commission Expires 7/22/97

KAPLAN, SOROSKY
& ANDERSON, LTD.
415 N. LA SALLE STREET
THIRD FLOOR
CHICAGO, ILLINOIS 60610
(312) 222-1776

C56

STATE OF ILLINOIS)
                 )ss
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | )No. 92-22766 | |
| vs. | ) | |
| | ) | |
| JERRI LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO DISCOVERY

Now comes the Defendant, **JERRI LINDSEY**, by and through her attorney, SHELDON SOROSKY, and pursuant to the order of this Honorable Court, answers the State's request for discovery as follows:

1.   The Defendant intends to assert the defense of alibi; furthermore, there is not proof of the Defendant's guilt beyond a reasonable doubt.

2.   The following named persons may testify on behalf of the Defendant.

> Jack and Jerry St. Clair
> 8801 S. Bishop
> Chicago, Illinois
>
> Amelia Quiroz
> 8911 S. Houston-Front
> Chicago, Illinois

1

C57

Robert Quiroz
Dorothy Ramirez
8911 S. Houston-Rear
Chicago, Illinois

Irene Quiroz
8931 S. Houston
Chicago, Illinois

Olga Martinez
Desich Tillman
LaCole McToy

3.    The Defendant intends to introduce certain photographs and receipts from department stores into evidence.

Respectfully submitted,

SHELDON SOROSKY
Attorney for Defendant,
**JERRI LINDSEY.**

**SHELDON SOROSKY**
**ATTORNEY AT LAW**
**158 WEST ERIE**
**CHICAGO, ILLINOIS 60610-3703**
**(312) 640-1776**

2

C58

Attorney Sorosky has discussed (with me) the possibility of me asserting a "self defense" defense to this murder charge. I cannot present the defense of self defense to this murder charge because I was never in the taxi-cab on October 9, 10, or 11, 1992, (or at any time) with the murder victim, taxi-cab driver Rudolph Bennett. I have never met Rudolph Bennett.

I want to assert the defense of alibi.


JERRI LINDSEY

3

C59

JURY WAIVER                                                    (8-81) CCG-63

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS
vs.

..... JERRI  LINDSEY

........................................

........................................

Charge for ...... MURDER ..............

......................................

No.  ...... 92 - 22766 ......

± 4 984

I, the undersigned, do hereby waive jury trial and submit the above entitled cause to the Court for hearing.

Dated: .......... 11 / .. 14 / .. 19. 94

Signed  X .... Jerri Lindsey ..............

AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

C 60

STATE OF ILLINOIS    )
                     )SS.
COUNTY OF COOK       )

5

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                   )
              VS.                  )
~~MARINA MOYET~~                   )    ~~94CR 9222~~
Jeri Lindsey                       )    92 CR-25135
                                   )

MOTION FOR CONTINUANCE AND SUPPORTING AFFIDAVIT

     Now come THE PEOPLE OF THE STATE OF ILLINOIS, by their attorney,
Jack O'Malley, State's Attorney of Cook County, through his
Assistant, ___Timothy Moran___ , pursuant to 725 ILCS 5/114-4(c),
as amended, and Rule 15.1 (h) of the Rules of the Circuit Court
of Cook County, and move this Honorable Court to continue the
above-captioned cause to a date determined to be appropriate
by the court.


     IN SUPPORT THEREOF the People state the following:

     1.    That the People of the State of Illinois are unable to
proceed to trial on this date due to the unavailability of
_____ , who is a material witness in this
cause.  This witness in unavailable because: _____ .

     Further that the defense has not agreed to stipulate to this witness'
testimony.

     Further that the People have acted diligently in attempting to
present the witnesses necessary for this cause to proceed to trial.

     Further that a continuance is necessary to procure the presence
of _____ .

(MARK ONE OF BELOW CHOICES)        or

     1.    That the prosecutor assigned to this cause is ( ill, or held to
           trial in another cause).
                                   or
     1.    That pursuant to Circuit Rule 15-1(i), a priority case is
           is currently being tried thereby commanding the full attention
           of the State and the Court.
                                   or
     1.    That pursuant to Illinois Supreme Court Rule Section 5/114-4(d)
           the interests of justice, so require, to wit: ___ __ ___ _____

C'61

WHEREFORE, the People of the State of Illinois respectfully request that this Honorable Court grant this continuance.

_____
Assistant State's Attorney

I, Timothy Maan, Assistant State's Attorney, being first duly sworn on oath, state that the above mentioned facts are true and accurate to the best of my knowledge.

_____
Assistant State's Attorney
Address: 26505 California
          11830
Phone:   890-3468

SUBSCRIBED AND SWORN to
before me this _____ day
of _____, 1994

_____
  NOTARY PUBLIC

C62

SHEET No. _____

LINE No. _____

## IN THE CIRCUIT COURT OF COOK COUNTY
### CRIMINAL DIVISION/MUNICIPAL DEPARTMENT DISTRICT _____

PEOPLE OF THE STATE OF ILLINOIS

vs.

*Teri Lindsey*

"First Degree Murder"

No. _92-CR-25135-01_

SID _____

IR _1023154_

ADDENDUM TO PREVIOUS ORDER SETTING BAIL AND COMMITTING THE DEFENDANT TO THE COOK COUNTY DEPARTMENT OF CORRECTIONS FOR FAILURE TO DEPOSIT BAIL.

### ORDER    "NO BAIL"

THIS MATTER COMING BEFORE THE COURT AND THE COURT BEING FULLY ADVISED IN THE PREMISES, IT IS HEREBY ORDERED:

Bench Trial Concluded. - Finding

Guilty. - Deft Found Guilty on

Counts - 2 - First Degree Murder

and - Count 3 - armed Robbery. - "Bond Revoked"

P.S.I. Ordered. - b/a 2-14-95. —

DISPOSITION(S) MUST REFLECT AS TO WHICH COUNT(S) THE ORDER(S) IS/ARE APPLICABLE.

ENTERED _2-10_ 19 _95_

DEPUTY CLERK _____

PAGE ___ OF ___ PAGES

JUDGE _____

ROOM/BRANCH _704_  No. _____

AT _9:30_ AM / PM

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

*C63*

CCG-618-08-10-94-75M-(453914191)

# CIRCUIT COURT OF COOK COUNTY
## ADULT PROBATION DEPARTMENT
CRIMINAL COURTS ADMINISTRATION BUILDING
2650 S. CALIFORNIA AVE., LOWER LEVEL
CHICAGO, ILLINOIS 60608
(312) 890-3280
FAX (312) 890-7352

## EMPLOYMENT VERIFICATION FORM

To: _Polycron Industries_
_1001 E. 99th St._
_Attn: Employee Records_
_Chicago, Ill 60628_

Subject Name: _Jerri Lindsey_
Case # (s): _92 CR 25135-01_
D.O.B.: _1/21/62_
Social Security #: _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_

The Adult Probation Department has been ordered to conduct a social investigation on the above captioned subject in order to assist the court. Please complete this form and return it to the address shown above as soon as possible. Thank you for your cooperation.

