IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.    )
JERRI ROBBIN LINDSEY #B49150,       )
                                    )
            Petitioner,             )
                                    )
    v.                              )    No.  07 C 6658
                                    )
WARDEN CAROLYN TRANCOSO,            )
                                    )
            Respondent.             )

MEMORANDUM ORDER

Jerri Robbin Lindsey ("Lindsey") has filed a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition"), challenging her 1995 conviction on charges of first degree murder and armed robbery, pursuant to which she is serving concurrent terms of 45 years' imprisonment.  Counsel for respondent Warden Carolyn Trancoso has earlier requested and received two extensions from the time that this Court had originally set for that purpose, and Warden Trancoso's Answer is now in hand--and it was worth the wait, because that 34-page response addresses all of the issues in careful detail.  Indeed, the nature and scope of the thoughtful Answer enables this Court to issue a short opinion that is, in substantial part, limited to an appropriate incorporation by reference of the Answer's analysis.

To begin with, the Answer's meticulous account of the trial (see Answer 13, copied from the decision of the Illinois

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Appellate Court on direct appeal) and of the extensive post-conviction proceedings (see Answer 1-10) is accepted--indeed, is adopted--by this Court. This opinion turns then to the relevant issues of law against that backdrop.

In that respect, the initial concern that this Court had expressed in its November 7, 2007 order as to the possible untimeliness of Lindsey's Petition has been eliminated by the information provided in the Answer as to several state court extensions, which operate to exclude time from the limitations calculation under Section 2244(d)(2). Because the Petition is thus timely, this opinion proceeds to the merits.

First, Lindsey's claim of an allegedly coerced confession was rejected by the Illinois Appellate Court on the merits. Answer 15-22 sets out in convincing detail why that ruling did not contravene either branch of Section 2244(d)(1)--it neither (1) resulted in a decision contrary to clearly established federal law as determined by the Supreme Court nor (2) involved an unreasonable application of such clearly established law. That claim is therefore rejected.

Next, Lindsey's Fourth Amendment claim[2] that her conviction was obtained by the use of evidence derived pursuant to an

---

[2] As is universally the practice today, this opinion cites to that Bill of Rights provision even though it would be more precise to refer to the Fourteenth Amendment, which has long since extended those Bill of Rights' protections to cover state actions.

unlawful arrest fails under the principle established three decades ago in Stone v. Powell, 428 U.S. 465, 482 (1976). Federal habeas relief is unavailable because "the State has provided an opportunity for full and fair litigation of [that] Fourth Amendment claim" (id.), a principle repeatedly applied in a host of cases since Stone (Answer 23 correctly cites Miranda v. Leibach, 394 F.3d 984, 997 (7th Cir. 2005) and other Seventh Circuit cases as examples). Answer 23-27 demonstrates the applicability of the Stone principle beyond dispute--indeed, it does so "fully and fairly" on its own. That claim too is rejected.

Lindsey's next contention comprises multifaceted assertions of the purported constitutional ineffectiveness of her trial counsel (as to which the seminal teaching is set out in Strickland v. Washington, 466 U.S. 668 (1984)). Answer 28-30 explains why all but one of those purported deficiencies run afoul of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules") and, even more tellingly, are procedurally defaulted under the caselaw exemplified by O'Sullivan v. Boerckel, 526 U.S. 838, 844-49 (1999). And as for the one argument that survives in Section 2254 Rule 2(c) terms, based on the contention that trial counsel was ineffective for having failed to call Jerry St. Clair as a witness, Answer 30-32 demonstrates conclusively that the argument

also founders on the shoals of Section 2254(d)(1) in <u>Strickland</u> terms.  That claim succumbs as well.

Finally, Lindsey's argument that no physical evidence connected her to the murder is wanting both because of procedural default under the <u>O'Sullivan</u> test and because it is lacking in merit in any event.  So the last of Lindsey's claims also meets defeat.

<u>Conclusion</u>

Based on the Petition and Answer (which in the latter respect includes the voluminous supporting exhibits tendered by Warden Trancoso's counsel), no evidentiary hearing is warranted (see Section 2254 Rule 8(a)).  That being so, "it clearly appears... that the petitioner is not entitled to relief in the district court" (cf. Section 2254 Rule 4), and this Court dismisses both the Petition and this action with prejudice.

                                    _____
                                    Milton I. Shadur
                                    Senior United States District Judge

Date:  March 4, 2008

4