

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, ex rel.
JERRI ROBBIN LINDSEY,

Petitioner,

v.

CAROLYN TRANCOSO
Warden, Lincoln Correctional Center,

Respondent.

FILED

MAR 3 1 2008
Mar 31, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

No. 07 C 6658

The Honorable
Milton I. Shadur,
Judge Presiding

Response To Federal Hab. Denial 07 2/29/2008

Petitioner, Jerri Lindsey is in agreement with Page 1

Petitioner is also in agreement with Page 2
Addressing a couple of things on page 2; I feel that my statements should have been suppressed. I didn't volunteer and go to the Police station. They came to me, telling me to hurry up and get dressed. I complied, cause I had nothing to hide.

①

Petitioner, Jerri Lindsey feels that she was the fruit of an illegal arrest, because why else would you ask for fingerprints and a photograph picture. They took a photograph picture of Petitioner and showed it to the state's witnesses Eisett and Hess thus tainting the line-up, cause the elderly couple had already seen a photo of Ms. Lindsey.

Petitioner's sixth Amendment was violated, cause Ms. Lindsey asked for an appointed attorney and the judge denied it, knowing that Ms. Lindsey's attorney wasn't in her best interest.

Petitioner, Jerri Lindsey is in agreement with Page 3. Addressing a couple of issues on page 3; I filed my Post-Conviction in March of 1997, not 1998. Ms. Lindsey feels that the evidence failed miserably in showing beyond reasonable doubt that she was the perpetrator of the offense, because if Petitioner hadn't signed a confession, they would have nothing, but an elderly couple in their seventies.

Petitioner, Jerri Lindsey is in agreement with Page 4 and 5.
   Addressing pages 4 and 5; Petitioner feels that her Post-Conviction shouldn't have been denied, because of the lack of responsibility her attorney showed. It was no fault of hers. Ms. Lindsey agrees that her attorney Mr. Haze had ample time to prepare for a good argument Petitioner feels she should have been appointed another attorney instead being denied.

Petitioner, Jerri Lindsey is in agreement with Page 6.
   Addressing page 6; Ms. Lindsey had to her attorney Mr. Black in depth on a court date and also wrote him and explained her side of the story, like he asked. Petitioner never stated that Mr. St. Clair was an alibi witness, cause he wasn't. Petitioner wasn't with Mr. St. Clair on Oct. 9, and she never said she was. Ms. Lindsey stated over and over again that she was w/ Mr. St. Clair Oct. 10 around 2:00 am to Oct. 11, til about 9 pm. Ms. Lindsey's Petition was denied yet again, cause

(2)

another attorney screwed up and it's unfair. You tell an attorney your side of the story and he prints and says what he wants.

Petitioner is in agreement with Page 7.

Petitioner is in agreement with Page 8.

Petitioner is in agreement with Page 9.

Petitioner is in agreement with Page 10.

Petitioner is in agreement with Pages 11 and 12.

Petitioner is in some agreement with Page 13.

Addressing a couple of issues on page 13; It's true that Mr. Eiselt and Ms. Hess testified about their encounter with a female said to be Petitioner, but is very untrue, cause it wasn't me. Both witnesses did identify Petitioner in court by pointing to her and not looking at her at all, but Petitioner was the only inmate present with her attorney at the attorney's table dressed in blue County jail attire.

ASA Nelson did testify regarding a conversation with defendant.

Petitioner states that before telling the final lie, she asked ASA Nelson would she believe her if she told her she didn't do it? ASA Nelson stated that Ms. Lindsey had told so many lies already. Petitioner states that she tried telling ASA Nelson that she didn't do it. Petitioner states when she found out that Oct 9th was important, she told the ASA the truth, that she was shopping with friends. Initially Ms. Lindsey thought Oct. 10 & 11 was the important day or days when she was with Mr. St. Clair. Ms. Lindsey states that she told ASA Nelson over and over again that she was with Irene shopping. ASA Nelson told Ms. Lindsey if you say it was Thursday you went shopping instead of Friday she would let me go home with Irene. Some how the tables turned and I ended up signing a confession. I had told so many stories, cause I actually didn't know what to say, cause I didn't do it so I took what the Police said and made up anything.

Petitioner is not in agreement with page 14, cause when I testified I never said I was confused, but tired yes. Tired of them accusing me of something I did not do.  ③

Petitioner is in agreement with Page 15.