_2/15/95_                          _Joseph Luchsinger_
(Date)                              (Probation Officer's Signature)

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

✱ Starting date of Employment: _12-5-85_         Current or last Salary: _N/A_
Job Title: _Laborer/Packer Production Dept._
✱ Date of Termination (if applicable) _3-3-92_  Reason for Termination: _Unsatisfactory attendance_

Additional Remarks: _____

_Katherine Branch Human Resources_
(Signature / Title)

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

I DO HEREBY AUTHORIZE THE RELEASE OF ANY OF THE ABOVE INFORMATION TO THE COOK COUNTY ADULT PROBATION DEPARTMENT FOR USE IN THE SOCIAL INVESTIGATION.

X _Jerri Lindsey_
(Defendant's Signature)

## PLEASE RETURN THIS FORM TO THE ABOVE ADDRESS

APD/ 907 - 8/90

C64

SHEET No. ______

LINE No. ______

IN THE CIRCUIT COURT OF COOK COUNTY

CRIMINAL DIVISION/MUNICIPAL DEPARTMENT DISTRICT ______

PEOPLE OF THE STATE OF ILLINOIS

vs.

Lindsey, Teri

No. 92CR25135-02

SID ______

IR 1023154

ADDENDUM TO PREVIOUS ORDER SETTING BAIL AND COMMITTING THE DEFENDANT TO THE COOK COUNTY DEPARTMENT OF CORRECTIONS FOR FAILURE TO DEPOSIT BAIL.

ORDER

THIS MATTER COMING BEFORE THE COURT AND THE COURT BEING FULLY ADVISED IN THE PREMISES, IT IS HEREBY ORDERED:

Ruling

Finding of guilty [illegible] (cts 1-4-5) of [illegible] [illegible] [illegible] ISI [illegible] A/R

3-27-95

DISPOSITION(S) MUST REFLECT AS TO WHICH COUNT(S) THE ORDER(S) IS/ARE APPLICABLE.

ENTERED 2-14-95 19__

JUDGE [signature]

DEPUTY CLERK [signature]

ROOM/BRANCH No. 704

PAGE 1 OF 2 PAGES

AT 9:30 AM / PM

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT OF COOK COUNTY



CCG-0618-08-10-94-75M-452914194

STATE OF ILLINOIS)
　　　　　　　　　 ) SS.
COUNTY OF COOK　 )

FILED

FEB 2 3 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS　)
　　　　　　　　　　　　　　　　　 )
　　　　　　　vs.　　　　　　　　　 )　　　No. 92CR-25135
　　　　　　　　　　　　　　　　　 )
JERI LINDSEY　　　　　　　　　　 )

IMPOUNDING ORDER

IT IS HEREBY ORDERED that the below listed property used as Exhibit(s) for identification and or evidence in the trial of the above captioned cause which resulted in a finding of guilty be impounded by the Clerk of the Circuit Court, Criminal Division pending further order of this Court.

DESCRIPTION OF ITEMS

1.　Three (3) Store receipts

2.　One (1) Photocopy of a short term parking ticket

3.　One (1) post-mortem report

4.　One (1) auto title

5.　Six (6) Polaroid photos

6.　One (1) Metra train schedule

7.　Two (2) Shell casings

8.　Two (2) fired rounds

9.　One (1) four page handwritten statement (copy)

10.　Eighteen (18) photos

0166

ENTER: _____
                JUDGE OF THE CIRCUIT COURT

DATED: __2/27/85_____

THE ABOVE LISTED ITEMS HAVE BEEN REQUIRED BY THE COUNTY CLERK'S OFFICE.

_____
        CLERK OF THE COURT                    (SEAL)

C67



## OFFICE OF THE CIRCUIT COURT CLERK OF COOK COUNTY



**AURELIA PUCINSKI**
CLERK OF THE COURT

**GERARD SCIARAFFA**
CHIEF DEPUTY CLERK

**CRIMINAL BUREAU**
CRIMINAL DIVISION
Room 526
2650 S. California Ave
Chicago, Illinois 60608
(312) 890-3140

FILED

FEB 2 3 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

IMPOUNDED EVIDENCE

INTAKE REPORT

DEFENDANT: *Alice Lindsay*

CASE NUMBER: *92CR 25135*

DATE: *2-23-95*

### IDENTIFICATION NOTES

IN REFERENCE TO THE ATTACHED IMPOUNDING ORDER
REGARDING THE ABOVE CASE NUMBER AND DEFENDANT, THE
FOLLOWING IS NOTED AT THE TIME OF RECEIPT BY THE
CIRCUIT COURT CLERK'S OFFICE:

_____

_____

_____

_____

_____

_____

_____

ASSISTANT STATE'S ATTORNEY

*C68*

CIRCUIT COURT OF COOK COUNTY
ADULT PROBATION DEPARTMENT
INVESTIGATIONS DIVISION

## NOTICE OF INVESTIGATION ORDER

DATE __2/10/95__

DATE ORDERED __2/10/95__

DATE DUE __3/27/95__

JUDGE __SINGER__

PRESENTENCE ☒    PRETRIAL ☐

BOND ☐    CUSTODY ☒ (SEE NOTE)

INMATE # __F92517977__

IR # __1023154__   ISB # _____

D.O.B. __1/21/62__  SS # __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__

(NOTE: If defendant is in custody, the defense attorney must call the Investigations Division immediately at the phone number shown below.)

## ORDER

IT IS HEREBY ORDERED THAT A SOCIAL INVESTIGATION REGARDING YOUR CURRENT CASE BEFORE THIS COURT BE CONDUCTED. TO COMPLY WITH THIS ORDER YOU MUST REPORT IMMEDIATELY TO THE COOK COUNTY ADULT PROBATION DEPARTMENT'S INVESTIGATIONS DIVISION. IF YOU RECEIVE THIS NOTICE AFTER 4:30 P.M., REPORT THE NEXT REGULAR BUSINESS DAY AT 9:00 A.M.

JUDGE'S SIGNATURE

DEFENDANT'S NAME __JERRI LINDSEY__

CASE NUMBER(S) __92CR 22766__   CHARGE(S) __MURDER__

CURRENT ADDRESS __COOK COUNTY DEPT. OF CORRECTIONS - (WOMAN) - DIV. 4__

CURRENT PHONE NUMBER

DEFENSE ATTORNEY NAME __SHELDON SOROSKY__   PHONE# __(312) 640-1776__

THE ADULT PROBATION DEPARTMENT IS LOCATED AT:

CRIMINAL COURTS ADMINISTRATION
BUILDING
2650 S. CALIFORNIA AVENUE, Lower Level
CHICAGO, ILLINOIS 60608
(312) 890-7316

FAILURE TO REPORT TO ABOVE LOCATION MAY RESULT IN YOUR BEING HELD IN CONTEMPT OF COURT AND/OR REVOCATION OF YOUR BOND.