Petitioner is not in agreement with Page 16. Ms. Lindsey agrees that the detectives did not threaten her, but they did tell her she could go home if she tell the truth, that she did it. Petitioner states that she never asked to speak with ASA Nelson, she came to her twice. Petitioner states that she told ASA Nelson repeatedly that the detectives badgered her unmercifully. Ms. Lindsey states that she even to ASA Nelson in front of the detectives and they became angry. I wasn't under the influence of drugs and alcohol when I was interrogated, but for some reason my vision was blurred. I believe it was from lack of sleep. When I signed the confession and made corrections, it was misspelled words. I was just trying to be funny, cause at that point, I didn't care anymore. When detectives Schalk and Bugacki and another detective came to my house, when we got in the car detective Schalk told Petitioner that they had a man in custody and he raped some girls and they wanted to know if Ms. Lindsey was one of them and would she be willing to take a photograph picture and be finger-printed to see if she was one of the girls in his cab.

Petitioner is not in total agreement with page 17. The initial lie that I told; I never stated that I walked to the hospital. Also, I don't understand why it was so hard to believe that I was coerced and badgered into a confession. Petitioner had been interrogated for two days. Police are well known for badgering people 'til they get a confession. Why is it so hard to believe that Ms. Lindsey was interrogated? Was it because she initially told a lie? After confronted about the murder she immediately told the truth, but no that wasn't good enough. They wanted blood. Instead of going out there investigating the murder thoroughly, they had a lady who filed a rape allegation, an easy prey.

Petitioner is not in full agreement with page 18. Petitioner agrees that the medication didn't make her sign the confession and she never said it did. The detectives made her sign the confession. I've always had a weak bladder still to this day. I did assume that the antibiotics had something to do with my excessive urinating. I was so dehydrated that I dranked a whole gallon of Hawaiian Punch and I know that contributed

Case 1:07-cv-06858 Document 24 Filed 03/31/2008 Page 5 of 9

to the frequent urination and I told the 02/31/2008 of course everything I said got twisted and turned around. ⑤

Petitioner does not have a comment for Pages 19, 20 and 21.

Petitioner is not in agreement with Page 22. Addressing an issue on page 22; Petitioner is just a mere inmate, first time offender, who had an attorney that didn't care anything about her case or her innocence, so why is it the defendant's fault when an attorney doesn't object to something? Petitioner felt that the trial court erred, because the judge knew how her attorney was. The judge berated Ms. Lindsey's attorney on more than one occasion, not to mention that Ms. Lindsey's statements were involuntary.

Petitioner does not fully understand page 23, but states that it was unbeknownst to her that the Unlawful Arrest wasn't cognizable on the grounds that it was raised in the State Court.

Petitioner is not in agreement with Page 24. Addressing some issues on page 24; The elderly couple Eiselt and Hess Stated that the female black that they shared said cab with was in her mid-twenties, 5'2" to 5'4", weighing about 130 or 140 lbs. with a chunky build. Ms. Lindsey was 30 years old, weighing 210 lbs., 5'4½" tall. Ms. Hess stated that the female black handed her a train schedule with her left hand. On Petitioner's left hand, between thumb and forefinger she has her initials J.R.L tattooed. Ms. Lindsey has a very prominent mole on her nose and wore a gold hoop earring in her nose.

Also, the detectives came to Petitioner's house on Oct. 14, actually demanding that she accompany them to the station to look at some photos, by telling her to hurry up and get dressed. The detectives never told Ms. Lindsey that they were investigating a homicide. While at the station, the detectives weren't talking to me while the photograph picture of me was being shown to Eiselt and Hess, I remained in a room by myself. Supposedly the photo was being shown to a cab driver in custody.

Petitioner does not have a comment for page 25.

I was never questioned at 11th State Police Station. I was just kept in a room by myself waiting on them to do whatever and this is addressing page 26.

Petitioner is not in agreement with page 26. Addressing some issues
on page 26; First of all how can anyone say what an innocent person
would or would not do, unless you're innocent. I am an innocent person
and I didn't feel I was free to go. Yes, I agreed to the photo and
finger printing, cause I had nothing to hide. Please don't tell me
what I felt on that day and the days to follow. The detectives came
to my house and they lied to me and that made my arrest unlawful.
I was scared. I was accused of murder and I did not do it. The
detectives didn't say I was free to go either. What makes what they
did right? They did not have probable cause to arrest me. They went
on an elderly couples word. One of my witnesses was in her seventies.
Why wasn't her testimony credible and theirs was?

Petitioner has no comment for page 27.                                    ⑥

Petitioner is not in agreement with Page 28. Petitioner feels she
argued in depth about her attorney's ineffectiveness, to the best
of her ability.