Org. - Court File (White)    Copy - Adult Probation (Yellow)    Copy - Defendant (Pink)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Cook
.nty (Municipal)    DEPARTMENT  Criminal  (Division)                (District)

People of the State of Illinois
v.
Lindsey, Jori          Defendant              } No. 92cc 25135c4

ORDER OF SENTENCE AND COMMITMENT TO
ILLINOIS DEPARTMENT OF CORRECTIONS

The defendant having been adjudged guilty of committing the offenses enumerated below,

IT IS ORDERED that the defendant ___ Lindsey, Jori
be and he is hereby sentenced to the Illinois Department of Corrections as follows:

On 3-29-95 THE Honorable Judge Sheldin Vn Gee
sent- the defendant on a final of Judgt
Of guilty on case (92cc 25135c4) to a term
Of 45yrs IDOC. Jinf cred 1C893 Days
aT(8) CONCURRET w/ cT (4)

_____ MITT TO ISP

| | | Ill. Rev. Stat. | |
|---|---|---|---|
| Offense  Murder | Ch. 28 – | Sec. 9 – | Par. 1-A (1) |
| Offense  Armed Robbery | Ch. 38 – | Sec. 18 – | Par. 2-A |
| Offense ___ | Ch. ___ | Sec. ___ | Par. ___ |
| Offense ___ | Ch. ___ | Sec. ___ | Par. ___ |

IT IS FURTHER ORDERED that the Clerk of the Court shall deliver a copy of this order to the Sheriff of Cook County.

IT IS FURTHER ORDERED that the Sheriff of Cook County shall take the defendant into custody and deliver him to the Illinois Department of Corrections.

IT IS FURTHER ORDERED that the Illinois Department of Corrections shall take the defendant into custody and confine him in the manner provided by law until the above sentence is fulfilled.

PREPARED BY: _____ Deputy Clerk
DATED: 3-27-95   BRANCH CT. Rm 704     ENTER: _____ Judge    CODE #

INSTRUCTIONS

CLERK is requested to insert in the appropriate spaces above (1) each sentence and the conditions thereof, including the condition that the sentence shall run concurrently or consecutively, as the case may be, with other sentences imposed by the court in this case, or other sentences imposed by courts in other cases; and (2) fill in the following information:

Name and address of counsel for defendant ___ ATTy Sheldon Sorosky

Police Individual Record No. 1023154     Illinois Bureau Identification No. ___

CLERK OF THE CIRCUIT COURT OF COOK COUNTY

C72

FILE RECORD COURT CLERK

SHEET No.
1

LINE No.
10

## IN THE CIRCUIT COURT OF COOK COUNTY
### CRIMINAL DIVISION/MUNICIPAL DEPARTMENT DISTRICT _____

PEOPLE OF THE STATE OF ILLINOIS

vs.

LINDSEY, JERI R

No. _____ 92CR2513501 _____

SID _____

IR _____ 1023154 _____

ADDENDUM TO PREVIOUS ORDER SETTING BAIL AND COMMITTING THE DEFENDANT TO THE COOK COUNTY DEPARTMENT OF CORRECTIONS FOR FAILURE TO DEPOSIT BAIL.

### ORDER

THIS MATTER COMING BEFORE THE COURT AND THE COURT BEING FULLY ADVISED IN THE PREMISES, IT IS HEREBY ORDERED:

SENT - 45 YRS + DOC

(CT3 + CT4) CONCURRENT

Time credit - 896 DAYS

MITT TO IDO

DISPOSITION(S) MUST REFLECT AS TO WHICH COUNT(S) THE ORDER(S) IS/ARE APPLICABLE.

ENTERED _____ MARCH 2? 19 95 _____

SHELVIN SINGER

JUDGE          No.

DEPUTY CLERK _____

ROOM/BRANCH _____ 704 _____

PAGE 1 OF 1 PAGES

AT 9:30 AM AM / PM

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**CIRCUIT COURT OF COOK COUNTY**
**ADULT PROBATION DEPARTMENT**

**FROM:  OFFICER** _JOSEPH LUCHSINGER_     **DATE:** _2/27/95_

**TO:  P.S.I. INTERMEDIATE SUPERVISOR**

**SUBJECT: P.S.I. VERIFICATION MATERIAL REQUEST**

**PER JUDGE** _SINGER_ _____, **ATTACH THE BELOW CHECKED**

**VERIFICATION MATERIAL ALONG WITH THE P.S.I. WHEN SENDING TO COURT.**

**NAME:** _JERI LINDSEY_ _____ **CASE NUMBER:** _92CR25135-01_

| | | |
|---|---|---|
| ____ EDUCATION | ____ FINANCIAL | ____ FAMILY |
| ____ MENTAL | ____ PRISON RECORDS | ____ PHYSICAL |
| ✓ EMPLOYMENT | ____ LEISURE | ____ OTHER |
| ____ DRUG | ____ PERSONAL LETTERS | |

**ENTERED**

MAR 27 1995

CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

_____
**SUPERVISOR SIGNATURE**

**APD 914**
**8/90**

---

**CIRCUIT COURT OF COOK COUNTY**
**ADULT PROBATION DEPARTMENT**

MAR 27 1995

PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

**FROM:  OFFICER** _____     **DATE:** _____

**TO:  P.S.I. INTERMEDIATE SUPERVISOR**

**SUBJECT:  P.S.I. VERIFICATION MATERIAL REQUEST**

**PER JUDGE** _____, **ATTACH THE BELOW CHECKED**

**VERIFICATION MATERIAL ALONG WITH THE P.S.I. WHEN SENDING TO COURT.**

**NAME:** _____ **CASE NUMBER:** _____

| | | |
|---|---|---|
| ____ EDUCATION | ____ FINANCIAL | ____ FAMILY |
| ____ MENTAL | ____ PRISON RECORDS | ____ PHYSICAL |
| ____ EMPLOYMENT | ____ LEISURE | ____ OTHER |
| ____ DRUG | ____ PERSONAL LETTERS | |

_____
**SUPERVISOR SIGNATURE**

**APD 914**
**8/90**

C74

## CIRCUIT COURT OF COOK COUNTY
## ADULT PROBATION DEPARTMENT
## INVESTIGATIVE REPORT

**DATE ORDERED:** February 10, 1995

**DATE DUE:** March 27, 1995

**DEFENDANT:** Jeri Lindsey

**A/K/A:** N/A

**ADDRESS:** 8931 South Houston, 1st Floor
Chicago, Illinois 60617

**TELEPHONE:** None

**VERIFICATION:** Currently incarcerated

**PRETRIAL:**

**PRESENTENCE:** X

**JUDGE:** Singer, Room 704

**LOCATION:** 2650 California Avenue
Chicago, Illinois 60608

**ASST. STATE ATTY:** Court Assigned

**DEFENSE ATTY:** Sheldon Sorosky

**INVESTIGATING P.O.** J. Luchsinger

FILED
MAR 27 1995

**DATE OF BIRTH:** January 21, 1962

**PLACE OF BIRTH:** Chicago, Illinois

**SEX/RACE:** Female/Black

**HGHT/WGHT:** 5'5"/150 Lbs.

**EYES/HAIR:** Brown/Black

**U.S. CITIZEN:** Yes

**DATE ENTERED U.S.A.:** N/A

**ALIEN REGISTRATION #:** N/A

**I.R. #:** 1023154

**C.B. #:** 9240308

**I.S.B. #:** 31686690

**F.B.I. #:** N/A

**S.S. #:** 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

**D.L. #:** N/A

| CASE NUMBERS | CHARGE | ARREST DATE |
|---|---|---|
| 92CR2513501 | First Degree Murder (Three Counts) Armed Robbery | 10/14/92 |