Petitioner is addressing issues on page 29. My character witnesses
would have been my best friend at the time, Freddrika Davis, my friends
Judy Bazaan and Raul. I can't think of Raul's last name now. I had another
character witness but I can't remember who it was now. As to what the
character witnesses would have said, I can't answer that, cause I really
don't know what they would have said in my behalf. I stated that
my attorney didn't subpoena video tapes from Ventures, Walgreens
and Shakey's. These are places I attended on Oct. 9, between 10am
to 1pm and then again at about 3:00 pm to 4:30 pm. He could have
subpoenaed tapes from the gambling casino in Joliet and it wouldn't
have shown me there and tapes from O'Hare Airport. Seeing that the
detectives claim they had me on tape at these places, but I knew they
were lying cause I wasn't there. If he would have subpoenaed the
tapes from Ventures, Walgreens and Shakeys, the tapes would have shown
me there. My attorney didn't call Jerry St. Clair. Jerry St. Clair would
have testified that he told me not to tell the lie about me being raped.
I made the lie up at his house. Paul Quiroz wasn't called. He would
have testified that he saw me at my house between 4:30 and 5 pm

hanging, hallway to the front window. Petitioner has 30 days in which to appeal this petition, thus not giving her sufficient time to get dates on when her trial counsel was late for court and times he was a no show. Petitioner's transcripts is about ten novels. When petitioner said he was late every court appearance with the exception of twice, she wasn't exaggerating and that should have said enough. Phone calls may not be important to you, but to someone like me, fighting for my life, I should have been able to reach him from time to time. As far as the weight is concern, that is very important seeing that the witnesses had a weight for the female who shared said cab with them. Petitioner states that she argued all these points on the state level to the best of her ability and knowledge. If they weren't argued it's not Petitioner's fault, cause everything I stated in this petition, I told to my attorney's prior to this petition, but yet again they did what they wanted and here I sit due to lack of representation.

Petitioner has no comment for page 30.

Petitioner is not in agreement with page 31. Addressing the issue on Jerry St.Clair; Jerry's brother Jack would not and did not say what Jerry would have testified to. Petitioner never stated that Jerry or Jack St.Clair was her alibi witnesses. Actually Jack St.Clair shouldn't have been called, but my attorney insisted for whatever reason.

Petitioner addresses page 32 as being unfair, cause it is obvious that she wasn't convicted on physical evidence and should not be blamed for the attorneys not arguing for her, cause she did bring it to their attention.

Petitioner is not in agreement with page 33. Addressing the issues on DNA and Ballistics. Petitioner is an inmate and is oblivious on what issues to raise on appeal. Some issues can be raised and if that was raised it can't be brought up again, but how is it the men get reprieves on DNA and females don't. The elderly couple last saw the female with the cabdriver before he was killed, but no one saw the

(7)

female kill Mr. Bennett and how is the elderly couples description of me superb or as good as any. A blind man could see that they weren't describing me. I only confessed to killing Mr. Bennett, because I already thought I was going to jail. I was so tired of them telling me I killed him and me saying I didn't. It was a no win situation. I was mentally and emotionally drained. I couldn't believe I was going to jail for a lie. I know initially I told that lie about being raped. I explained why. It doesn't make me a murderer. The courts never give women a chance, They always set the man free to rape and kill again. Two women were exonerated on clemency in 2003. How many men since then. I've fought for my life and innocence since 1992. I've never had a good attorney fighting for me except Patricia A. Wrona. I've exhausted all my appeals and I have six years left. I'm still fighting, cause I did not do it. I am asking this court to please give me a chance in court to prove my innocence.

Respectfully Submitted

*Jerri Robbin Lindsey*

Jerri Robbin Lindsey
B-49150
Lincoln Correctional Center
P.O. Box 549
Lincoln, IL. 62656

⑧

IN THE

*United States District Court*
*Northern District - Eastern Division*
*Illinois*

Jerri Robbin Lindsey
_____
Plaintiff,

v.

Warden Carolyn Transoso
_____
Defendant

) 
)
)
)  Case No. 07 C 6658
)
)
)
)

## PROOF/CERTIFICATE OF SERVICE

TO: Judge Milton I. Shadur
Clerk of the U.S. District Court
219 South Dearborn Street
Chicago, IL 60604

TO: ERIC M. LEVIN Asst. Atty Gen.
100 West Randolph St. 12th Floor
Chicago, IL 60601-3218

PLEASE TAKE NOTICE that on MARCH 21, 2008, I have placed the documents listed below in the institutional mail at LINCOLN Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: (1) original & (1) copy

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: MARCH 21, 2008

/s/ Jerri R. Lindsey
NAME: JERRI ROBBIN LINDSAY
IDOC#: B49150
LINCOLN Correctional Center
P.O. BOX 549
LINCOLN, IL 62656

Revised Jan 2002