**CUSTODY STATUS:** Incarcerated - Inmate #F9257977 Division Three

1 075

## BACKGROUND

### PRIOR CRIMINAL INVOLVEMENT   (CHECK ALL THAT APPLY)

| JUVENILE | ADULT | |
|----------|-------|--|
| ( ) PROBATION | ( ) MISDEMEANOR | ( ) PROBATION |
| ( ) INCARCERATION | ( ) FELONY | ( ) INCARCERATION |
| | | ( ) PAROLE |

**EMPLOYMENT STATUS:**  Unemployed

    **INCOME:**  N/A                  **SOURCE:**  N/A


**EDUCATION, HIGHEST LEVEL:**  High School Graduate

**MILITARY:**  No           **BRANCH:**  N/A

**DISCHARGE:**  N/A

**CURRENT MARITAL STATUS:**  Single    **NUMBER OF CHILDREN:**  One

 PPORT PAYMENTS:  None received

**SUBSTANCE USE:**             **ALCOHOL:**  No

                                 **CHEMICAL:** Yes

**PSYCHOLOGICAL INFORMATION:**    No

**PHYSIOLOGICAL INFORMATION:**    No

**GANG INVOLVEMENT:**    None reported

**VICTIM IMPACT STATEMENT:**    Violent Crime

**OTHER PERTINENT INFORMATION:**

C76

## HISTORY OF CONVICTIONS

### JUVENILE:

| Case #/Charge | Disposition and Date |
|---|---|

Juvenile records were not requested because of the defendant's age.

### ADULT

| Case #/Charge | Disposition and Date |
|---|---|

92CR2513501
First Degree Murder
 (Three Counts)
Armed Robbery

February 10, 1995 — found guilty;
Presentence Investigation ordered;
Judge Singer; By Agreement March
27, 1995.

### PENDING CASE/BFW'S

| Case #/Charge | Location and Next Court Date |
|---|---|

The Chicago and State Criminal Histories indicate that the defendant does not have any pending cases or Bond Forfeiture Warrants.

### OFFICIAL VERSION OF THE OFFENSE

The defendant was arrested on October 14, 1992 for violating Sections 38-9-1-A (1) (2) (3) (First Degree Murder) and 38-19-2-A (Armed Robbery) of the Illinois Criminal Code. The defendant was found guilty of the said charges and a Presentence Investigation was ordered for March 27, 1995.

C 77

## DEFENDANT'S VERSION OF OFFENSE

The defendant declined to comment on her version of the offense.

## SOCIAL HISTORY

Father:    Jerry B. Lindsey
Mother:    Garnett Lindsey
Brother:   Maurice, age twenty-five.

The defendant was born on January 21, 1962 to Garnett and Jerry Lindsey.  She is the only child that resulted from this relationship.

The defendant reported that her parents divorced when she was an infant and her mother became her primary caretaker.  She stated that her mother passed away when she was seven years old and she was then reared by her father and stepmother.  The defendant stated that her parents later adopted a baby boy and she was reared, along with her younger brother, Maurice, in a happy, stable home.  She stated that her father supported their family with his employment as a tractor truck  mechanic and welder. The defendant reported that everyone in her family is doing very well.

## MARITAL STATUS

The defendant stated that she has never been married, but has a child named, Tamesha, age sixteen.  She stated that the child's father's name is Baronassey Moore and he does not provide any child support.  The defendant reported that her aunt, Grace McKnight, is taking care of her child at this time.

## EDUCATION

The defendant stated that she attended the Gillespie Elementary School, located at 9301 South State Street, from the first through the eighth grade.  She stated that she entered Harlan High School, located at 9652 South Michigan Avenue, in September, 1976 and stopped attending after her sophomore year. The defendant reported that she attended the Roseland Adult Education Center in the early 1980's and earned her high school diploma in July 1982.  An address or telephone listing for the Roseland Center could not be found to attempt school verification.

C78

## EMPLOYMENT

The defendant reported that, before her current incarceration, she was employed as a laborer/packer, from December, 1985 through March, 1992, for Polycon Industries located at 1001 East 99th Street, Chicago, Illinois.  Verification was received from Polycon and confirms that she was an employee during the years she reported.

The defendant stated that she previously was employed as a telemarketing clerk from 1981 through 1983 for World Book Incorporated located in the Merchandise Mart Building in downtown Chicago.

## HEALTH HISTORY

### PHYSICAL:

The defendant stated that she is in "good physical condition."

### PSYCHOLOGICAL:

The defendant stated that she is in "good psychological condition."  She stated that she has never been treated for any psychological problems by either a psychiatrist or mental health counselor.

## ALCOHOL/DRUG USAGE

The defendant reported that she does not have an alcohol problem but believes that she has a possible crack cocaine addiction. She stated that she began using crack cocaine when she was twenty-one years old.  The defendant stated that she used crack cocaine at least one time each week from the age of twenty-one until her arrest for this criminal case at the age of thirty. She reported that she has never received any treatment for her addiction problem.

## COMPANIONS AND COMMUNITY INVOLVEMENT

The defendant stated that he she has never been a gang member or involved in any gang-related criminal activities.

## MILITARY

The defendant does not have a military background.

## ECONOMIC STATUS

The defendant has been incarcerated for the past twenty-eight months.



## VICTIM IMPACT STATEMENT

Because this is a violent crime or a class X felony, information regarding the sentencing of the defendant was provided to the Victim Witness Program in the State's Attorney's office on February 10, 1995.

The Victim Impact Statement will be obtained through that program and forwarded to the Assistant State's Attorney assigned to this case for presentation to the court.

## SUMMARY

The defendant is a thirty-three year old female with a high school education.  The defendant is a mother of a sixteen year old daughter who is currently being taken care of by an aunt.

The defendant reported that she was most recently employed as a laborer/packer for a company called Polycon Industries and this was confirmed by the company.

The defendant reported having a possible crack cocaine addiction, but she has never received treatment.  The defendant's criminal histories indicate that this is the defendant's only conviction.

## SOURCES OF INFORMATION

The following sources of information were used to complete this investigation:

Chicago Criminal History; State Criminal History; LEADS Response; and an interview with the defendant.

J. Luchsinger
Adult Probation Officer
cim

CITY OF CHICAGO / DEPARTMENT OF POLICE / 1121 South State Street
IDENTIFICATION SECTION   Chicago, Illinois 60605



CRIMINAL HISTORY OF      LINDSEY, Jerri R          F/B

DATE                     19 Oct 92

DATE OF BIRTH            21 Jan 62

| I.R. NO. | | FBI NO. | | S.I.D. NO. | |
|---|---|---|---|---|---|
| 1023154 | | | | | |
| NAME & ADDRESS | C.B. NO. | DATE OF ARREST | ARRESTING OFFICER & DISTRICT | CHARGE | DISPOSITION |
| Jerri R LINDSEY<br>8931 S Houston<br>21 Jan 62 | 9240308<br><br>cc | - 15 Oct 92, Off. Bogucki, DDA 5 PC (025) Murder<br> 23 Nov 92, G.J. Ind#92CR-25135, First Degree Murder 3cts,<br>Armed Robbery | | | |

081

CHD-31.903 (REV. 7/88)   CONFIDENTIAL -  Further dissemination of information contained in this record is forbidden.
When this record has served the purpose for which it was issued, it must be destroyed (U.S.
Dept. of Justice Rules & Regulations S.S. 20.33).

AP42
XAV
M/AP42AP53
( 295 0400
ILO/A6023N CPR/DS PUR/C REG/LUCKSINGER PSI
NAM/LINDSEY,JERI                    SEX/F RAC/B DOB/012162


SID/IL31486690 NAM/LINDSEY,JERRI R                    SEX/F
RAC/B DOB/01211962 HGT/505 WGT/150 HAI/BLK EYE/BRO
SKN/MED SMT/
FPC/POP1POP01504POP11715 FBI/
SOC/342567614 CTR/IR023154 RNU/


TOTAL ARRESTS      1
CHARGES CONV OFFENSE          CHARGES CONV OFFENSE
     1      0 HOMICIDE

LAST ARREST 101592 BY CHICAGO PD          CASE # 1485 112
FOR MURDER
 END OF LEADS RESPONSE




 AP42
XAV
M/AP42AP53
CPR 021595 0400

XAV NO REC LEADS NAM/LINDSEY,JERI SEX/F RAC/B
DOB/012162 END OF LEADS RESPONSE


 AP42
XAV
M/AP42AP53
ILO1 NCIC RESPONSE
IL0160230
NO NCIC WANT DOB/012162 NAM/LINDSEY,JERI SEX/F RAC/B
 END OF LEADS RESPONSE


 42
XAV
M/AP42AP53          REG/LUCKSINGER,PSI
NL01XAVM/AP42AP53
ILO/A6023N
NO IDENTIFIABLE RECORD IN THE NCIC INTERSTATE IDENTIFICATION INDEX
(III) FOR NAM/LINDSEY,JERI,SEX/F,RAC/B,DOB/012162,PUR/C,
NOTICE --- THIS DOES NOT PRECLUDE THE POSSIBLE EXISTENCE OF MATCHING

*C82*

END OF LEADS RESPONSE

C83

```
AP42
XAV
042P42AP53
( )46 04.01.23
ILC160YSR  UPR/DR  PUR/C  REG/PSI
SID/IL31686690
ATN/CUM RILEY
```

THIS RECORD IS BASED ONLY ON THE SID NUMBER IN YOUR REQUEST—
IL31686690 BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME,
A NEW COPY SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.

ILLINOIS STATE POLICE
CRIMINAL HISTORY RECORD INFORMATION

STATE ID NO.   FBI NO.    CHICAGO IR NO.   DATE REQUESTED
IL31686690                IR1023154        02/15/95

---NO III STATUS---

CONVICTION STATUS
CANNOT BE DETERMINED BASED ON THE INFORMATION AVAILABLE

NAME                      DOB
LINDSEY,JERRI R           01/21/1962

SEX   RACE    HGT WGT EYES      HAIR           SKIN
F     B       505 150 BROWN     BLACK          MEDIUM

BIRTH PLACE
ILLINOIS

SOC SEC #
342567614

FINGERPRINT CLASS
PO PI PO PO 19
94 PO PI 17 15

ARREST    ARRESTING AGENCY                 AGENCY CASE #   DCN
10/15/92  ILCPD0000-CHICAGO PD             7485 112        CB9240308

          OFFENSE DATE
          10/15/92

          NAME                      DOB
          LINDSEY,JERRI R           01/21/1962

          ARREST CHARGES
            38-9-1
            MURDER

          STATES ATTORNEY                DCN
          IL016015A-COOK COUNTY SA       CB9240308

DISPOSI-  S.A. CHARGES/DISPOSITIONS
TION        DIRECT FILED WITH COURT
              38-9-1
              MURDER
```

C84

```
END OF PAGE 001 --- END OF RECORD
END OF LEADS RESPONSE
```

STATE OF ILLINOIS    )
                     ) SS

COUNTY OF COOK     )

ENTERED

MAR 27 1995

CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE<br>OF ILLINOIS,<br><br>        vs.<br><br>JERRI LINDSEY, | )<br>)<br>)<br>)  No. 92-22766<br>)<br>)<br>) |

### MOTIONS IN ARREST OF JUDGMENT AND FOR A NEW TRIAL

NOW COMES the Defendant, JERRI LINDSEY, by and through her attorney Sheldon Sorosky, and moves pursuant to 725 ILCS5/116-1 and 725 ILCS5/116-2, that this Honorable Court enter an Order (1) arresting the judgment of conviction, or in the alternative, (2) granting the Defendant a new trial and in support thereof states as follow:

1.    There was not proof beyond a reasonable doubt as to the Defendant's Guilt.

2.    The indictment fails to recite a valid cause of action.

3.    The Court erred in denying the Defendant's two pre-trial motions to suppress statements because:

> (1)  The Defendant was taken into custody by the police without probable cause; any statements, and "identifications", obtained by the police were in violations of the Defendant's "Forth Amendment" Rights
> (2)  After the Defendant was in custody the Defendant was induced, by the police, to make numerous statements (after her first original voluntary statement to the police); these oral police inducements to the Defendant violated her "Fifth Amendment" Rights.

4.    The State failed to prove the offenses of armed robbery and first degree murder (while comitting a forcible felony to wit; armed robbery), counts 4 and 3 of this indictment. The State failed to prove that when the Defendant took money and papers from the victim, the victim was in fact alive. The State at best merely proved the Defendant committed the offense of theft in that she took money from a dead man. Furthermore, the State failed to prove the taking of money by Jerri Lindsey (from the victim) was connected to shooting the victim.



5.   The Court erred in denying the Defendant's motions for acquittal at the close of the States case.

6.   The Defendant was denied her right (1) to counsel, (2) due process of law, (3) equal protection of the laws, and (4) a fair trial, under the United States and Illinois (1970) Constitutions by the Court denying Defendant's pre-trial request for new counsel.

7.   The indictment fails to recite a valid cause of action.

Respectfully submitted,



SHELDON SOROSKY,
Attorney for Defendant
Jerri Lindsey

(1) CRIM. DIV. FORM: NOA

TO THE . . . . . . . . . . . . APPELLATE . . . . . . . . COURT OF ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY**
**CRIMINAL DIVISION**

**PEOPLE OF THE STATE OF ILLINOIS**
v.

JERRI LINDSEY

| | |
|---|---|
| Ind. No. | 92CR 25135 |
| Trial Judge | Singer |
| Court Reporter | |
| Attorney | Sheldon Sorosky |
| Appeal Check Date | |
| Appeal Bond | |

**NOTICE OF APPEAL**

An appeal is taken from the order or judgment described below:

Appellant's Name: Jerri Lindsey

Appellant's Address: Illinois Department of Corrections

Appellant's Attorney: State of Illinois, Appellate Defender

Address: 100 W. Randolph, Chicago, IL.

Offense: MURDER

Judgment: Guilty of MURDER

on a BENCH TRIAL

te: March 27, 1995

Sentence: 45 YEARS ILLINOIS DEPARTMENT OF CORRECTIONS

Date Notice Filed: ~~MARCH 30~~, 1995
APRIL 5, 1995

*FILED*
*APR 0 5 1995*
*AURELIA PUCINSKI*
*CLERK OF CIRCUIT COURT*

JERRI LINDSEY . . . . . . . Appellant

**VERIFIED PETITION FOR REPORT OF PROCEEDINGS AND COMMON LAW RECORD**

Under Supreme Court Rules 605-608 appellant asks the Court to order; (1) the Official Court Reporter to transcribe an original and the copy of the proceedings, file the original with the Clerk and deliver a copy to the appellant, or upon appellant's written request to the appellant's attorney of record, and (2) the Clerk to prepare the Record on Appeal.

The Appellant, being duly sworn, says that at the time of his conviction he was and he now is unable to pay for the Record or an appeal lawyer.

JERRI LINDSEY . . . . . . . Appellant

SUBSCRIBED and SWORN TO before me this . . . . . . . . day of . . . . . . . . . . . . . . . . . . . , 19 . . . .

. . . . . . . . . . . . . . . . . . . . . . . . Notary public

**ORDER**

IT IS ORDERED; 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
appointed as counsel on appeal, and 2. the record and Report of Proceedings be furnished appellant free.
Dates to be transcribed:

| | | |
|---|---|---|
| 2/15 , 19 94 | 9/13 , 19 94 | 1/19 , 19 95 |
| 2/17 , 19 94 | 11/14 , 19 94 | 1/30 , 19 95 |
| 2/13 , 19 94 | 1/4 , 19 95 | 2/7 , 19 95 |
| 9/12 1994 | 1/11 1995 | 2/10 1995 |
| | | 3/27/ 1995 |

ENTER: . . . . . . . . . . . . . . . . . . . . . . . JUDGE

DATE: . . . . . . . . . . . . . . . . . . . . .

I acknowledge receipt: . . . . . . . . . . . . . . . . . . *CV 81* . . . . . . . . . . . . . . . . . . . . . Court Reporter

(Rev. 4/91) CRIM. DIV. FORM # 79

## NOTICE OF NOTICE OF APPEAL

TO:

**Honorable ROLAND BURRIS**
**Attorney General, State of Illinois**
**Springfield, Illinois**

**Honorable JACK O'MALLEY**
**State's Attorney of Cook County**
**Room 573, Daley Center**
**Chicago, Illinois**

**Official Shorthand Rept. Office**
**4th. Floor, 2650 S. California Ave.**
**Chicago, Illinois 60608**

**Appellate Court of Illinois**
**28th Floor, Daley Center**
**Chicago, Illinois**

INRE:                    **PEOPLE OF THE STATE OF ILLINOIS**

vs.

Lindsey, Teri OL

CASE NO. 92 or 25135

YOU ARE HEREWITH NOTIFIED that pursuant to Rule 606E, of the Illinois Supreme Court, effective, January 1, 1967, a Notice of Appeal was filed with the Clerk of the Circuit Court of Cook County, County Department Criminal Division, on 4-5-95 , a copy of which is hereto attached.

Submitted by

*Aurelia Lucansby*

Clerk of the Circuit Court of Cook County

C88

**(OVER)**

91) CRIM. DIV. FORM: NOA

TO THE . . . . . . . . . . . . . . APPELLATE . . . . . . . . . COURT OF ILLINOIS

**IN THE CIRCUIT COURT OF COOK COUNTY**
**CRIMINAL DIVISION**

PEOPLE OF THE STATE OF ILLINOIS

v.

JERRI LINDSEY

| | |
|---|---|
| Ind. No. | 92CR 25135 |
| Trial Judge | Singer |
| Court Reporter | . . . . . . . . . . . . . . . . . . . . . . . . . |
| Attorney | Sheldon Sorosky |
| Appeal Check Date | . . . . . . . . . . . . . . . . . . . . |
| Appeal Bond | . . . . . . . . . . . . . . . . . . . . . . . . |

**NOTICE OF APPEAL**

An appeal is taken from the order or judgment described below:

Appellant's Name: Jerri Lindsey

Appellant's Address: Illinois Department of Corrections

Appellant's Attorney: State of Illinois, Appellate Defender

Address: 100 W. Randolph, Chicago, IL.

Offense: MURDER

Judgment: Guilty of MURDER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . on a BENCH TRIAL

Date: March 27, 1995

Sentence: 45 YEARS ILLINOIS DEPARTMENT OF CORRECTIONS

Date Notice Filed: ~~MARCH 10,~~ 1995
APRIL 5, 1995

*FILED*
*APR 0 5 1995*
*AURELIA PUCINSKI*
*CLERK OF CIRCUIT COURT*

JERRI LINDSEY . . . . . . . Appellant

**VERIFIED PETITION FOR REPORT OF PROCEEDINGS AND COMMON LAW RECORD**

Under Supreme Court Rules 605-608 appellant asks the Court to order; (1) the Official Court Reporter to transcribe an original and the copy of the proceedings, file the original with the Clerk and deliver a copy to the appellant, or upon appellant's written request to the appellant's attorney of record, and (2) the Clerk to prepare the Record on Appeal.

The Appellant, being duly sworn, says that at the time of his conviction he was and he now is unable to pay for the Record or an appeal lawyer.

JERRI LINDSEY . . . . . . . Appellant

SUBSCRIBED and SWORN TO before me this . . . . . . . . . day of . . . . . . . . . . . . . . . . . . , 19. . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . Notary public

**ORDER**

IT IS ORDERED; 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
appointed as counsel on appeal, and 2. the record and Report of Proceedings be furnished appellant free.
Dates to be transcribed:

| | | |
|---|---|---|
| 2/15 . . . . . . . . , 19. 94 | 9/13 . . . . . . . . . , 19. 94 | 1/19 . . . . . . . . . , 19. 95 |
| 2/17 . . . . . . . . , 19. 94 | 11/14 . . . . . . . . , 19. 94 | 1/30 . . . . . . . . . , 19. 95 |
| 2/13 . . . . . . . . , 19. 94 | 1/4 . . . . . . . . . , 19. 95 | 2/7 . . . . . . . . . , 19. 95 |
| 9/12　　1994 | 1/11　　1995 | 2/10　　1995 |
| | | 3/27/　　1995 |

ENTER: . . . . . . . . . . . . . . . . . . . . . JUDGE

DATE:. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

I acknowledge receipt: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Court Reporter

IN THE _First_ JUDICIAL CIRCUIT OF ILLINOIS
_____ Cook _____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
Respondent, )
                                )
                                ) Case No. _92C25135_____
                                )
              v.                )
JERRI LINDSEY                    )
        DEFENDANT                )
                                )
_____
Defendant/Appellant—

STATE OF ILLINOIS              )
                               ) Docket Number: _92C25135_____
COUNTY OF _LIVINGSTON._____ )

### NOTICE OF FILING

TO: __William Morino____      TO:    __Clerk of the Circuit Court_

    __2650 S. California____         __2600 S. California_____

    __Chicago, IL 60608_____         __Chicago, ILlinois 60608__

    _____         _____


PLEASE TAKE NOTICE that on _APRIL 19,_____, 199_5_, I have

filed with the _CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS_____

_FIRST JUDICIAL DISTRICT 2650 S. California,Chciago,IL 60608_____,

( 2 ) copies _ONE_ of which are hereby served upon you.

_/s/x Jerri Robbin Lindsey B49150_
_P.O. Box 5001_
_Dwight, Ill. 60420-5001_


# FILED

### APR 25 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT.



Page ?

STATE OF ILLINOIS       )
              )
COUNTY OF __LIVINGSTON_____ )

## AFFIDAVIT

___JERRI LINDSEY____ being first duly sworn on oath deposes and says:

that he served the within notice upon the above party(s) by

placing a true and correct copy of said notice in an envelope,

each addressed as shown above; sealed said envelope, placed in

the U.S. Mail at _DWIGHT_____, Illinois,

__60420-5001___ at or about the hour of _5___ o'clock _p_.m. on

the __19__ day of ____APRIL_____, 199_5___.

/s/ x _Jerri Robbin Lindsey_____

SUBSCRIBED and SWORN to before me this

_19_ day of _April_____, 199_5_.

_____
NOTARY PUBLIC

> **OFFICIAL SEAL**
> **JOHN HOLMES**
> NOTARY PUBLIC STATE OF ILLINOIS
> My Comm. Expires March 17, 1996

# FILED

APR 2 5 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT

091

IN THE CIRCUIT COURT OF ___COOK_____ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                )
                     Plaintiff, )
                                )
            vs.          --     )        Case No. __92C25135_____
                                )
                                )
JERRI LINDSEY,                  )
                     Defendant. )
_____)


NOTICE OF APPEAL


An appeal is taken from the Order or Judgment described below:

   (1)   Court to which appeal is taken:

         First Judicial District
         _____

   (2)   Name of appellant and address to which notices shall be
         sent:

         Name___JERRI LINDSEY_____ No.__B49150_____
         P.O. Box 5001
         Dwight ., Illinois  60420-5001

   (3)   If appellant is indigent and has no attorney on appeal,
         does he want one appointed by the court? __Yes_____

   (4)   Date of Judgment or Order: ____March 27, 1995_____

   (5)   Offense of which convicted: __Murder and Armed Robbery___

         _____

   (6)   Sentence: __45 years_____

   (7)   Type of proceeding:  Bench Trial_____XXXXX_____

         Jury Trial_____Plea Agreement_____

                              _Jerri Robbie Lindsey_
                              Appellant

                                 FILED

                              APR 2 5 1995

                              AURELIA PUCINSKI
                              CLERK OF THE CIRCUIT COURT

In the Circuit Court of the ___FIRST___ Judicial Court, _____
___COOK___ County, Illinois.
(Or in the Circuit Court of Cook County)

THE PEOPLE OF THE    )
    STATE            )
    OF ILLINOIS       )
                      )    No. 92C25135
                      )
JERRI LINDSEY         )
                      )
                      )
_____    )

## Notice of Appeal

An appeal is taken from the order or judgment described below:

    (1)  Court to which appeal is taken: __First Judicial District__.

    (2)  Name of appellant and address to which notices shall be sent.

Name: __JERRI LINDSEY__

Address: __P.O. BOX 5001 Dwight, IL 60420-5001__

    (3)  Name and address of appellant's attorney on appeal.

Name: __NONE__

Address: _____

If appellant is indigent and has no attorney, does he want one appointed? __YES__

    (4)  Date of judgment or order: __MARCH 27, 1995__

    (5)  Offense of which convicted: __Murder and Armed Robbery__

    (6)  Sentence: __Forty-Five (45) years__

    (7)  If appeal is not from a conviction, nature of order appealed from: _____

    (Signed) X _Jerri Robbin Lindsey_

(May be signed by appellant, attorney for appellant, or clerk of circuit court)

# FILED

APR 2 5 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT


Page 6

Docket Number in the Reviewing Court

Case Title (Complete)

Appeal From _____ County
Circuit Court No. _____
Date of Notice of Appeal_____
Trial Judge _____
Felony ( )
Misdemeanor ( )
In Custody ( )
Out on Bond ( )

--- DOCKETING STATEMENT
(Criminal)

Counsel On Appeal
For Appellant(s)
    Name: _____
    Address: _____
    Telephone: _____
Trial Counsel,
If Different
    Name: _____
    Address: _____
    Telephone: _____
Counsel On Appeal
For Appellee(s)
    Name: _____
    Address: _____
    Telephone: _____
Court Reporter(s)
    Name: _____
    Address: _____
    Telephone: _____
Approximate Duration of Trial Court Proceedings To be Transcribed
_____

Nature of Case:
    ( )    Appeal from conviction after trial
    ( )    Jury Trial
    ( )    Plea of guilty
    ( )    Sentence only
    ( )    Appeal by State
    ( )    Bench Trial
    ( )    Post-conviction proceeding
    ( )    Revocation of probation
    ( )    Other (Explain) _____

General Statement Of Issues Proposed To Be Raised (Failure to
include an issue in this statement will not result in the waiver
of the issue on appeal.)
_____



FILED

APR 25 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT



C94
Page 7

I, as attorney for the appellant, hereby certify that on _____
_____ I asked the clerk of the circuit court
   (Date)
to prepare the record and on _____ made a
                           (Date)
written request to the court reporter to prepare the transcript.

     Date _____

                                   _____
                                       Appellant's Attorney

I hereby acknowledge receipt of an order for the preparation of a
report of proceedings.

                                   _____
                             (Court Reporter or Supervisor)

_____
        (Date)

FILED

APR 25 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT

C95

## VERIFICATION OF CERTIFICATION

I, _____ JERRI LINDSEY _____, the undersigned, certify
and state:

1.  I am the defendant-appellant in the above-captioned
    matter;

2.  I have read the foregoing application and have
    knowledge of its contents;

3.  Under penalties as provided by law pursuant to Chapter
    735 section 5/1-109 of the Code of Civil Procedure, I
    certify that the statements set forth in the foregoing
    document is true and correct except as to matters
    therein stated to be on information and belief, and as
    to such matters I certify that I believe the same to be
    true.

X _Jerri Robbin Lindsay_
Appellant


Signed before me this _19_ day of _April_, 19_95_.

_____
Notary Public

```
OFFICIAL SEAL
JOHN HOLMES
NOTARY PUBLIC STATE OF ILLINOIS
My Comm. Expires March 17, 1996
```

FILED

APR 25 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT

C96

Page 3

No. 95-1535

IN THE

# FILED

JUN 2 0 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,) | Appeal from the Circuit Court |
| ) | of Cook County, Illinois. |
|     Plaintiff-Appellee, ) | |
| ) | |
| -vs- ) | Indictment No. 92-25135. |
| ) | |
| Jerry Lindsey, ) | Honorable |
| ) | Shelvin Singer, |
|     Defendant-Appellant. ) | Judge Presiding. |

## PROOF OF SERVICE

TO:  Jack O'Malley              Jerry Sciaraffa
     State's Attorney         Chief Deputy Clerk
     300 Daley Center         Clerk of the Circuit Court
     Chicago, Illinois  60602  2650 So. California
                             Chicago, Illinois  60608

     You are hereby notified that on June 8, 1995, we personally
delivered the original and three copies of the attached Motion
for Extension of Time to File Record in the above-entitled cause
to the Clerk of the above Court, a copy of which is hereby served
on you.

MICHAEL J. PELLETIER
Deputy Defender

STATE OF ILLINOIS )
               ) SS
COUNTY OF COOK    )

     The undersigned, being first duly sworn on oath, deposes and
says that she personally delivered the required number of copies
of the attached Motion to the Clerk of the above Court and to the
State's Attorney of Cook County on June 8, 1995.

DORA EASON

SUBSCRIBED AND SWORN TO BEFORE ME
on June 8, 1995.

NOTARY PUBLIC

OFFICIAL SEAL
CAROL M. CHATMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-30-95

C97

No. 95-1535

IN THE

APPELLATE COURT OF ILLINOIS                **FILED**

FIRST DISTRICT                             JUN 2 0 1995

                                           AURELIA PUCINSKI
| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br><br>Plaintiff-Appellee, )<br><br>-vs- )<br><br>Jerry Lindsey, )<br><br>Defendant-Appellant. ) | Appeal from the CLERK OF THE CIRCUIT COURT<br>of Cook County, Illinois. CRIMINAL DIVISION<br><br>Indictment No. 92-25135.<br><br>Honorable<br>Shelvin Singer,<br>Judge Presiding. |

## MOTION FOR EXTENSION OF TIME TO FILE RECORD

Appellant, Jerry Lindsey, by Michael J. Pelletier, Deputy Defender, Office of the State Appellate Defender, respectfully requests an extension of time until November 19, 1995 in which to file Appellant's record.

In support of this motion Michael J. Pelletier states:

1.   Appellant was convicted of murder and was sentenced to a term of 45 years in the Illinois Department of Corrections on March 27, 1995 by the Honorable Shelvin Singer.

2.   Appellant is currently incarcerated.

3.   Notice of appeal was filed on April 5, 1995.

4.   The Office of the State Appellate Defender was appointed to represent Appellant on May 5, 1995.

5.   The report of proceedings was ordered on May 19, 1995.

6.   The Office of the State Appellate Defender has not yet received the common law record.

7.   The docketing statement was filed on May 25, 1995.

C98

8.   Appellant's record was due on June 7, 1995.  This Court has granted no previous extensions.

9.   Appellate counsel could not file Appellant's record by the above due date because it typically takes the Official Court Reporter's Office 5 months to transcribe the record, and it typically takes the Clerk of the Circuit Court an additional month to certify the record.

10.  The delay in the filing of the record is in no way the fault of Appellant, and Appellant should not be penalized for the lengthy delays in processing of appeals caused by the severely understaffed and overburdened court reporter's office and the circuit court clerk's office.

WHEREFORE, Appellant respectfully requests that the Court grant this motion, and allow him an extension of time to file the record on appeal until November 19, 1995.

Respectfully submitted,

*Michael J. Pelletier*

MICHAEL J. PELLETIER
Deputy Defender
Office of the State Appellate Defender
100 West Randolph Street - Suite 5-500
Chicago, Illinois  60601
(312) 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

C99

## AFFIDAVIT

STATE OF ILLINOIS )
                 ) SS
COUNTY OF COOK    )

**FILED**

JUN 2 0 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

      Michael J. Pelletier, being first duly sworn on oath, deposes and says that he read the foregoing Motion by his subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

MICHAEL J. PELLETIER
Deputy Defender

SUBSCRIBED AND SWORN TO BEFORE ME
on June 8, 1995.

NOTARY PUBLIC

OFFICIAL SEAL
CAROL M. CHATMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-30-95

C100

No. 95-1535

IN THE

APPELLATE COURT OF ILLINOIS

- FIRST DISTRICT

# FILED

JUN 2 0 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS,) | Appeal from the Circuit Court of Cook County, Illinois. |
| Plaintiff-Appellee, ) | |
| -vs- ) | Indictment No. 92-25135. |
| Jerry Lindsey, ) | Honorable |
| Defendant-Appellant. ) | Shelvin Singer, Judge Presiding. |

### ORDER

This matter coming to be heard on Appellant's motion, all parties having been duly notified, and the Court being advised in the premises,

IT IS HEREBY ORDERED:

That an extension of time in which to file Appellant's record until November 19, 1995 is allowed/denied.

_____
PRESIDING JUSTICE

_____
JUSTICE

_____
JUSTICE

DATE: _____

MICHAEL J. PELLETIER
Deputy Defender
Office of the State Appellate Defender
100 West Randolph Street - Suite 5-500
Chicago, Illinois  60601
(312 814-5472

COUNSEL FOR DEFENDANT-APPELLANT

C101

**STATE OF ILLINOIS** }
**COUNTY OF COOK** } ss

I, AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, in said County and State, and Keeper of the Records and Seal thereof, do hereby certify the above and foregoing to be a true, perfect and complete copy of A ONE VOLUME RECORD CONSISTING OF THE COMMON LAW RECORD AND EXHIBITS, NO PRAECIPE HAVING BEEN FILED IN THE APPELLATE COURT UNDER APPELLATE COURT NO, 95 1535 ...........................................................................................................................

..................................................................................................................................................................

..................................................................................................................................................................

............................................................................................

In a certain cause ....... LATELY ................................... pending in said Court, between The People of the State of Illinois ............ WERE ..............................., Plaintiffs and ........................... JERI LINDSEY ....................... WAS ........, Defendant. ...

Witness:  AURELIA PUCINSKI,

Clerk of the court, and the Seal thereof, at Chicago

In said County, .. SEPTEMBER .... 21 ....., 19 . 95.

.................. Aurelia Pucinski

**Clerk**

**AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

C102